UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-CR-10194-RCL

UNITED STATES

v.

ANTHONY BUCCI

### ORDER ON RELEASE

ALEXANDER, M.J.

The defendant, ANTHONY BUCCI ("Mr. Bucci"), appeared before this Court on May 25, 2004 and May 28, 2004 for a probable cause and detention hearing pursuant to a complaint charging him in violation of 21 U.S.C. § 846 (unlawfully, knowingly, and intentionally conspiring to possess with intent to distribute over 500 grams of cocaine, a schedule II controlled substance). At the hearing, the government was represented by Assistant United States Attorney John J. Farley and the defendant was represented by Attorney Robert D. Lewin.

After considering the testimony and proffers at the detention hearing, including the credible testimony of Trooper Kevin O'Neil of the Massachusetts State Police, the Court concluded that there was probable cause to believe that the defendant committed the offenses with which he is charged. On June 30, 2004, this Court, in addition, concluded by a preponderance of the evidence that Mr. Bucci posed a serious risk of flight and by clear and convincing evidence that he posed a danger to the community that cannot be

vitiated by any condition or combination of conditions of release, and thereby ordered Mr. Bucci detained pending trial. Subsequently, he was indicted by a grand jury on July 6, 2004 for: (Count 1) 21 U.S.C. § 846 – Conspiracy to Distribute, and to Possess with Intent to Distribute, Cocaine; (Count 2) 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute; 18 U.S.C. § 2, Aiding and Abetting; (Count 3) 18 U.S.C. § 924(c)(1)(A) – Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 2, Aiding and Abetting; 21 U.S.C. § 841(a)(1) – Possession of Cocaine with Intent to Distribute; 21 U.S.C. § 853(a) – Criminal Forfeiture.

On July 20, 2004, Mr. Bucci, now represented by Attorney Barry P. Wilson, filed a motion for reconsideration of detention. Following hearing on July 22, 2004, the Court is persuaded that ANTHONY BUCCI may be released pending trial on or about August 19, 2004, subject to the following stringent conditions:

1. The defendant is released to the custody of his mother, Rosemarie Keefe, and must maintain residence at 500 Salem Street, Apartment #607, Medford, Massachusetts, not to move or leave that residence without the express prior permission of the Court which shall only be granted upon prior notice to the Pre-Trial Services Office of the District Court ("PSO");

2. The defendant is required to submit to electronic monitoring;

3. The defendant is to have no contact with any persons, direct or indirect, besides his immediate family without the express permission of the Court which shall only be granted upon prior notice to the PSO;

4. The defendant is to post a bond in the amount of $325,000 secured by the property located at 500 Salem Street, Apartment #607, Medford, Massachusetts ($300,000), and 6 Maple Road, North Reading, Massachusetts ($25,000);

5. The defendant is to participate in a program of substance (alcohol and drug related) abuse therapy and counseling, inpatient or outpatient, as directed by PSO;

6. The defendant is to undergo psychiatric counseling, inpatient or outpatient, depending on the recommendation of the PSO;

7. The defendant is not to obtain a passport;

8. The defendant is to possess no firearms, weapons, or controlled substances, as defined in 21 U.S.C. § 802;

9. The defendant is to report by telephone to the PSO each Monday, Wednesday and Friday by 12:00 PM;

10. The defendant is to surrender any license to carry firearms and surrender all firearms to the local police department, forthwith;

11. The defendant is to refrain from any use of alcohol;

12. The defendant is to submit to any method of testing required by the PSO for determining whether the defendant is using a prohibited substance and such methods may be used with random frequency and include urine testing, the wearing of a "sweat patch," a remote testing system, and/or any form of prohibited substance screening or testing;

13. The defendant is to refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release;

14. The defendant is to have no contact, direct or indirect, with the co-defendants, witnesses, or victims alleged or named in the indictment;

15. The defendant is to report immediately to the PSO or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop;

16. The defendant must not violate any local, state or federal laws; on the occasion of such a violation, the defendant must notify PSO within 24 hours;

17. Any and all such other conditions as the Court may determine to be appropriate.

SO ORDERED.

<u>August 6, 2004</u>                                               <u>/S/ Joyce London Alexander</u>
                                                               United States Magistrate Judge