UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10194-RCL |
| | ) | |
| **ANTHONY BUCCI** | ) | |

**Government's Opposition to Defendant's Motion to Amend Pretrial Conditions**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to defendant's motion to amend his conditions of pretrial release. After finding by clear and convincing evidence that the defendant posed a risk to the community and should be detained pending trial [Detention Order (June 30, 2004) D.33], over the government's objection the Court subsequently released the defendant on stringent conditions. [Order Setting Conditions of Release (8/7/04), D.47]. Because of the substantial risks posed by the defendant to others – including his history of violent conduct, and at least one threat of a physical assault – the Court mandated that he have "no contact with any person, direct or indirect, besides his immediate family without prior permission of the Court . . ." Id. This condition was designed to ensure that the defendant have no direct or indirect contact with witnesses in this case, and that he not engage in illegal conduct while he is on pretrial release. The only non-family contact he is permitted is with his attorney, Mr. Wilson, who as an officer of the Court, has direct obligations to this Court independent of his representation of the defendant.

The defendant requests to have independent contact with Mr. Terrence McDonough, an individual who has been hired to assist in his defense. Nothing has been submitted to indicate

Mr. McDonough's qualifications, veracity, or reliability.[1]  Mr. McDonough is not bound by any specific obligation to this Court – as is Mr. Wilson – and there is no assurance that the defendant would not attempt to use Mr. McDonough (wittingly or unwittingly) to further objectives which would violate the terms of his pretrial release.

Given the Court's initial findings regarding the danger posed by the defendant, and its subsequent reluctance to release the defendant except on stringent terms, no changes to the conditions should be made without a substantial showing by the defendant.  However, the defendant cites no reason other than that it will be "costly and unproductive" for counsel to be present during meetings between the defendant and Mr. McDonough.  This, without more, is insufficient in light of the Court's concern regarding the defendant's risk to the community.  Moreover, the defendant does not cite any changed conditions since the time of his pretrial release to justify an amendment.  Therefore, there is no appropriate basis for reopening his terms of release.

For the forgoing reasons, the government respectfully requests that the Court deny the defendant's motion to amend his terms of pretrial release.

                                                 Respectfully submitted,

                                                 MICHAEL J. SULLIVAN
                                                 United States Attorney

Date: September 24, 2004                      By: _/s/ John T. McNeil___
                                                 JOHN T. MCNEIL
                                                 Assistant U.S. Attorney

---

[1]  A copy of Mr. McDonough's criminal history is being submitted under seal.