# UNITED STATES DISTRICT COURT

                                                        District of            MASSACHUSETTS

United States of America

V.                                              **ORDER SETTING CONDITIONS
                                                 OF RELEASE**

ANTHONY BUCci                                    Case Number:   CR04-10194 RCL
       Defendant

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing before any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall appear at (if blank, to be notified)  _____AS ORDERED BY THE COURT_____
                                                                                                                  Place

_____ on _____
                                                                                 Date and Time

**Release on Personal Recognizance or Unsecured Bond**

IT IS FURTHER ORDERED that the defendant be released provided that:

( ✔ ) (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( X )  The defendant executes an unsecured bond binding the defendant to pay the United States the
        THREE HUNDRED AND FIFTY THOUSAND---00/100 (SECURED          dollars ($ 325,000.00        )
        in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL    SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Additional Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.

IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( X ) (6) The defendant is placed in the custody of:
   (Name of person or organization) _____
   (Address) 500 Salem Street, Apartment 607
   (City and state) Medford, MA 02155    (Tel. No.) 781-391-3577

who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _Rosemarie K. Keefe_    8-26-04
   Custodian or Proxy    Date

( X ) (7) The defendant shall:
   ( ) (a) report to the _____,
      telephone number _____, not later _____.
   ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
      _____
   ( ) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described
      _____
   ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____.
   ( ) (e) maintain or actively seek employment.
   ( ) (f) maintain or commence an education program.
   ( ) (g) surrender any passport to: _____
   ( ) (h) obtain no passport.
   ( ) (i) abide by the following restrictions on personal association, place of abode, or travel:
      _____
   ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: _____
   ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution as follows: _____
   ( ) (l) return to custody each (week) day as of _____ o'clock after being released each (week) day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
      _____
   ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
   ( ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
   ( ) (o) refrain from ( ) any ( ) excessive use of alcohol.
   ( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
   ( ) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing.
   ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services office or supervising officer.
   ( ) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release.
   ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other location verification system. You shall pay all or part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
      ( ) (i) **Curfew.** You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
      ( ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial services office or supervising officer; or
      ( ) (iii) **Home Incarceration.** You are restricted to your residence at all times except for medical needs or treatment, religious services, and court appearances pre-approved by the pretrial services office or supervising officer.
   ( ) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
   ( X ) (v) NOT TO VIOLATE ANY LOCAL, STATE OR FEDERAL LAWS;
      NOTIFY PRETRIAL SERVICES WITHIN 24 HOURS OF ANY NEW ARREST
   ( X ) (w) (SEE ATTACHED AMENDED RELEASE ORDER FOR ADDITIONAL CONDITIONS)
   ( X ) (x) _____

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICES    U.S. ATTORNEY    U.S. MARSHAL

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to 10 years of imprisonment, and a $250,000 fine or both to obstruct a criminal investigation. It is a crime punishable by up to ten years of imprisonment, and a $250,000 fine or both to tamper with a witness, victim or informant; to retaliate or attempt to retaliate against a witness, victim or informant; or to intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

500 Salem Street, Apt. #607
Address

Medford, MA  02155                    781-391-3577
City and State                         Telephone

## Directions to United States Marshal

( X ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date:  _____8-26-04_____              _____
                                              Signature of Judicial Officer

                                              REX BROWN, COURTROOM CLERK
                                              Name and Title of Judicial Officer

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 2004-CR-10194-RCL

UNITED STATES

v.

ANTHONY BUCCI

**AMENDED ORDER ON RELEASE**

ALEXANDER, M.J.

The defendant, ANTHONY BUCCI ("Mr. Bucci"), appeared before this Court on May 25, 2004 and May 28, 2004 for a probable cause and detention hearing pursuant to a complaint charging him in violation of 21 U.S.C. § 846 (unlawfully, knowingly, and intentionally conspiring to possess with intent to distribute over 500 grams of cocaine, a schedule II controlled substance). At the hearing, the government was represented by Assistant United States Attorney John J. Farley and the defendant was represented by Attorney Robert D. Lewin.

After considering the testimony and proffers at the detention hearing, including the credible testimony of Trooper Kevin O'Neil of the Massachusetts State Police, the Court concluded that there was probable cause to believe that the defendant committed the offenses with which he is charged. On June 30, 2004, this Court, in addition, concluded by a preponderance of the evidence that Mr. Bucci posed a serious risk of flight and by clear and convincing evidence that he posed a danger to the community that cannot be

vitiated by any condition or combination of conditions of release, and thereby ordered Mr. Bucci detained pending trial. Subsequently, he was indicted by a grand jury on July 6, 2004 for: (Count 1) 21 U.S.C. § 846 – Conspiracy to Distribute, and to Possess with Intent to Distribute, Cocaine; (Count 2) 21 U.S.C. § 841(a)(1), Possession of Cocaine with Intent to Distribute; 18 U.S.C. § 2, Aiding and Abetting; (Count 3) 18 U.S.C. § 924(c)(1)(A) – Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 2, Aiding and Abetting; 21 U.S.C. § 841(a)(1) – Possession of Cocaine with Intent to Distribute; 21 U.S.C. § 853(a) – Criminal Forfeiture.

On July 20, 2004, Mr. Bucci, now represented by Attorney Barry P. Wilson, filed a motion for reconsideration of detention. Following hearing on July 22, 2004, the Court is persuaded that ANTHONY BUCCI may be released pending trial on or about August 19, 2004, subject to the following stringent conditions:

1. The defendant is released to the custody of his mother, Rosemarie Keefe, and must maintain residence at 500 Salem Street, Apartment #607, Medford, Massachusetts, not to move or leave that residence without the express prior permission of the Court which shall only be granted upon prior notice to the Pre-Trial Services Office of the District Court ("PSO");

2. The defendant is required to submit to electronic monitoring;

3. The defendant is to have no contact with any persons, direct or indirect, besides his immediate family without the express permission of the Court which shall only be granted upon prior notice to the PSO;

4. The defendant is to post a bond in the amount of $325,000 secured by the property located at 500 Salem Street, Apartment #607, Medford, Massachusetts

($300,000), and 6 Maple Road, North Reading, Massachusetts ($25,000);

5. The defendant is to participate in a program of substance (alcohol and drug related) abuse therapy and counseling, inpatient or outpatient, as directed by PSO;

6. The defendant is to undergo psychiatric counseling, inpatient or outpatient, depending on the recommendation of the PSO;

7. The defendant is not to obtain a passport;

8. The defendant is to possess no firearms, weapons, or controlled substances, as defined in 21 U.S.C. § 802;

9. **OMITTED**;

10. The defendant is to surrender any license to carry firearms and surrender all firearms to the local police department, forthwith;

11. The defendant is to refrain from any **excessive** use of alcohol;

12. The defendant is to submit to any method of testing required by the PSO for determining whether the defendant is using a prohibited substance and such methods may be used with random frequency and include urine testing, the wearing of a "sweat patch," a remote testing system, and/or any form of prohibited substance screening or testing;

13. The defendant is to refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or electronic monitoring which is (are) required as a condition(s) of release;

14. The defendant is to have no contact, direct or indirect, with the co-defendants, witnesses, or victims alleged or named in the indictment;

15. The defendant is to report immediately to the PSO or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop;

16. The defendant must not violate any local, state or federal laws; on the occasion of such a violation, the defendant must notify PSO within 24 hours;

17. Any and all such other conditions as the Court may determine to be appropriate.

SO ORDERED.

August 26, 2004                                           /S/ Joyce London Alexander
                                                          United States Magistrate Judge

4