UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.   )   CRIMINAL NO. 04-10194-RCL<br>)<br>ANTHONY BUCCI )   | |

### Government's Supplemental Opposition to Defendant's Motion to Amend Pretrial Conditions

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this supplemental opposition to defendant's motion to amend his conditions of pretrial release (Docket No. 67). As noted at the hearing on October 20, 2004, the defendant has failed to provide the Court with new, material information which permits the Court to reopen the defendant's terms of release. The relevant section, 18 U.S.C. §3142(f), only permits the Court to reopen a bail hearing, "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required the safety of any person and the community." See 18 U.S.C. §3142(f); United States v. Cisneros, 328 F.3d 610, 614 (10th Cir. 2003)(party must present evidence which "constitu[es] new, material information . . . before a detention hearing can be reopened"); United States v. Dillon, 938 F.2d 1412, 1415 (1st Cir. 1991)(upholding district court's determination not to reopen bail hearing when defendant failed to provide new, material evidence); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989)(to reopen a bail hearing, judicial officer must find that "information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue"). The defendant has

proffered nothing new and nothing material to the issue of his pretrial release to permit the reopening of this issue.

In addition, since the hearing on this matter, the government has learned that Mr. McDonough has communicated on three separate occasions with a witness in this case while that witness was represented by counsel without first seeking permission from counsel. See Exhibit 1. This occurred most recently during the week of October 12, 2004. On each occasion Mr. McDonough has approached this witness in person at the witness's home. Id. On each occasion, the witness told Mr. McDonough that he did not wish to speak with him. Id. Moreover, while Mr. McDonough should have known that the witness was represented since an attorney had entered his appearance in May 2004, at a minimum it was clear to him after his first visit to the witness's home that the witness was represented by counsel.

Since Mr. McDonough indicated that he was working for Mr. Bucci's attorney, Mr. McDonough's repeated approaches to this witness without first contacting the witness's attorney is plainly inconsistent with the Massachusetts Rules of Professional Conduct 4.2 (Communications with Persons Represented by Counsel) and 5.3 (Responsibilities Regarding Non-Lawyer Assistants).[1] Moreover, given that the witness had twice before rejected Mr. McDonough's overtures, his third and most recent approach, combined with his earlier threat that "he was going to investigate [the witness] thoroughly," raises the specter of witness intimidation. Id.

---

[1] The government makes no claim at this time that counsel to Mr. Bucci has violated his ethical obligations through Mr. McDonough's conduct. The government's sole point is to demonstrate that Mr. McDonough is an inappropriate candidate to be entrusted to comply with the strict terms of pretrial release imposed by the Court on Mr. Bucci.

Thus, not only has the defendant failed to demonstrate that Mr. McDonough is an appropriate candidate to be entrusted by the Court[2], but Mr. McDonough's conduct to date reveals that he is a particularly inappropriate candidate. As demonstrated by Exhibit 1, his activities in this case are inconsistent with the rules designed to protect a individual's right to counsel.

Finally, in speaking with the Pretrial Services officer regarding the defendant's proposal that an investigator, rather than an attorney, accompany him outside his home for purposes of preparing for trial, the Pretrial Services officer indicated that he was not aware of any session of the Court permitting such an arrangement in any prior case. There is no pressing reason why the Court should depart from this established practice in this case.

In short, given that the defendant has produced no new, material evidence which justifies reopening the terms of his release, has produced nothing to assure the Court that Mr. McDonough is a person upon whom the Court can rely to effectuate the terms of his release, and that Mr. McDonough has already conducted himself in a manner inconsistent with applicable rules related to represented persons, the Court should deny the defendant's motion without further hearing.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: October 28, 2004

By: /s/ *John T. McNeil*
JOHN T. MCNEIL
Assistant U.S. Attorney

---

[2] Neither the Court nor the government has been provided the most basic information regarding Mr. McDonough's qualifications – a copy of his license.