UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| ANTHONY BUCCI ) | |

**Government's Supplemental Opposition to Defendant Bucci's Second Motion to Amend Pretrial Conditions**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this supplemental opposition to Defendant Bucci's second motion to amend his conditions of pretrial release (Docket No. 73). Since the government's initial filing in opposition to Bucci's second motion to amend pretrial conditions, the government has conducted further investigation to determine whether the voice on the telephone call on December 24, 2003, was Bucci's voice. While the recipient of the telephone call, the individual identified in prior sealed filings as "CW2," continues to believe that the voice on the call is that of Bucci[1], the government is prepared to present evidence that the call was placed by an associate of Bucci's (herein referred to as "CW3") at Bucci's request. The government will argue from this evidence that Bucci suspected that CW2's telephone was being recorded by law enforcement officers at the time of the call, and that he employed this tactic to avoid law enforcement officers capturing his voice on the recording. This evidence reveals not

---

[1] CW2's mistaken identification of Bucci's voice on the telephone is understandable since he had only spoken to the true Bucci on the telephone once, and only for a brief period of time. This telephone call was conducted on a phone owned by CW1, and at the time Bucci had no reason to suspect that CW1's telephone was tapped by law enforcement. As noted below, subsequent to this first telephone call with the true Bucci, CW2 spoke for extended periods on the telephone with CW3 posing as Bucci.

only Bucci's consciousness of guilt, but his sophistication in engaging in criminal conduct.

On or about December 7, 2004, the December 24th call was played to the individual identified in earlier sealed pleadings as "CW1." CW1, a longtime close associate of Bucci, identified the voice as that of CW3, another close associate of Bucci. On or about December 8, 2004, law enforcement officers located and interviewed CW3. CW3 was played a recording of the December 24th call, as well as other related calls placed from Bucci's telephone to CW2. CW3 indicated that he placed the December 24th call, and several subsequent calls, to CW2 and posed as "Gino," the alias Bucci had used in his prior narcotics dealings with CW2. CW3 placed the calls and posed as "Gino" at the express direction of Bucci, on Bucci's telephone, and in the presence of Bucci. Moreover, in calls subsequent to the December 24th call, CW3 is repeatedly heard asking CW2 to switch to another telephone. On at least one of those telephone calls, a voice can be heard in the background giving CW3 direction as to what to communicate to CW2. It can be inferred from these calls and CW3's admissions, that Bucci had suspicions that CW2's telephone was being recorded by law enforcement officers and that he wished to avoid having his voice recorded.

For the foregoing reasons, and those submitted in the government's prior opposition, the government respectfully requests that the Court deny Bucci's motion to amend his conditions of pretrial release.

                                               Respectfully submitted,

                                               MICHAEL J. SULLIVAN
                                               United States Attorney

Date: December 10, 2004                    By: /S/ *John T. McNeil*
                                               JOHN T. MCNEIL
                                               Assistant U.S. Attorney