UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )  )  v. )  ) ANTHONY BUCCI ) | CRIMINAL NO. 04-10194-RCL |

**Government's Opposition to Defendant Bucci's Third Motion to
Amend Pretrial Conditions**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to Defendant Bucci's third motion to amend his conditions of pretrial release (Docket No. 92). Defendant Bucci requests permission to be out of the residence to which he is restricted on electronic monitoring for 9.5 hours on December 25, 2004. The Court should deny this motion for the reasons outlined in the government's prior oppositions to the defendant's motions to amend his conditions: he has failed to demonstrate a material change is circumstances, and, more importantly, he poses a substantial risk to the community and to a government cooperating witness if he were to be released for the requested period.

Bucci has already demonstrated to this Court an inability to comply with temporary release from electronic monitoring for purposes of attending a family gathering. While on electronic monitoring during the pretrial phase of his prior narcotics case, Bucci moved for temporary relief from monitoring to attend a 25th wedding anniversary party. See United States v. Bucci, Crim. No. 97-10269-PBS, Doc.No.19. The Court, Bowler, M.J., granted that motion, permitting Bucci to leave the home to which he was restricted from 8 p.m. to 2:00 a.m. on October 18, 1997. Bucci failed to return to his home by 2:00 a.m., as required by the

order.[1]  He was violated by the Court, and detained pending trial. Id. at D20.[2]

The government also notes that the core offense in this case – including Bucci's involvement in the armed theft of over $80,000 in cocaine in a hospital parking lot – was committed on Christmas Eve 2003.  The adage that "crime takes no holiday," has particular relevance to this defendant.

Finally, Bucci does not claim that he cannot meet with his family on December 25th at the home to which he is confined.  In fact, he proffers no reason why he cannot celebrate the holiday in his mother's home.  Since Bucci has failed to establish any reason – much less a compelling reason – why his current circumstances prevent him from celebrating the holiday, the Court should reject his motion.

For the foregoing reasons, and those submitted in the government's prior oppositions to Bucci's motions to amend his terms of pretrial release, the government respectfully requests that the Court deny Bucci's motion.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

Date: December 17, 2004                    By: /s/ *John T. McNeil*
                                                JOHN T. MCNEIL
                                                Assistant U.S. Attorney

---

[1]  The Presentence Report for that case indicates that Bucci did not return until 3:27 a.m. on October 19, 1997.  It does not reveal if there were other violations as well.  Nonetheless, the Court found the violation sufficient to detain Bucci.

[2]  As the Court is aware, Bucci was ultimately convicted of narcotics offenses in that case and was sentenced to 41 months incarceration.