UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. 04-10194-RCL |
| | ) | |
| **ANTHONY BUCCI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JOINT MOTION FOR PROTECTIVE ORDER

The United States of America, by and through Assistant United States Attorney John T. McNeil, and the defendants ANTHONY BUCCI, DAVID JORDAN, AND FRANCIS MUOLO, by and through their respective counsel, move that the Court issue a Protective Order in the form attached hereto restricting dissemination of certain discovery material. As grounds for this motion, the government states the following:

In order to avoid any delay in the commencement of the trial and to assist defense counsel in their evaluation of the evidence and preparation for trial, the government is prepared to make the early disclosure of certain grand jury transcripts, reports of interview, and other material concerning several cooperating witnesses. Under the applicable Local Rules, the material to be disclosed is not required to be disclosed until 21 days before trial, or in the case of Jencks material, until the close of each witness's testimony. The government has yet to determine which of the cooperating witnesses it will call in this case, and will not do so until several weeks before trial. Therefore, the disclosure of some of this material may not be required by law at any point in time. In addition, because cooperating witnesses are especially vulnerable to intimidation, retaliation and other attempts to discourage or tamper with testimony, the government is willing to make disclosures of such material in advance of its obligations under law, only if a protective order such as that attached to this motion has been entered by the Court.

The proposed order prohibits the unauthorized dissemination of the material which is to be provided by the government. During a period from the date of disclosure until 21 days before

trial, dissemination of the material is limited to defense counsel and those individuals working directly with counsel (including other attorneys and other law firm employees).  After 21 days before trial, the material may be disclosed to the defendants and any private investigators and experts hired for purposes of defending this case.  The proposed order prohibits the disclosure or dissemination of the material to any person other than those working directly on the defense of this case, and prohibits the use of the material for any purpose other than the defense of this case.  The proposed order also prohibits the defendants from contacting cooperating witnesses and other persons identified in the disclosed materials, as is generally provided in the Court's orders on pretrial release.

       Accordingly, the parties respectfully requests that the Court issue an Order in the form attached.

Respectfully Submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:  /s/ John T. McNeil
JOHN T. McNEIL
Assistant U.S. Attorney
(617) 748-3252

/s/ M.F. Natola
MICHAEL NATOLA
Counsel for Defendant BUCCI

/s/ Thomas Drechsler
THOMAS DRECHSLER
Counsel for Defendant JORDAN

/s/ Kevin L. Barron
KEVIN L. BARRON
Counsel for Defendant MUOLO

Dated: January 18, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>v.   )<br>)<br>**ANTHONY BUCCI, et al.,** )<br>)<br>**Defendants.** ) | Criminal No. 04-10194-RCL |

PROTECTIVE ORDER

Motion having been made by the parties for a protective order restricting the disclosure and dissemination of certain discovery material to be voluntarily provided by the government to defense counsel in advance of its obligations under law, it is hereby ORDERED as follows:

1.	With respect to all materials voluntarily disclosed by the government under this order, until 21 days before trial, access to such materials and information contained therein shall be limited to defense counsel of record in this case, and members of counsels' offices who are directly engaged in assisting the defense of this case (defined to include partners, associates, and employees of defense counsels' law firms). On the 21st day before trial and thereafter, the materials may be further disclosed to the defendants and any other person retained by defense counsel for assistance in defending this case (defined to include private investigators and experts).

2.	The defendants shall have no contact, direct or indirect, with persons named in the material disclosed under this Order. However, this prohibition shall not prevent contact by counsel, or persons retained by counsel, with such persons for purposes of defending this case, provided such contact is not otherwise prohibited by law or applicable ethical rules.

3.	Materials disclosed by the government under this order shall be used solely in connection with defending this case. Neither the defendants nor their counsel, nor any person assisting in the defense of this case, shall disseminate the material, or any information contained therein, to any other person.

        4.        Each person receiving material disclosed under this Order, shall indicate their acknowledgment of the terms of this Order and their agreement to comply with its terms, by signing a copy of this Order and filing such copies with the Court under seal.  For good cause shown, such executed copies may be filed *ex parte*.  Counsel for the defendants shall fully explain the terms of this Order to the defendants and other persons assisting in the defense of this case before obtaining such signatures and making disclosure of the material.

        5.        This Order shall take effect only after acknowledged and countersigned copies of this Order have been filed with the Court by counsel for each defendant.

_____
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE

Dated: