UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| ) | |
| v. ) | No. 04-cr-10194-RCL |
| ) | |
| ) | |
| ANTHONY BUCCI ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR RELIEF FROM PREJUDICIAL JOINDER

**Background**

The defendant, Anthony Bucci, is charged in the above-referenced indictment, together with David Jordan and Francis Muolo, with conspiracy to distribute and to possess with intent to distribute cocaine, possession of cocaine with intent to distribute, and using or carrying a firearm during and in relation to a drug trafficking crime and possession of a firearm in furtherance of a drug trafficking crime. The offenses arose out of an alleged plot to steal three kilograms from one Carlos Ruiz on December 24, 2003. The mastermind of the plot was Jon Minotti, who is cooperating with the government, and is not a defendant in this case. The defendant, Bucci, has filed a Motion for Relief from Prejudicial Joinder, seeking a severance of defendants, pursuant to Fed. R. Crim. P., Rule 14(a), on the grounds that the government shall attempt to introduce evidence at trial of post-conspiracy statements of the codefendants that will not be admissible at a joint trial with the defendant under the principles of *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

**Legal Standards**

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged together "if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or

1

offenses." Rule 14 of the Criminal Rules, in turn, permits a district court to grant a severance of defendants if "it appears that a defendant or the government is prejudiced by a joinder." *Zafiro v. United States,* 506 U.S. 534, 535, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993). "The Court 'should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants . . .' " *United States v. Copeland,* 336 F.Supp. 2d 223, 224 (E.D. N.Y. 2004), (citing *Zafiro, supra,* at 539).

In *Bruton v. United States, supra,* the Supreme Court held that because of the substantial risk that a jury, despite contrary instructions, will look to a codefendant's incriminating extrajudicial statement in determining a defendant's guilt, admission of the codefendant's statement in a joint trial violates the defendant's right of cross-examination under the Confrontation Clause of the Sixth Amendment. *Id.* at 126. In *Richardson v. Marsh,* 481 U.S. 200, 208, 107 S.Ct. 1702, 1707-08, 95 L.Ed.2d 176 (1987), the Supreme Court emphasized that *Bruton* error occurs where the codefendant's statement " 'expressly implicate[s]' " the defendant, leaving no doubt that it would prove " 'powerfully incriminating' " (quoting *Bruton*, 391 U.S. 124 n.1). In *United States v. Limberoupoulos,* 26 F.3d 245 (1st Cir. 1994), the First Circuit recognized that *Bruton* protects against the "powerfully incriminating effect of [a nontestifying] accomplice pointing the finger directly at another." *Id.* at 253. See also *United States v. Smith,* 46 F.3d 1223, 1227-28 (1st Cir. 1995).

**Argument**

Discovery provided in this case has revealed that the government is in possession of and intends to introduce into evidence at trial post-conspiracy, extrajudicial statements of both codefendants, Jordan and Muolo, that directly implicate Bucci in the crimes charged in the indictment.

A DEA-6 authored by TFA Jaime Cepero dated June 2, 2004 (Bates stamped 0606-0608) relates the arrest and post-arrest statements of codefendant Muolo. After having been advised of his *Miranda* rights, Muolo stated that he was recruited by Jon Minotti to

2

take part in a deal in which they would steal three kilograms of cocaine from a Mexican. Muolo stated further that he, Minotti, Bucci, and another person met prior to the planned theft. Finally, he stated that after the theft he and Minotti drove to Muolo's house with the three kilograms of cocaine, where Bucci met them and picked up the bag containing the cocaine. These statements were testified to by Massachusetts State Police Trooper Kevin O'Neil at the detention hearing held before Magistrate Judge Alexander on May 25, 2004. In particular, on page 33 of the transcript of that hearing, Trooper O'Neil was asked, "Did Mr. Muolo indicate whether anyone else was involved in planning that activity?" He replied, "He said Mr. Bucci was also involved." On page 34 of the transcript Trooper O'Neil testified that Muolo "said he was aware that Bucci had previously conducted rifts (viz.) of narcotics traffickers."

In addition to the statements of Muolo set forth above, the government intends to offer into evidence at a joint trial extrajudicial statements of defendant Jordan that directly implicate Bucci.

In his testimony at the continuation of the detention hearing, on May 26, 2004, Trooper O'Neil testified to a consensually monitored conversation between Minotti and Jordan that took place of May 19, 2004. During his testimony on page 15, Trooper O'Neil was asked, "And there's also a reference to, by Mr. Jordan to a Bucci, and who did you understand the Bucci to be who was being referred to in the conversation?" He answered, "Anthony Bucci." Question: "And is that the individual who was observed at the parking lot on December the 24th?" Answer: "Yes, it was."

On page 18 of the transcript, testifying about the same consensually monitored conversation, Trooper O'Neil stated, "That Mr. Jordan wasn't going to put Mr. Bucci's name into any type of computer system to run his record to see if in fact he was arrested at all so that there wouldn't be a record of Mr. Jordan running Mr. Bucci's name." Question: "And Mr. Minotti makes a statement about a conversation with Mr. Bucci in which there, in which Mr. Bucci had stated he was getting a 'truckload of weed'. Did you hear that on the tape?" Answer: "Yes, I did." Further, on page 92 of the transcript,

3

Question: "Various times on the tape Detective Jordan is referring to Mr. Bucci . . . isn't that right?" Answer: "Yes." These statements of Jordan were also confirmed by Trooper O'Neil at the continuation of the detention hearing on May 28, 2004 at page 7 and 8.

The extrajudicial statements of Muolo and Jordan set forth above are not incriminating "only when linked with evidence introduced . . . at trial." *Richardson v. Marsh, supra,* 481 U.S. at 208. Instead, they "expressly implicate" Bucci, leaving no doubt that they would prove "powerfully incriminating." *Bruton, supra* 391 U.S. at 124 n. 1. Where Bucci would not have the opportunity to cross-examine Muolo and Jordan about these statements, a classic *Bruton* Confrontation Clause problem exists, the only remedy for which is severance of defendants for trial.

**Conclusion**

For all the foregoing reasons, Bucci's <u>Motion for Relief from Prejudicial Joinder</u> ought to be allowed in all respects, and his case should be severed for trial from those of codefendants Muolo and Jordan.

                                              Respectfully submitted,
                                              Anthony Bucci
                                              By his attorney,

                                              /s/Michael F. Natola
                                              _____

May 6, 2005                           MICHAEL F. NATOLA
                                              BBO No. 367580
                                              63 Atlantic Avenue
                                              Boston, Massachusetts 02110
                                              Tel. (617) 367-1199
                                              Fax (617) 227-3384
                                              E-mail <u>MFNatola@aol.com</u>

## CERTIFICATE OF SERVICE

  I hereby certify that a true copy of the foregoing memorandum of law has been served the above date, electronically, upon Assistant U.S. Attorney John T. McNeil.

            /s/ Michael F. Natola
            _____