UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| ANTHONY BUCCI ) | |

**Government's Opposition to Defendant Bucci's Eighth Motion to
Amend Pretrial Conditions**

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to Defendant Bucci's eighth motion to amend his conditions of pretrial release (Docket No. 148). Defendant Bucci requests permission to be out of the residence to which he is restricted on electronic monitoring to work at the Florentina Restaurant in Cambridge, Massachusetts.[1] The government opposes this motion for the reasons outlined in the government's prior oppositions to the defendant's motions to amend his conditions: the facts in this case and Bucci's prior criminal history demonstrate that he continues to pose a substantial risk to the community and to a cooperating witness; the defendant remains a flight risk as he faces a mandatory minimum sentence of at least 15 years in this matter; and Bucci has failed to demonstrate a material change in circumstances which gives rise to reopening his conditions of release. See Docket Nos. 54, 77, 78, 86, 93, 145.

While the Court has recently permitted Bucci's co-defendants to work while on pre-trial release, Bucci's motion presents substantially greater risks to the community, a greater risk of flight, and a substantially greater risk to government cooperators. In particular, the job

---

[1] The defendant is proposing to work 5 hours a day (10 a.m. to 3 p.m.), five days a week.

1

Bucci is seeking is in Cambridge, Massachusetts, which is a substantial distance from his home in Wakefield. By contrast, both Muolo and Jordan are working short distances from their homes, with minimal travel times, and a third party custodian is assigned to drive Jordan at all times. (Muolo can walk the short distance to his employment.) The distance from Bucci's home alone is a sufficient basis for denying his motion, as it would permit Bucci to be in an unmonitored status for a appreciable period of time during the morning and afternoon for five days a week.

In addition, the Court knows virtually nothing about the business which has offered him employment, how Bucci came to be offered the job, who works at the location, and who, if anyone, would act as a third party custodian.[2] The defendant has failed to provide this critical information. Without this information, the Court has no way of ensuring that Bucci will comply with his terms of pre-trial release during his working hours.

In addition, even if Bucci could overcome these hurdles by finding employment close to his home and finding a suitable third party work custodian, he still presents a substantially greater danger to the community than his co-defendants. As noted in prior oppositions, Bucci has a criminal record which includes a prior federal conviction on narcotics crimes. Moreover, there is evidence in this case that Bucci was routinely engaging in narcotics transactions, and that it was his task in this case to sell three kilograms of cocaine and pay his co-conspirators. Moreover, Bucci has boasted of injuring a government cooperator in the past.

Bucci also has an admitted narcotics addiction, and, at the time of his arrest, he had been on a three day cocaine and OxyContin binge. Moreover, he had not been living with his

---

[2] Both Muolo and Jordan are being monitored by third party custodians during work hours.

wife and young child, and had no fixed address.

For the foregoing reasons, and those submitted in the government's prior oppositions to Bucci's motions to amend his terms of pretrial release, the government respectfully requests that the Court deny Bucci's motion.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

Date: June 13, 2005                    By: /S/ *John T. McNeil*
                                        JOHN T. MCNEIL
                                        Assistant U.S. Attorney