UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10194-RCL |
| | ) | |
| **ANTHONY BUCCI** | ) | |

### Government's Opposition to Defendant Bucci's Motion to Re-Mortgage Property and Subordination of Mortgage

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to Defendant Bucci's Motion to Re-mortgage Property and for Subordination of Mortgage (Doc. No. 164). Through this motion, Defendant Bucci seeks to draw down the equity in a property which is being used to partially secure his appearance bond. He also seeks to subordinate the United States' mortgage on that property to this new loan.

The Court should summarily reject Bucci's motion. Bucci was required as a term of his pretrial release to execute one or more mortgages in favor of the United States for the value of his appearance bond. The mortgage placed on the instant property is attached as Exhibit 1. That mortgage, which was executed by Defendant Bucci and his wife on April 25, 2005, specifically requires, "[t]hat the Mortgagor will create no further encumbrances of any kind against the Property." See Exhibit 1 at ¶8. The terms of this mortgage, including ¶8, are standard terms required by this Court to insure that once a bond is secured, that the security interest is not undercut by actions of the defendant. Here, the defendant seeks to undercut that security interest in two ways: first by taking more equity out of the property by obtaining a

new loan on that property, and secondly by seeking the Court's assent to the subordination of its security interest to this new loan. The fact that the entity which is proposing to loan funds to the defendant will not do so if its loan is secondary to the mortgage of the United States represents its considered judgment that the new loan is too great a risk if it cannot be secured before the mortgage compelling the defendant's appearance in court.

Defendant Bucci's motion is contrary to the interests of the United States and the standard mortgage required by the Court in all similar cases. In the absence of a compelling demonstration of indigence[1] – which appears highly unlikely given that the defendant is living with two other adults and a child in a newly constructed 4,000 sq/ft home, and owns a tanning salon – this Court should deny Defendant Bucci's motion.

```
                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Date: November 10, 2005           By: /s/ John T. McNeil
                                        JOHN T. MCNEIL
                                        Assistant U.S. Attorney
```

---

[1] Such a demonstration must consist, at a minimum, of a sworn affidavits detailing all assets, income, expenses and liabilities of each adult family member living in the defendant's home. Separate affidavits are particularly important in this case because in Defendant Bucci's prior narcotics prosecution in this Court, $15,000 cash in forfeitable proceeds were concealed in a safe deposit box in his mother's name. See Detention Hearing Transcript May 28, 2004 at pg.45-46.