



2005 01392504
Bk: 1264 Pg: 197 Cert#: 226947
Doc: MTG 10/26/2005 11:50 AM

**MORTGAGE**

This Mortgage is made this 25th day of April, 2005 between Anthony J. Bucci and Melissa J. Bucci (hereinafter referred to as "Mortgagor"), and the Clerk of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts (hereinafter referred to as "Mortgagee").

Witnesseth, for consideration paid and to secure the amount of One Hundred Thousand Dollars ($100,000.00) of a personal bond dated August 26, 2004 for Anthony Bucci (hereinafter referred to as "Defendant"), in Criminal No. 04-cr-10194-RCL, before the United States District Court for the District of Massachusetts (hereinafter referred to as "Court"), in the amount of Three Hundred and Fifty Thousand Dollars ($350,000.00) executed by the Defendant and the Mortgagor in favor of the United States of America, and to secure due observance and performance of the obligations, terms, and conditions as set forth in an Order Setting Conditions of Release in the said criminal action and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an Escrow Agreement made this day between the Mortgagor, the United States Attorney for the District of Massachusetts, and the Mortgagee, the Mortgagor hereby mortgages, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in Wakefield in the County of Middlesex, Commonwealth of Massachusetts, and more particularly described in the following deed:

> A deed from Upland Estates LLC dated February 11, 2003, recorded on February 28, 2003 as Document No. 1256673, Certificate of Title No. 226947, recorded with the Middlesex South District Registry of Deeds at Book 1264, Page 197.
>
> Being more fully described as:

The land with buildings thereon situated in Wakefield, in the County of Middlesex, and the Commonwealth of Massachusetts, shown as Lot 4 Upland Road on a plan entitled "Subdivision plan of Land in Wakefield Mass" prepared by Hayes Engineering Inc., dated August 22, 2001, filed with Middlesex South District Registration Office as Plan 29144B.

So much of the above-described land as is included within the limits of said Upland Road is subject to the rights of all persons lawfully entitled thereto in and over the same; and to a water-pipe easement as set forth in a Taking by the Town of Wakefield, dated July 20, 1927, duly recorded in Book 4124, Page 143.

All of the said boundaries are determined by the Court to be



AJB. MB

located as shown on the aforesaid plan, as modified and approved by the Court, filed in the Land Registration Office, a copy of a portion of which is filed in the Registry of Deeds for the Southern Registry District of Middlesex County, as Plan No. 29144B with Certificate of Title No. 225470.

So much of the above-described land as is included within the limits of Shady Avenue and said way twenty-five feet wide, is subject to the rights of all persons lawfully entitled thereto in and over the same and there is appurtenant to the above-described land the rights to use the whole of said Shady Avenue to said Upland Road, the right to use the whole of said Upland Road to Dillaway Street, and the right to use the whole of said way twenty-five wide, as shown on said plan, in common with all other persons lawfully entitled thereto.

Subject to a 10 Foot Wide permanent Highway Easement as shown on Said Plan. Subject to an Order of Taking by the Board of Public Works, Town of Wakefield, recorded with the Middlesex South District Registry of Deeds in Book 15835, Page 513 and Registered Land Division as Document No. 669581.

For title reference, see Deed of Upland Estates LLC, to the grantors dated February 11th, 2003 , recorded on February 28th , 2003 as Document No. 1256673, Certificate of Title No. 226947, recorded with said Deeds at Book 1264, Page 197.

Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

The Mortgagor covenants with the Mortgagee as follows:

1. That the Mortgagor shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor shall keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor shall assign and deliver the policies to the Mortgagee; and that the Mortgagor shall reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor's default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration



AB MB

of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor will pay all taxes, assessments, or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elect not to pay the same, the Mortgagee is not required to so notify the Mortgagor.

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or any part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver the said proceeds to the Mortgagor, or (B) the defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor will create no further encumbrances of any kind against the Property.

9. That the Mortgagor, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge, and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor to furnish the Mortgagee with a certified copy of said order.



ATB. MB

In Witness Whereof, this Mortgage has been duly executed by the Mortgagor.

Anthony J. Bucci

Melissa J. Bucci

Commonwealth of Massachusetts

Middlesex, SS. April 25, 2005

On this 25th day of April, 2005, before me, the undersigned Notary Public, personally appeared Anthony J. Bucci, and provided to me through satisfactory evidence of identification, to wit: a Massachusetts Driver's License to be the person whose name is signed on the preceding document, and made oath and acknowledged execution of the foregoing instrument for its stated purpose to be his free act and deed.




Notary Public
My Commission Expires:

Commonwealth of Massachusetts

Middlesex, SS. April 25, 2005

On this 25th day of April, 2005, before me, the undersigned Notary Public, personally appeared Melissa J. Bucci, and provided to me through satisfactory evidence of identification, to wit: a Massachusetts Driver's License to be the person whose name is signed on the preceding document, and made oath and acknowledged execution of the foregoing instrument for its stated purpose to be her free act and deed.

Notary Public
My Commission Expires:

DONNA MARIE CALLANDRILLO
Notary Public
Commonwealth of Massachusetts
My Commission Expires
January 12, 2012



AJB MB

①

DOCUMENT 01392504

Southern Middlesex LAND COURT

REGISTRY DISTRICT

RECEIVED FOR REGISTRATION

On: Oct 26,2005 at 11:50A

Document Fee: 175.00
Receipt Total: $180.00

CERT: 226947 BK: 01264 PG: 197

PHOTOSTAT COPY WANTED

I HEREBY ATTEST AND CERTIFY ON 10/26/05
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY

EUGENE C. BRUNE
ASST. RECORDER
LAND COURT

BY Eugene C. Brune

NAME: TEL.

STREET ADDRESS

CITY OR TOWN ZIP