UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | No. 04-cr-10194-RCL |
| | ) | |
| ANTHONY BUCCI | ) | |

### DEFENDANT'S MOTION TO SEVER COUNT FIVE

Now comes the defendant in the above-entitled matter and, pursuant to Fed. Crim. P. Rules 8(b) and 14 moves to sever the May 20, 2004 misjoined count Five charges from all other counts which originate on December 24, 2003 on the grounds that count Five charges are too remote in time, have no logical or relevant nexis to other counts and the spillover from evidence concerning the isolated December 24, 2003 transaction unquestionably presents an extreme risk of unfair prejudice and ensures conviction on Count Five.

The government must prove both knowledge and intent to convict the defendant on count Five; hence, it is likely that his only viable defense would be to dispute knowledge of the cocaine and disprove intent with respect to the five month remote and isolated May 20, 2004 count Five charge which is bootstrapped to ensure that the defendant is sentenced to prison even when he is acquitted of the primary charges.

In sharp contradistinction, the bulk of the trial testimony, numerous tape recorded drug trafficking conspiracy conversations and, unless the suppression motion filed herewith is granted, the admissions of the defendant, concerning

-1-

the December 24, 2003 successful cocaine robbery conspiracy would act like prior bad act evidence which otherwise would be excluded after Fed. Evid. Rules 404(b)/403 balancing, United States V. Garcia-Rosa, 876 F2d 209, 220-222(1st Cir 1989); United States V. Aguilar-Aranceta, 58 F3d 790, 798-802 (1st Cir 1995); United States V. Aroudakas, 233 f3d 113, 118-127 (1st Cir 2000);also see Commonwealth V. Benitez, 37 Mass. App. Ct. 722, 724-726, ___NE2d __,___-___ (1994). Furthermore, the defendant would testify in a separate trial on only count Five, but in a joint trial he has received advice from counsel not to testify.

      The failure to sever count Five under these circumstances would certainly be reversible error, United States V. Singh, 261 F3d 530, 533-536 (5th Cir 2001) (denial of severance motion for one count was reversible error where the element of knowledge was in dispute); United States V. Ramirez, 112 f3d 518 (9th Cir 1997); United States V. McCarter, ___F3d ___ (5th Cir 2002). Because Count Five is too remote in time from the highly prejudicial December 24, 2003 counts and the evidence from Count Five has no relevance to other counts which evidence from the other counts has no probative value in relation to Count Five, to avoid creating an unnecessary appellate issue and wrongful conviction this motion should be granted.

                                                                Anthony Bucci
                                                                By his attorney,

February 14, 2006                      _/s/  Michael F. Natola_____
                                                  MICHAEL F. NATOLA
                                                  63 Atlantic Avenue
                                                  Boston, Massachusetts  02110
                                                  Tel.  (617) 367-1199
                                                  Fax   (617) 227-3384
                                                  E-mail  MFNatola@aol.com


## **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing motion has been served the above date, electronically and by first class mail, upon Assistant U.S. Attorney John T. McNeil.

                                                  _/s/  Michael F. Natola_____
                                                  MICHAEL F. NATOLA