UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | No. 04-cr-10194-RCL |
| | ) | |
| ANTHONY BUCCI | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER SUPPRESSION OF ALL UNCOUNSELLED STATEMENTS**

**STATEMENT OF FACTS**

At approximately 5:20 p.m., on May 20, 2004, while the defendant was walking in front of his business, Hollywood Sun located at 1006 Eastern Avenue, Malden, MA., he was unlawfully assaulted and battered by DEA Agents (Bucci affidavit paragraph 1). The Agents then put him into a mini-van. He clearly invoked his right to counsel immediately upon being advised of his Miranda rights while being transported from the scene of his arrest (Bucci affidavit paragraph 2). The defendant was then brought into a Federal Building, taken upstairs in an elevator and brought into what appeared to be a large conference room with a smaller fingerprint room adjoining it. The first thing that happened was that the defendant was taken into the smaller room and fingerprinted (Bucci affidavit paragraph 3). He was then brought back into the conference room which had a large oval shaped table in it and four Agents interrogated him (Bucci affidavit paragraph 4). Again, immediately upon being advised on his Miranda rights he invoked his Fifth and Sixth Amendment right to counsel by stating "I have nothing to

-1-

say, I want to talk to an Attorney." he recalls signing a form I invoking my right to counsel prior to questioning (Bucci affidavit paragraph 5).An Agent then said, "Well, don't you want to know what you're being charged with ?" and he affirmatively responded, "yes". That Agent then told him that he was being charged with David Jordan, Jon Minotti and Francis Muolo for conspiring to rob Carlos Ruiz (Bucci affidavit paragraph 6). Another agent then threatened him by stating, "you know you're going to go away for a long time. Your son's going to be in college before you get out," and then asked him, "why don't you try to clear some of these charges up by telling us what happened ?" The defendant subsequently told agents he was not feeling well and needed medical attention but was ignored. He was transported to Braintree holding. At Braintree Police holding the defendant saw Paramedics and was immediately transported to the Quincy medical Center and held overnight as a result of the Agents actions (Bucci affidavit paragraph 7). The defendant believes the Agents report included false statements and has requested counsel to place all four Agents on the witness stand to  resolve  the factual dispute (Bucci affidavit paragraph 8).  A separate motion is being contemporaneously filed for production of the Miranda form the defendant believes supports his invocation of his right to counsel position.

### ARGUMENT

1) **THE GOVERNING LEGAL STANDARD**:

An appellate Court must reverse a defendant's conviction when the government introduces over objection a post-arrest statement elicited from a him while in police custody in violation of his Miranda rights. <u>Miranda V. Arizona</u>, 384 U.S. 436,

474(1966)", United States V. Soto, 953 F2d 263, 264-265 (6th Cir 1992); Michigan V. Jackson , 475 U.S. 675 (1986).Lower Courts, therefore, act with care before allowing, or disallowing, a defendant's statements to be admitted and must make detailed factual findings following the defendant's testimony at an evidentiary hearing, United States V. Olsen, 609 F.Supp 1154, 1156-1162 (D.Me 1985); United States V. Barone, 968 F2d 1378, 1380-1386(1st Cir 1992))(remanding for "explicit factual findings" on omitted point of the defendants actions and statements during transportation in vehicle).

The burden the government carries is not a light one. 'The Court has always set high standards of proof for the waiver of constitutional rights, Johnson V. Zerbst, , 304 U.S. 458 (1938), and 'reassert(s) these standards as applied to in-custody interrogation.' Miranda, supra, 384 U.S., at 475. The Johnson Court stated that '"courts indulge every reasonable presumption against waiver of fundamental constitutional rights". Johnson, supra, 304 U.S., at 464", United States V. Christian,571 F2d 64, 66-70 (1st Cir 1978)(the defendants testimony specific details concerning signing of Miranda form and the form exhibit itself are crucial to First Circuit reversing denial of motion to suppress where the defendant indicated he asserted his right to counsel while signing the form); Arnold V. Runnels, 421 F3d 859, 865-867 (9th Cir 2005).

Once an accused has invoked his right to counsel, he cannot be subjected to further interrogation until counsel has been provided, unless the accused himself initiates further communication with his interrogator. Edwards V. Arizona, 451 U.S. 477,  484-485 (1981).  Furthermore, "a valid waiver of that right cannot be established by showing only that [the accused] responded to further police-initiated custodial  interrogation even if he has been advised of his rights." Id. at 484. Under the Edwards "bright-line rule", all questioning must cease after an accused requests counsel,

-3-

regardless of any question of waiver, unless the accused himself initiates the conversation. Moran v. Burbine, 475 U.S. 412, 423 n.1 (1986); Smith v. Illinois, 469 U.S. 91, 98 (1984) (per curiam). We have held that any statements made after an accused has invoked his right to counsel and the police have initiated further investigation "cannot be the result of waiver but must be presumed a product of compulsion, subtle or otherwise." United States v. Browne, 891 F2d 389,391, 393-396 (1st Cir 1992)(reversed based upon lower court's inexplicable failure to make findings on whether defendant invoked his right to counsel after agent hit him on the head); United States V. Green,272 F3d 748,752-757 (5th Cir 2001).

Therefore, when a defendant asserts his right to counsel with the first officer he comes in contact with, such assertion stands during any and all further interrogations by other officers, United States V. Ortiz, 177 F3d 108, 110 (1st Cir 1999); Minnick v. Mississippi, 498 U.S. 146, 147 (1990)(holding that "once the accused requests counsel, officials may not reinitiate questioning 'until counsel has been made available' to him" citing Edwards, 451 U.S. at 484-485); Sofar V. Johnson, 237 F3d 411 (5th Cir 2000).

2) **APPLICATION OF THE LAW TO THE FACTS OF THIS CASE**:

As an initial matter, the previous hearing on suppression of items seized during the defendant's arrest resulted only in a finding of probable cause and the inexplicable absence of any subsidiary findings concerning the defendant's challenged statements following his invocation of his right to counsel [see previously filed Bucci affidavit and 10/18/05 suppression hearing transcript pages 128-131] leaves

-4-

the present questions open, United States v. Browne, 891F2d 389,391, 393-396 (1st Cir 1992); United States V. Barone, 968 F2d 1378, 1380-1386(1st Cir 1992). The absence of testimony from the defendant at that hearing and the absence of specific testimony from all of the Agents involved with the initial transportation and subsequent interrogation of the defendant must now be corrected by fully developing the record with such testimony at an evidentiary hearing or voir dire prior to a ruling on whether or not to allow the jury to hearing the alleged statements, United States V. Porter, 764 F2d 1, 5-7 (1st Cir 1985) (reversing denial of suppression motion because Agent initiated further conversations after the defendant invoked his right to counsel). When an Agent stated during the interrogation, "you know you're going to go away for a long time. Your son's going to be in college before you get out", and then asked me, "why don't you try to clear some of these charges up by telling us what happened ?" (Bucci affidavit paragraph 7), this must be found to have clearly violated the bright line rule of Edwards V. Arizona, 451 U.S. 477, 484-485 (1981) and any further claimed responses must be suppressed, United States v. Browne, 891 F2d 389,391, 393-396 (1st Cir 1992); United States V. Ortiz, 177 F3d 108, 110 (1st Cir 1999).

        Furthermore, after the government produces the Miranda form on which the defendant recalls checking something on the form that he believes indicated he requested an Attorney prior to questioning (Bucci affidavit paragraph 5), this Court must make specific finding on the significance of such signing, " United States V. Christian,571 F2d 64, 66-70 (1st Cir 1978).

-5-

## CONCLUSION

This Court is requested to allow the motion for reconsideration, then in advance of the March 20th trial schedule an evidentiary hearing at which the defendant and all Agents involved with his transportation, fingerprinting, booking and interrogation can testify. This Court is also requested to make specific findings United States v. Browne, 891 F2d 389,391, 393-396 (1st Cir 1992)(reversed based upon lower court's inexplicable failure to make findings)on the signing and checking of the Miranda form and both invocations of his right to counsel and grant the defendant's motion to suppress any and all uncounselled statements.

Anthony Bucci
By his attorney,

February 14, 2006

  /s/  Michael F. Natola
MICHAEL F. NATOLA
63 Atlantic Avenue
Boston, Massachusetts  02110
Tel.  (617) 367-1199
Fax   (617) 227-3384
E-mail  MFNatola@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion has been served the above date, electronically and by first class mail, upon Assistant U.S. Attorney John T. McNeil.

  /s/  Michael F. Natola
MICHAEL F. NATOLA