```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )    Criminal No. 04-10194-RCL
                            )
ANTHONY BUCCI,              )
DAVID JORDAN                )
          Defendants.       )
```

**GOVERNMENT'S OPPOSITION TO DEFENDANT BUCCI'S MOTION TO SEVER**

The United States of America, by and through Assistant United States Attorney S. Theodore Merritt, opposes Defendant Anthony Bucci's ("Bucci") motion to sever Count 5 from the trial of all other counts of the indictment.

In sum, the Court should reject Bucci's Motion for Severance for the following reasons: (1) the motion is untimely in accordance with the Federal Rules of Criminal Procedure and the local rules; (2) Count 5, which charges possession with intent to distribute cocaine is properly joined with the other drug and drug-related counts because of similarity of the underlying offenses; (3) Bucci will suffer no unfair prejudice from purported "spillover" evidence because the same bodies of evidence are admissible for both counts regardless of whether they are tried together or separately; and (4) Bucci has made no showing that would warrant severance based on his alleged desire to testify only as to Count 5.

**I.   INTRODUCTION**

   **A. CHARGES & THE INDICTMENT**

The indictment charges Bucci as well as defendant David Jordan

first with a variety of offenses stemming from their conspiracy to possess cocaine with intent to distribute it, in violation of 21 U.S.C. §§846 and 841.  Counts 1 through 3 relate to their conspiracy to steal three kilos of cocaine from Carlos Ruiz, and to possess and distribute that cocaine.  Counts 4 and 6 through 8 charge David Jordan with witness tampering, aiding and abetting witness tampering, and making false statements relating to the attempted cover-up of the drug "rip-off."  These counts charge the conspirators with unlawful conduct between December 2003 and May, 2004.

Count 5 charges Anthony Bucci alone with possessing cocaine with intent to distribute it, in violation of 21 U.S.C. §841 based on seizures made upon his arrest on May 20, 2004.  On that day, officers arrested Bucci as he was getting into his Black Mercedes Benz, which had been used in the three kilo rip-off in December, 2003.  Officers discovered approximately 90 grams of cocaine in the middle console of the car.  In an unlocked briefcase on the front passenger seat officers discovered an electronic scale consistent with drug distribution, and an array of narcotics including oxycodone.  In the trunk of the car officers discovered a second, larger electronic scale.

**B.   DEFENDANT'S BASES FOR SEVERANCE**

Bucci argues that Count 5 is inappropriately joined to "all other counts which originate on December 24, 2003" pursuant to

Fed.R.Crim.P. 8(b) and, alternatively, moves to sever these counts pursuant to Fed.R.Crim.P. 14, alleging that joinder, nonetheless, is unduly prejudicial. See United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996)("Under Rule 14, the trial judge has discretion to order severance of counts, even if properly joined under Rule 8(a), to avoid undue prejudice."). Bucci suggests that the counts are improperly joined and unfairly prejudicial because they are (1) too remote in time and there is no logical or relevant nexus between the counts, (2) because Bucci's defense to Count 5 will be prejudiced by spillover evidence, and (3) joinder unfairly forces him to choose between his desire to testify with regard to Count 5 and his desire to avoid testifying as to the other counts.

**II. ARGUMENT**

    **A.   BUCCI'S MOTION IS UNTIMELY**

As a threshold matter, the Court should deny Bucci's motion to sever because it is untimely and he has made no showing of good cause why he did not file it before. On March 17, 2005, at a status conference, the Court extended until May 2, 2005 the time for the defendants to file motions to suppress and to sever. On April 26, 2005, Bucci moved to extend until May 9, 2005 the deadline, which was granted. [Docket #122]. On May 6, 2005, Bucci filed motions to suppress and to sever defendants based on an alleged Bruton problem. [Docket #s 128-132.] After a hearing on the motion to sever on November 22, 2005, the Court denied it. No

additional grounds for severance of counts were ever advanced by Bucci.

This chronology plainly demonstrates that the instant motion is untimely.  Under Fed. R. Crim. P. 12(b)(3) motions to sever must be filed before trial.  Under Fed. R. Crim. P. 12(c), a deadline for such motion was set for May 9, 2005.  Rule 12(e) provides that any motion not filed by that deadline is deemed waived, unless the Court grants relief for good cause.  Here, Bucci's motion concerns the joinder of counts in the original indictment.  He has not shown why his grounds for severance of those counts were not asserted in a timely fashion.  Thus, the Court is empowered to deny his motion on this ground alone.

**B.   THE JOINDER OF OFFENSES IN THE INDICTMENT IS PROPER**

**1.   Count 5 is sufficiently similar to other Counts to justify joinder**

Fed.R.Crim.P. 8(a) governs the joinder of offenses.  "Rule 8[]'s joinder provisions ... [are] generously construed in favor of joinder."  Randazzo, 80 F.3d at 627.  Because the indictment joins same and similar offenses, the defendants' motion fails.

Fed.R.Crim.P. 8(a) provides in pertinent part:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

In determining whether counts are properly joined for trial,

this Court should consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." United States v. Edgar, 82 F.3d 499, 503 (1st Cir. 1996)(analyzing joinder of offenses); see also United States v. Chambers, 964 F.2d 1250, 1251 (1st Cir. 1992) (joinder of multiple bank robberies proper where robberies all involved federally insured banks in the greater Boston area and occurred in a ten-week period).

In this case, the primary counts alleging the theft and possession with intent to distribute cocaine include a charged violation of 21 U.S.C. §841. Count 5 also charges Bucci with violation of the same statute. Both counts require similar kinds of proof of Bucci's intent to distribute cocaine during this period of time.

Moreover, contrary to Bucci's assertions, the events underlying the two charged §841 counts are not too remote in time to be joined. For example, the First Circuit has upheld the joinder of drug sales separated by as much as two years. United States v. Melendez, 301 F.3d 27, 36 (1st Cir. 2002)(joinder of two separate drug charges with intent as well as firearms charge appropriate even though actions or searches underlying drug charges arose two years apart from each other). Here, the conduct reflected in Count 5 occurred within the time frame of the charged

conspiracy and only four months after the theft of cocaine in December of 2003.

Thus, under Rule 8(a), the counts are properly joined because they are of the same or similar character and concern ongoing and related possession of cocaine with intent to distribute.

### C. THE DEFENDANT HAS NOT MADE AN ADEQUATE SHOWING OF PREJUDICE TO JUSTIFY SEVERANCE

Because joinder is proper in the circumstances of this case, the question becomes whether the Defendant has alleged facts that would warrant the exercise of the Court's discretion under Rule 14, Fed. R. Crim. P., to grant relief from prejudicial joinder. "Under Rule 14, the trial judge has discretion to order severance of counts, even if properly joined under Rule 8(a), to avoid undue prejudice." Randazzo, 80 F.3d at 627. The denial of a motion for severance under Fed.R.Crim.P. 14 is reviewed for "a patent abuse of discretion." Taylor, 54 F.3d at 974. Establishing an abuse of discretion usually entails a showing that improper or prejudicial joinder "likely deprived the defendant of a fair trial." Id. (quoting, United States v. Nason, 9 F.3d 155, 158 (1st Cir. 1993). Indeed, "[a] refusal to sever *related* counts, naming the *same* defendant, may be the lest likely candidate for appellate reversal." United States v. Alosa, 14 F.3d 693, 695 (1st Cir. 1994).

### 1. Alleged Evidentiary Spillover Does Not Require Severance

Bucci makes the conclusory claim that he will be unfairly prejudiced by the purported spillover of the counts and evidence which may not directly apply to him or Count 5. His claims fall short because (1) the bulk of evidence to be introduced at trial would be admissible on all counts involving Bucci, whether they are tried together or separately, and (2) even if the evidence were not admissible, Bucci has not -- and cannot -- adequately demonstrate prejudice warranting a severance.

First, the evidence arising from cocaine rip-off on December 24, 2003 and the drug-related seizures on May 20, 2004 is independently admissible under Fed. R. Evid. 404(b) to prove the knowledge and intent elements of each of those counts. Under the two-part test for determining admissibility under this rule, the evidence must "have 'special relevance'" as to issues such as intent or knowledge and must not include "'bad character or propensity evidence as a necessary link in the inferential claim.'" United States v. Tse, 375 F.3d 148, 155 (1st Cir. 2004) quoting United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir. 2000). Second, "the probative value of the bad act evidence must not be 'substantially outweighed by the danger of unfair prejudice." Id. quoting Fed. R. Evid. 403.

The evidence related to Bucci's participation in the conspiracy to possess with intent to distribute cocaine obtained

through the rip-off is certainly relevant to proving the elements of Count 5. Such evidence demonstrates that Bucci knew that he possessed the three ounces of cocaine and electronic scales found in his car, and that Bucci's possession was not for personal use but with the requisite intent to distribute the cocaine. The converse is true as well -- evidence of drug seizures underlying Count 5 is relevant to prove Bucci's knowing and intentional participation in the earlier cocaine rip-off conspiracy.

Indeed, the First Circuit has routinely affirmed cases in which evidence or prior of subsequent drug transactions is introduced to show knowledge or intent. See e.g. Tse, 375 F.3d at 156 (evidence of drug transaction with government witness admissible to show defendant's intent to conduct another drug transaction in later meeting with witness); United States v. Rubio-Estrada, 857 F.2d 845, 846-849 (1st Cir. 1988) (prior conviction for possession with intent to distribute drugs admissible to show knowledge and intent as to white powder, electronic scale, and ledger book found in defendant's room); United States v. Moccia, 681 F.2d 61, 62-65 (1st Cir. 1982)(prior drug conviction admissible to show that individuals with drugs hidden on their property likely knew that the drugs were there). Thus, there is no unfair prejudicial spillover when evidence as to one offense would be admissible in the trial of the other. See Edgar, 82 F.3d at 504-505.

Second, Bucci's mere allusion to a risk of spillover evidence and prejudice does not justify severance. The First Circuit has stated, "[T]his type of spillover is standard fare whenever counts involving discrete incidents are linked in a single indictment." Taylor, 54 F.3d at 974. Hence, a defendant's showing of incidental prejudice, "such as that which is almost always encountered when multiple defendants playing different roles are tried together, will not suffice" to show substantial prejudice. United States v. Martinez, 922 F.2d 914, 922 (1st Cir. 1991). Put another way, such a "garden variety side effect, without more, is insufficient to require severance." Id., citing United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990) (collecting cases). A defendant must do more than demonstrate that he would have a better chance of acquittal at a separate trial. Martinez, 922 F.2d at 922. To prevail on such a claim, a defendant must prove prejudice so pervasive that a miscarriage of justice looms. United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1994).

Bucci has made only vague references as to the effect evidence may have on his trial. His assertions do not rise to the level of specificity or particularized effect that this Circuit has demanded in evaluating prejudicial effect claims.

Further, any potential for prejudice could be cured by a limiting instruction. It is well-settled that juries are presumed to follow the court's instructions. See e.g., United States v.

9

Olano, 507 U.S. 725, 741 (1993); United States v. Rullan-Rivera, 60 F.3d 16, 19-20 (1st Cir. 1995). Thus, appropriate limiting instructions delineating the separateness of the counts and defendants will eliminate any perceived prejudice. See Taylor, 54 F.3d at 974.

  **D. BUCCI HAS NOT MET HIS BURDEN OF SHOWING A TESTIMONIAL CLAIM FOR SEVERANCE**

Bucci makes passing mention that he would testify in a separate trial on only Count 5, "but in a joint trial he has received advice from counsel not to testify." This comment is far from establishing a legitimate claim warranting separate trials.

To justify a severance of counts on this ground, a defendant must "offer in timely fashion 'enough information' so that the court can weigh 'the considerations of judicial economy' against the defendant's 'freedom to choose whether to testify' as to a particular charge." Alosa 14 F.3d at 695, quoting United Stated v. Scivola, 766 F.2d 37, 43 (1st Cir. 1985). A mere suggestion that a defendant wishes to deny the charges against him or deny knowledge of particular evidence is not sufficient to justify severance. United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004) (bald assertion of innocence and general charge that government witnesses not credible insufficient to require severance); Melendez, 301 F.3d at 36 (joinder appropriate in spite of defendant's desire to testify as to one set of charges and not

10

the other because defendant did not provide sufficient information regarding testimonial desires). "A defendant seeking a severance for the purpose of testifying on one of several counts must make a threshold showing that he has salient testimony to give anent one counts and an articulable need to refrain from giving testimony on the other(s)." <u>Alosa</u>, 14 F.3d at 695.

Bucci has presented no evidence, no offer of proof, and no information regarding why his desire to testify as to Count 5 should compel the unusual step of severance. His motion at most resembles the type of general denials routinely rejected by the courts.

Even if Bucci did present any substance to the Court, it is improbable that he has a rationale sufficient to justify severance. "Obvious considerations of judicial economy support trying all related counts against the same defendant at one time." <u>Scivola</u>, 766 F.2d at 695. "And while the courts zealously guard a defendant's Fifth Amendment right not to testify at all, the case law is less protective of a defendant's right to testify selectively . . . ." <u>Scivola</u>, 766 F.2d at 695. For example, if Bucci were merely to argue that he lacked knowing possession of the drugs that were in his console, or if he were to argue that the approximately 90 grams of cocaine and two electronic scales were in fact indicative of personal use, he would be making only general arguments that do not require, in a balancing test, the severance

of counts. Moreover, such testimony would properly invite cross-examination about his participation in the earlier drug conspiracy thus obviating the professed purpose of separate trials.

## IV. CONCLUSION

For the reasons stated above, Bucci's Motion to Sever should be denied.

                        Respectfully Submitted,

                        MICHAEL J. SULLIVAN
                        UNITED STATES ATTORNEY

Date: February 27, 2006   By:   /s/ S. Theodore Merritt
                                         S. THEODORE MERRITT
                                         Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date, February 27, 2006.

                             By:   /s/ S. Theodore Merritt
                                   S. THEODORE MERRITT
                                   Assistant U.S. Attorney