UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-10194-RCL |
| ) | |
| ANTHONY BUCCI, ) | |
| DAVID JORDAN ) | |
| Defendants. ) | |

### Government's Opposition to Defendant Bucci's Motion to Reconsider His Motion to Suppress Statements

The United States of America, by and through Assistant United States Attorney John T. McNeil, respectfully submits this opposition to Defendant Bucci's "Motion to Reconsider Suppression of all Uncounselled Statements." [Doc.No. 189]. The Court should reject this motion for three reasons; first, the motion is untimely; second, Bucci has waived the arguments he now attempts to advance; and third, his current motion fails to comply with the requirements of Local Rule 7.1. Alternatively, if the Court grants Mr. Bucci's motion for a second evidentiary hearing, the government requests that the defendant be required to testify at the outset of that hearing.

**I.      Defendant Bucci's Motion Should be Rejected Because it is Untimely**.

The Court should deny Bucci's new motion to suppress because it is untimely. On March 17, 2005 – nearly one year ago – the Court set May 2, 2005 as the deadline for the defendants to file motions to suppress. On April 26, 2005, Bucci moved to extend until May 9, 2005 the deadline, which was granted. [Doc. No. 122]. On May 6, 2005, Bucci filed a motion to suppress along with a memorandum of law and an affidavit in support of his motion. [Doc. No. 130,131,132]. Bucci's motion to suppress focused primarily on the suppression of physical

evidence, including narcotics, scales and a large sum of cash, recovered from his automobile at the time of his arrest. [Doc. No. 132]. Bucci also argued that any statements he made to law enforcement officers after his arrest were the fruit of an unlawful search of his automobile, and should also be suppressed. Id.

While Bucci's motion to suppress his statements articulated five bases for suppressing his statements, including that he was deprived of his right to remain silent and enjoy the advice of counsel, he only advanced the "fruit of the poisonous tree" argument in his memorandum of law and in his affidavit. [Doc. No. 130,131,132]. Since he failed to develop these other suppression arguments through a memorandum of reasons with supporting authorities and factual allegations, he failed to meet the most basic requirements of Local Rule 7.1(B)(1), and is deemed to have not properly advanced these other arguments for decision by the Court. See, e.g. United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work. . .").

An evidentiary hearing was held on October 18, 2005. At the outset of the hearing the Court indicated that it intended to deny the motion to suppress Bucci's statements because his statements were not the fruit of an unlawful arrest or seizure. [Trans. at 4-5]. Bucci made no objection to this ruling and did not make any argument that the statements should be suppressed on the independent grounds which he now asserts. Moreover, when given an opportunity to cross-examine a DEA agent who witnessed his statements, he made no effort to conduct such an examination or develop that evidence. Thus, despite the fact that there was an extensive evidentiary hearing on his motion to suppress, Bucci did not offer an affidavit, offer testimony, or offer argument in support of the position he now advances.

Under Fed. R. Crim. P. 12(b)(3)(C) motions to suppress evidence must be filed before trial. Under Fed. R. Crim. P. 12(c), a deadline for such motion was set for May 9, 2005. While Bucci made reference to the arguments he now presses in his original motion, he failed to raise them in a manner sufficient for resolution by the Court. See United States v. Nunez, 19 F.3d 719, 721 fn 6 (1st Cir. 1994) (criticizing "scattershot defense tactics" and concluding the defendant waived arguments by failing to raise them in a timely manner under Rule 12); United States v. Gomez, 770 F.2d 251, 253 -254 (1st Cir. 1985)(upholding district court's decision under Rule 12 that defendant waived his suppression arguments by failing to raise them before trial, noting that all the evidence was available to him prior to trial and he did not establish good cause for raising the arguments within the deadlines set before trial). Moreover, Bucci gives no explanation as to why he failed to develop these arguments under the deadline established by the Court. As a result, the Court should reject the instant motion as untimely.

**II .     Defendant Bucci has Waived the Arguments He Now Makes.**

Alternatively, the Court should deny Bucci's instant motion because he has waived the arguments he makes in his new memorandum and affidavit. Fed.R.Crim.P. 12(e) provides that any motion to suppress not filed by the deadline set by the Court is deemed waived. Id. Moreover, that Bucci outlined the issues in his motion to suppress but then abandoned them by failing to develop evidence sufficient to support those arguments and failing to advance legal argument, also constitutes affirmative waiver. See, e.g. United States v. Holmquist, 36 F.3d 154, 163 (1st Cir. 1994)(raising issue, but failing to advance it, reflects abandonment of claim). Thus, he is now precluded, absent a showing of good cause, from raising these issues at this juncture.

Thus, even if the Court concludes that Bucci's mention of these arguments in his original

motion was sufficient to raise the issues for decision, the Court should deny Bucci's instant motion on the merits by reviewing the existing factual record and concluding that despite being given the opportunity, Bucci failed to develop the facts and press an argument necessary to support his claim.  The Court should also conclude that Bucci has made no demonstration of good cause for failing to develop the factual record earlier.

### III.     Bucci's Motion Fails to Comply with Local Rule 7.1

The Court should also deny Bucci's motion because he has failed to properly allege facts giving rise to his current claim.  Local Rule 7.1(B)(1) requires that "[a]ffidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."  See also Fed.R.Crim.P. 47(d) (requiring the filing of affidavits with motions).  Bucci's failure to file a properly executed affidavit in support of his motion to suppress is an additional basis on which to reject his motion.[1]

### IV.     If the Court Allows Bucci's Motion to Reopen the Evidentiary Hearing, Bucci Should Be Required to Support the Claims in his Affidavit Through Testimony

If the Court determines that Bucci has established "good cause" to reopen his motion to suppress, the government requests that Bucci be required to support his factual allegations through testimony at the outset of the hearing.  The Court has the authority to set the order of witnesses at an evidentiary hearing – particularly one in which four law enforcement officers have already testified.  Requiring Bucci to testify first would deter him and other defendants from seeking to use suppression hearings as a form of discovery.  Moreover, Bucci has made an affirmative statement that he desires to testify at such a hearing: "I am requesting the opportunity

---

[1] Only an unsigned affidavit accompanied his new motion to suppress.

to testify . . . at an evidentiary hearing prior to my trial testimony." [Doc. No. 131].

Contrary to the defendant's current assertions, the government will establish that Bucci was read his Miranda warnings as he was being arrested in the parking lot outside his tanning parlor. The statements he made to officers during transport to the station were not the product of interrogation, but were uttered by him spontaneously. Once at DEA for booking he again was read his Miranda rights, but he did not request an attorney or assert his right to remain silent, and was not subject to interrogation. Moreover, he did not sign any form or other document in which he requested an attorney.

Finally, if the Court permits Bucci the opportunity to reopen the suppression hearing, the government requests leave to supplement its memorandum of law to briefly address the issues raised by the facts developed at that hearing.

Respectfully Submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

Date: February 27, 2006   By:   /s/ John T. McNeil
JOHN T. McNEIL
Assistant U.S. Attorney
(617) 748-3252

**CERTIFICATE OF SERVICE**

I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

Date: February 27, 2006   By:   /s/ John T. McNeil
JOHN T. McNEIL
Assistant U.S. Attorney