UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | No. 04-cr-10194-RCL |
| | ) | |
| | ) | *HEARING REQUESTED* |
| ANTHONY BUCCI | ) | |

**MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OFFERED UNDER
FED. R. EVID. 404(b)  (WITH INCORPORATED MEMORANDUM)**

The defendant respectfully moves the Court to enter an order *in limine* excluding from evidence, and prohibiting the government from offering into evidence or referring in any way to, certain evidence of which it has given notice to the defendant it intends to offer at trial pursuant to Fed. R. Evid. 404(b).

The evidence with respect to which the defendant seeks the requested order is:

A. A series of alleged narcotics transactions allegedly involving the defendant, Bucci, Carlos Ruiz, and Jon Minotti. In particular, two alleged purchases of marijuana in California which were allegedly funded and planned by Bucci in 2003, and evidence of a third alleged marijuana shipment allegedly intended for Bucci which Bucci allegedly refused to accept;

B. Two alleged cocaine transactions in 2003 in which Bucci, in coordination with Minotti, allegedly purchased cocaine from Ruiz, each allegedly involving approximately $7,500.00 and 250 grams of cocaine;

C. A series of alleged marijuana transactions in which Bucci, Minotti, and Francis Muolo allegedly engaged in California in the mid-1990's;

D. Numerous unspecified alleged narcotics transactions between Bucci and

1

    Minotti from 2002 to May 2004 which the government has asserted in its Rule 404(b) disclosure letter dated February 27, 2006, "are virtually inseparable from their other personal and business dealings," whatever that turn of phrase may or may not mean;

E. Bucci's alleged factual admissions which allegedly served as the basis for his 1998 federal conviction for conspiracy to distribute marijuana. Those alleged factual admissions include, but are not limited to: (1) alleged evidence that Bucci was involved in a conspiracy to steal 500 pounds of marijuana from another unnamed drug dealer; (2) Bucci's alleged role in the conspiracy, to wit: to pose as an organized crime associate responsible for murdering "Vinnie the Pig" (whomever that may or may not have been) who had allegedly stolen marijuana; (3) alleged evidence that Bucci did not steal the narcotics from the unnamed dealer with his own hands; and (4) Bucci's alleged admission that he was "given or allowed to purchase" 188 pounds of marijuana, which he allegedly subsequently distributed for cash;

F. Bucci's alleged "routine" narcotics transactions with Salvatore Mele during the winter and spring of 2004;

G. Bucci's alleged admissions that he beat a "snitch" with a metal "tire knocker;"

H. Unspecified threats Bucci allegedly made against Minotti; and

I. Bucci's alleged distribution of ounce quantities of cocaine to a "Mr. Ramboli" (whomever that may or may not be) in the unspecified time "preceding Mr. Bucci's arrest."

.

In support hereof, the defendant respectfully says that the said "evidence" is inadmissible under Fed. R. Evid. 404(b) and 403 for the reasons articulated by the Court of Appeals in *United States v. Lynn,* 856 F.2d 430, 434-37 (1st Cir. 1988) and cases cited; *United States v. Karas,* 950 F.2d 31, 36-38 (1st Cir. 1991) and cases cited; *United States v. Gilbert,* 229 F.3d 15, 20-25 (1st Cir. 2000) and cases cited; *United States v. Varoudakis,* 233 F.3d 113, 118-25 (1st Cir. 2000) and cases cited; and *United States v. Garcia-Rosa*, 876 F2d 209, 220-222 (1st Cir 1989)(" even if we were to assume, arguendo, that the evidence in question had some probative value for purposes of Rule 404(b), we have no doubt that the prejudicial impact of this evidence far outweighed its probative value"); *United States v. Aguilar-Aranceta*, 58 F3d 790, 798-802 (1st Cir 1995)("There is, however, a danger that the supposed inferences to knowledge will be obscured by the forbidden inference to propensity, particularly in cases in which the theory of knowledge is the probability that the defendant would have obtained knowledge in the course of repetitive involvement in criminal conduct.  It is, therefore, important to explain what inferences are impermissible.  It is impermissible to suggest that a defendant's prior conviction for possession of cocaine somehow makes her more likely to have acted in a similar manner in the context of the present possession charges. Similarly, a prosecutor may not argue that the defendant's prior conviction for a drug offense demonstrates her propensity for involvement in drug trafficking."); and *United  States v. Varoudakas*, 233 F3d 113, 118-127 (1st Cir 2000).

"It is a fundamental rule that the prosecution may not
introduce evidence that a defendant previously has misbehaved, indictably, or not,

3

for the purpose of showing his bad character or propensity to commit the crime charged." *Commonwealth v. Trapp*, 396 Mass. 202, 206 (1985).  The rule exists because "[s]uch evidence compels the defendant to meet charges of which the indictment gives him no information, confuses him in his defense, raises a variety of issues, and thus diverts the attention of the jury from the [issue] immediately before [them]; and, by showing the defendant to have been a knave on other occasions, creates a prejudice which may cause injustice to be done him." *Commonwealth v. Jackson*, 132 Mass. 16, 20-21 (1882);  *Commonwealth v. Benitz*, 37 Mass. App. Ct. 722,724-726 (1994); *United States v. Varoudakas*, 233 F3d 113, 118-127 (1st Cir 2000). Evidence of prior bad acts may not be introduced for the purpose of showing the accused's propensity to commit the crime charged, *United States v. Varadoukas*, 233 F3d 113, 118-127 (1st Cir 2000) and caution is required because in some circumstances a judge's limiting instructions or the absence of limiting instructions  may exacerbate the prejudice as may the prosecutor's closing argument focusing on such bad acts evidence, *Commonwealth v. Baker*, 440 Mass 519, 530-532 n.12, n. 13 (2003); *Blackman v. Booker*, 312 F.Supp2d 874, 889-890 (ED Mich 2004);, 275 F3d 769, 773-778 n.5 (9th Cir 2001).

    The evidence which the government seeks to admit here presents a grave risk of causing jury confusion on extrinsic issues and unfair prejudice while having only minimal probative value.  It should, therefore be excluded, *United States v. Garcia-Rosa*, 876 F2d 209, 220-222 (1st Cir 1989); *United States v. Aguilar-Aranceta*, 58 F3d 790, 798-802 (1st Cir 1995); *United States v. Varoudakas*, 233 F3d 113, 118-127 (1st Cir 2000); *Foster v. Barbour*, 613 F2d 59, 61-62 (4th Cir 1980); *Panzaveneccia v. Wainwright*, 658 F2d 337, 341 (5th Cir 1981); *United States v. Jenkins*, 345 F3d 928, 936-939 (6th Cir 2000) and the prosecutor should be precluded from mentioning the evidence.

**REQUEST FOR HEARING**

The defendant respectfully requests a hearing on this motion and estimates that the length thereof ought not to exceed forty-five minutes . The defendant requests further that the Court enter on the record findings of fact and rulings of law with respect to its determination of the instant motion.

        Anthony Bucci
        By his attorney,

        /s/ Michael F. Natola
        _____

March 7, 2006        MICHAEL F. NATOLA
        BBO No. 367580
        63 Atlantic Avenue
        Boston, Massachusetts 02110
        Tel. (617) 367-1199
        Fax (617) 227-3384
        E-mail MFNatola@aol.com

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing affidavit has been served the above date, electronically, upon Assistant U.S. Attorney John T. McNeil.

        /s/ Michael F. Natola
        _____
        MICHAEL F. NATOLA