UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v.          ) | No. 04-cr-10194-RCL |
| ) | |
| ANTHONY BUCCI ) | |

AFFIDAVIT IN SUPPORT OF MOTION
TO DISMISS OR FOR APPROPRIATE RELIEF

Now comes Michael F. Natola, and hereby deposes and says:

1. I am the attorney for Anthony Bucci in the above-entitled action, and I make this affidavit in support of his Motion to Dismiss or for Appropriate Relief.

2. Mr. Bucci has previously filed in this case a motion to suppress (dated May 6, 2005), which sought to suppress physical evidence found during a search of his automobile following his arrest, and uncounseled, custodial, post-arrest statements attributed to him; and an affidavit (dated February 14, 2006) in support of a motion to reconsider suppression of all uncounseled statements.

3. In the motion to suppress, Mr. Bucci claimed that after his arrest he was taken to a "federal" building in Boston and advised of his *Miranda* rights.

4. In the affidavit, Mr. Bucci has averred that he recalled signing a form invoking his right to remain silent.

5. I have been defending criminal cases for over twenty-seven years, and from my extensive experience with *Miranda* advisement forms, I know that they

1

typically contain a signature line which an arrestee is asked to sign in acknowledgement that he has been advised of his *Miranda* rights (as opposed to constituting an invocation of the arrestee's various Fifth and Sixth Amendment rights).

6. I have orally requested of AUSA John McNeil on two occasions that he provide me with a copy of the *Miranda* form Mr. Bucci claims was presented to him; most recently in a telephone conversation in which we engaged in mid-February, 2006.

7. In our first conversation, AUSA McNeil told me that the DEA agents in this case had told him that no such form existed.

8. In our mid-February conversation, AUSA McNeil told me that he had checked with the DEA agents involved in this case, and they told him that DEA does not use *Miranda* advisement forms.

9. I reminded AUSA McNeil that the government had provided in discovery two *Miranda* advisement forms; one signed by co-conspirator Jon Minotti and one signed by co-conspirator Francis Muolo, both of whom were arrested, processed, and advised of their *Miranda* rights by DEA agents.

10. AUSA McNeil told me that those were not DEA forms, as DEA does not use such forms, but that they were probably "local police department" forms.

11. Appended hereto as Exhibit A and Exhibit B are copies of the *Miranda* advisement forms signed by John Minotti and Francis Muolo which were provided to the defendant in discovery.

12. The form signed by Minotti was signed at his home in Stoneham,

Massachusetts on May 19, 2004, and the form signed by Muolo was signed at "NEFD Boston" i.e. the DEA "New England Field Division" located in Boston.

13. The forms themselves are identical to each other, and both are witnessed by DEA agents or so-called DEA "Task Force" agents.

14. Neither of the forms bears any printing or other indicia that it may have come from a local police department, as, in my experience, do most local police department *Miranda* advisement forms.

15. Appended hereto as Exhibit C is a DEA 6 prepared by DEA Special Agent Damian Farley on May 24, 2004 regarding "Post Arrest Statements of Anthony Bucci on May 20, 2004."

16. Paragraph 1 of that report states in pertinent part, "Bucci was read his Miranda warnings and transported to the DEA Boston Field Division for processing." (The "DEA Boston Field Division" is, upon information and belief, the same place to which Muolo was brought upon his arrest, i.e. the "New England Field Division" in Boston).

17. Paragraph 2 of that report states in pertinent part, "During processing, Bucci was read his rights again and said he understood them."

18. From the foregoing, it is reasonable to infer that: (1) the appended forms are not local police department forms; (2) that the DEA does in fact utilize *Miranda* advisement forms; (3) that the DEA used such forms with the other two civilians arrested in connection with this case; and (4) that DEA used such a form with the only other civilian arrestee, Anthony Bucci, as Bucci

has averred in his affidavit adverted to above.

19. Appended hereto as Exhibit D is a copy of pages 114 through 116 of the transcript of the motion to suppress hearing conducted by the Court on October 18, 2005.

20. In this excerpt, the Court, in a "musing," expressed to the attorney for the government its concern that the evidence it heard from two government witnesses was at total variance with facts set forth in the government's brief in opposition to the motion to suppress.

21. The foregoing averments raise a reasonable inference that the representations that the attorney for the government made to me concerning the DEA's use of *Miranda* advisement forms are at substantial and material variance with facts set forth herein; and cast reasonable doubt on those representations of the government.

22. During telephone conversations with me, AUSA McNeil threatened to seek a sentence enhancement against Mr. Bucci for obstruction of justice if he signed the affidavit I had electronically filed in support of reconsideration of suppression. This threat, seeking to punish Mr. Bucci for doing what the law plainly allows him to do, impeded, obstructed, and delayed his signing the truthful averments in his affidavit, an ink-signed original of which I did not file at the time of the electronic filing.

23. I am filing herewith a computer disc copy of my client's recorded telephone conversations from the Essex County Correctional Facility in Middleton which corroborate his averments that he signed a Miranda form while

invoking his right to counsel, and made no statements during his booking.

Sworn to and subscribed under the pains and penalties of perjury this 7th day of March, 2006.

/s/Michael F. Natola
_____
MICHAEL F. NATOLA

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing affidavit has been served the above date, electronically, upon Assistant U.S. Attorney John T. McNeil.

/s/ Michael F. Natola
_____
MICHAEL F. NATOLA