UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                          )<br>)<br>DAVID JORDAN                    )<br>     and                                     )<br>ANTHONY BUCCI,             )<br>     Defendants                      ) | CRIMINAL NO. 04-10194-RCL |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS
ON FORFEITURE

The United States of America by and through Assistant United States Attorneys John T. McNeil and S. Theodore Merritt hereby submits, pursuant to Fed. R. Crim. P. 30, its request for jury instructions related to the forfeiture allegations set forth in the Indictment. As outlined in the Government's Trial Brief, pursuant to Fed. R. Crim. P. 32.2(b), the criminal trial must be bifurcated into guilt and forfeiture phases. Generally, the forfeitability of the property is determined by the Court, but in cases where a guilty verdict is returned by a jury, the defendant has the right to ask that the jury be retained to make the forfeitability determination. See Fed. R. Crim. P. 32.2(b)(4). The enclosed instructions are submitted in the event that Defendant Bucci requests a jury determination on forfeiture. The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date: March 8, 2006               By: /s/ John T. McNeil
                                                JOHN T. McNEIL
                                                S. THEODORE MERRITT
                                                Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ John. T. McNeil
JOHN T. McNEIL
Assistant U.S. Attorney

# UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 1
## (Jury's duty regarding forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of [Conspiracy to Distribute, and to Possess with Intent to Distribute, Cocaine as alleged in Count One of the Indictment, Possession of Cocaine with Intent to Distribute and Aiding and Abetting as alleged in Count Two of the Indictment, and/or Possession of Cocaine with Intent to Distribute as alleged in Count Five of the Indictment]**,** you have one more task to perform before you are discharged.

What you must now decide is whether the defendant must forfeit certain property which the government claims is subject to forfeiture to the United States because of its connection to his drug trafficking activities.

Under federal law, any person who is convicted of a drug violation shall forfeit to the United States:

(1) any property constituting or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; and/or

(2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

Proceeds of drug trafficking include any monies or other property that a defendant obtained, directly or indirectly, as the result of his drug trafficking violations. Proceeds include the total amount of gross proceeds obtained by the defendant as the result of his drug trafficking and is not reduced by any amounts the defendant paid for the drugs he later sold or for any other costs or expenses he incurred.

Property that facilitated drug trafficking is any property used, or intended to be used, in

any substantial way to promote drug trafficking or make such trafficking easier to conduct. This includes property that is used or intended to be used to purchase or manufacture controlled substances, or to transport, store, conceal, or protect drug traffickers or their controlled substances. Property need not be indispensable to the commission of the drug violation and need not be used exclusively for illegal drug trafficking, to be facilitating property. All that is necessary is that the government prove that the property was used "in any manner or part" to commit or facilitate the commission of the drug violation. If a portion of the property is used in any way to facilitate drug trafficking, then the entire property is forfeitable.

You must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the Indictment alleges shall be forfeited to the United States and each drug violation count of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of a drug violation is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any drug violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

---

21 U.S.C. § 853(a); Fed.R.Crim.P. 32.2(b)(1).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 2**
**(Government's burden of proof regarding forfeiture)**

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do not apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdicts regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that property is the proceeds of the drug violation or facilitated the drug violation. The government is not required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property is proceeds of the drug violation, or facilitated the drug violation, it must prove that it is more likely than not that the property was such property. In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the property is the proceeds of the drug violation, or facilitated the drug violation. Your job is to determine whether it is more likely than not that the property is the proceeds of the drug violation, or facilitated the drug violation.

For purposes of deciding whether property is the proceeds of a drug violation, if the United States proves that property was acquired by the defendant during the period of the violation or within a reasonable time after such period and there was no likely source other than the violation for the property, you may presume that the property is proceeds or traceable to proceeds of that violation. You may presume this even if the United States has presented no direct evidence to trace the property to drug proceeds. You are not required to make this presumption. A defendant may present evidence to rebut this presumption but is not required to

3

present any evidence.

---

*Libretti v. United States*, 116 S.Ct. 356, 363 (1995)(criminal forfeiture is part of sentencing); *United States v. Keene*, 341 F.3d 78, 85-86 (1st Cir. 2003); *United States v. Rogers*, 102 F.3d 641, 648 (1st Cir. 1996); *South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 778 (6th Cir. 1970); 21 U.S.C. § 853(d) (rebuttable presumption).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 3**
**(Jury may consider trial evidence as well as any additional**
**evidence presented on the issue of forfeiture)**

 While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.

---

*United States v. Derman,* 211 F.3d 175, 184 (1st Cir. 2000); *United States v. Sandini*, 816 F.2d 869, 873-74 (3d Cir. 1987); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 4**
**(Duty not to consider certain issues to be decided by the court)**

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide. You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property. The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether property constituted the proceeds of the drug trafficking, or was used, or intended to be used, in any way to commit, or facilitate the commission of, the drug violation which you have found the defendant committed.

Similarly, you are not to consider whether the property is presently available. That matter also will be considered solely by the court in imposing sentence.

---

*United States v. Derman,* 211 F.3d 175, 184 (1st Cir. 2000).

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 5**
**(Special verdict forms)**

Special verdict forms have been prepared for you. The special verdict forms list the property which the government asserts is proceeds or facilitating property.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO". If you answer "NO", there is a follow-up question you must answer on one of the special verdict forms. The foreperson must then sign and date the special verdict forms.

You will see that some special verdict forms ask you to consider separately whether certain properties are subject to forfeiture on more than one basis. Even if you find that any given property is in fact subject to forfeiture for more than one reason, that does not mean that the government will receive forfeited property twice. It is important, however, that you indicate on the special verdict form all bases on which you find any given property subject to forfeiture. Any issue of double-counting will be considered by the court in imposing sentence.

**UNITED STATES' PROPOSED FORFEITURE INSTRUCTION NO. 6**
**(Unanimous verdict)**

You must reach a unanimous verdict as to each question on each special verdict form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a special verdict form.

Everyone must agree whether the preponderance of the evidence proves that such property constitutes the proceeds of the drug trafficking violation of which the defendant was convicted, or that such property was used, or intended to be used, in some way to commit, or facilitate the commission of, the drug trafficking violation of which such defendant was convicted.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | CR No. 04-10194-RCL |
| ) | |
| **Anthony Bucci,** ) | |
| a/k/a "Gino" ) | |
| **Defendant.** ) | |

## **SPECIAL VERDICT**

We, the jury, return the following special verdict as to the following property:

**One 1997 Mercedes Benz S500, Vehicle Identification Number WDBGA51G1VA349608, seized from defendant Anthony Bucci on May 20, 2004.**

We, the jury, find that the property identified above is:

a.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in **Count One** of the Indictment.

        Yes _____
        No _____

b.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in **Count Two** of the Indictment.

        Yes _____
        No _____

c.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in **Count Five** of the Indictment.

        Yes _____
        No _____

_____                                               _____
DATE                                                                                              FOREPERSON

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v. ) | **CR No. 04-10194-RCL** |
| ) | |
| **Anthony Bucci,** ) | |
| a/k/a "Gino" ) | |
| **Defendant.** ) | |

## **SPECIAL VERDICT**

We, the jury, return the following special verdict as to the following property:

**$6,563.00 in United States currency, seized from defendant Anthony Bucci, on May 20, 2004.**

We, the jury, find that the property identified above is:

a.  property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the violation charged in **Count One** of the Indictment.

    Yes ____
    No ____

b.  property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the violation charged in **Count Two** of the Indictment.

    Yes ____
    No ____

c.  property constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the violation charged in **Count Five** of the Indictment.

    Yes ____
    No ____

If you find that it was a greater or lesser amount state the

amount: $_____.

_____                                    _____
DATE                                            FOREPERSON

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| v.    ) | **CR No. 04-10194-RCL** |
| ) | |
| **Anthony Bucci,** ) | |
|     a/k/a "Gino"  ) | |
|     **Defendant.**   ) | |

## **SPECIAL VERDICT**

We, the jury, return the following special verdict as to the following property:

**$6,563.00 in United States currency, seized from defendant Anthony Bucci, on May 20, 2004.**

We, the jury, find that the property identified above is:

a.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in **Count One** of the Indictment.

    Yes _____
    No _____

b.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in **Count Two** of the Indictment.

    Yes _____
    No _____

c.  Property that was used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violation charged in **Count Five** of the Indictment.

    Yes _____
    No _____

_____                                    _____
DATE                                                          FOREPERSON