UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 04-10194-RCL** |
| ) | |
| **DAVID JORDAN** ) | |
| and ) | |
| **ANTHONY BUCCI,** ) | |
| Defendants ) | |

**GOVERNMENT'S REQUESTED VOIR DIRE QUESTIONS**

The United States of America, by and through Assistant United States Attorneys John T. McNeil and S. Theodore Merritt, respectfully requests that the Court ask prospective trial jurors in the above-captioned case the following questions:

1. This case was investigated by the United States Drug Enforcement Administration (also know as DEA), the Massachusetts State Police, the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (also known as ATF), and the Stoneham and Revere Police Departments. Is there anything about your attitude towards any one of those law enforcement agencies that would prevent you from fairly and impartially evaluating the evidence and rendering a fair and impartial verdict?

2. One of the defendants in this case, David Jordan, was at the time of the alleged crime a detective with the Malden Police Department. Is there anything about the Malden Police Department, or criminal allegations against law enforcement officers in general, that would prevent you from fairly and impartially evaluating the evidence and rendering a fair and impartial verdict?

3. The government alleges in this case that the defendants conspired to, and carried out, the theft of three kilograms of cocaine from a drug dealer and then conspired to distribute that cocaine. Under the law it makes no difference that the source of the cocaine in this case was a drug dealer; you only need to evaluate whether the defendants before you in this case did in fact commit the crimes alleged in the Indictment. Do you have any attitudes towards drug dealers such that you would be unable to follow my instructions and to fairly and impartially evaluate the evidence with respect to the defendants charged in this case?

4. The government alleges in this case that the defendants committed these narcotics crimes – along with Jon Minotti and Francis "Skeeter" Muolo – in Malden and Stoneham, Massachustts on or about December 2003 through May 2004. Has anyone read or heard

anything about this case in the press or from other sources?

     5. In the course of the evidence in this case you will hear evidence about the conduct and activities of several other individuals. These individuals include Carlos Ruiz, Jon Minotti, Francis "Skeeter" Muolo, Sal "Gino" Mele, Mark Muir, Brian Raftery, and Tommy Gorgone. Each of these individuals lives or used to live in Stoneham, Malden or Peabody, Massachusetts. Does anyone know or know of these individuals?

     6. The investigation and prosecution in this case involves the use of individuals who chose to confess and cooperate with the government. These individuals, some of whom were involved in the crimes alleged in this case and other crimes, may receive a reduction in their prison sentences for their cooperation in this case; the law permits such a reduction. Is there anything about your attitude regarding cooperating witnesses that might influence or affect your consideration of this case?

     7. During the course of the investigation in this case the government alleges that a cooperating witness, at the direction of DEA, made a recording of his conversation with one of the defendants and he did so without the defendant's knowledge. In addition, the DEA received authorization from the Court to secretly record certain telephone calls. The law permits such recordings to be made. It is anticipated that some of these recordings will be presented to you as evidence for your consideration. Is there anything about your attitude regarding the making of such secret recordings that might influence or affect your consideration of this case?

     8. The government alleges in this case, among other things, that one or more of the defendants unlawfully used or carried a gun in furtherance of a drug trafficking crime. Do any of you oppose laws or otherwise hold strong views regarding the regulation or restriction of the possession and sale of guns, such that you may be unable to be fair and impartial jurors in this case?

     9. The government also alleges in this case, among other things, that the defendants possessed cocaine with an intent to distribute it. Cocaine is a controlled substance under the laws of the United States, and it is illegal to possess or distribute it. Do you have any beliefs or views about the drug laws in general or cocaine in particular that would interfere with your ability to apply those laws as I explain them to you?

     10. Have you, any member of your immediate family, or any close friend ever received treatment for use of a drug or controlled substance?

     11. The United States of America is one of the litigants in this trial. You will hear the United States referred to throughout the trial as "the government." Have you, or any member of your immediate family, or anyone with whom you are close:

    - ever been employed by the federal government in any capacity;

- ever filed a lawsuit or claim of any kind against any police or other law enforcement officer; or

- ever filed a claim or lawsuit against the United States or any of its agencies, or answered a claim or lawsuit filed by the federal government?

12.  Have you or any members of your family or close friends been involved in the criminal justice system as a defendant in a criminal case?  If so, would your experience as a criminal defendant, or as the family member or friend of a criminal defendant, render you unable to be a fair and impartial juror in this case?

13.  Are you aware of any beliefs or feelings which would prevent you from completely and honestly applying the law, as I give it to you at the end of the case, to the facts as you find them?

14.  Do you know of any reason why you cannot sit as a fair and impartial juror in the trial of this case?

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

Date:  March 8, 2006      By: /s/ John T. McNeil
JOHN T. McNEIL
S. THEODORE MERRITT
Assistant U.S. Attorneys


**CERTIFICATE OF SERVICE**

I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ John T. McNeil
S. THEODORE MERRITT
Assistant U.S. Attorney