UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| V. | ) | No. 04-cr-10194-RCL |
| | ) | |
| ANTHONY BUCCI | ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S MISLEADING OPPOSITION TO HIS MOTION TO RECONSIDER SUPPRESSION OF STATEMENTS**

Now comes the defendant, in the above-entitled matter, and files his reply to the government's misleading opposition to his motion to reconsider suppression of statements made after he unequivocally invoked his right to counsel.

In support of his reply the defendant says that the government has supplied him in discovery with a computer disc copy of his Middleton County Jail telephone conversations which not only contain many references to Agent's excessive use of force during his arrest, but also mention the fact that he signed a Miranda form at the time he invoked his right to counsel and made to statements to the Agents [track 4 at two minutes and thirty seconds into the tape]. The defendant's affidavit in support of his reply to the government's opposition to severance also details good cause for late filing of motions.

Page two of the government's opposition misleadingly asserts that during the prior search suppression proceedings "Bucci did not offer an affidavit…in support of the position he now advances". The government's position is simply not true because the affidavit in support of the prior motion to suppress did aver

-1-

that the defendant invoked his right to counsel. The defendant placing the evidentiary basis before this Court in his original affidavit and motion precludes this Court from adopting the government's inapposite theory of waiver and the complete absence of findings by this Court on the invocation of counsel issue in its original finding now supports a full evidentiary hearing and reconsideration, United States v. Browne, 891 F2d 389,391, 393-396 (1st Cir 1992)(reversed based upon lower court's inexplicable failure to make findings on whether defendant invoked his right to counsel after agent hit him on the head); United States V. Barone, 968 F2d 1378, 1380-1386(1st Cir 1992))(remanding for "explicit factual findings" on omitted point of the defendants actions and statements during transportation in vehicle).Where, as here, the defendant was talking to friends and had no motive to fabricate during his Middleton County Jail telephone conversations the computer disc copy of such taped conversations combined with copies of Miranda forms signed by two co-defendants strongly supports full development of the record at an evidentiary hearing or trial voir dire and granting suppression upon reconsideration, , United States V. Porter, 764 F2d 1, 5-7 (1st Cir 1985)(reversing denial of suppression motion because Agent initiated further conversations after the defendant invoked his right to counsel).

                    Anthony Bucci
                    By his attorney,

                    /s/Michael F. Natola

March 7, 2005         MICHAEL F. NATOLA
                    BBO No. 367580
                    63 Atlantic Avenue
                    Boston, Massachusetts 02110
                    Tel. (617) 367-1199
                    Fax (617) 227-3384
                    E-mail MFNatola@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing affidavit has been served the above date, electronically, upon Assistant U.S. Attorney John T. McNeil.

                    /s/ Michael F. Natola

                    MICHAEL F. NATOLA