UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| V. ) | No. 04-cr-10194-RCL |
| ) | |
| ANTHONY BUCCI ) | |

**AFFIDAVIT OF ANTHONY BUCCI IN SUPPORT OF HIS REPLY TO GOVERNMENT'S OPPOSITION TO SEVERENCE OF COUNT FIVE**

I, Anthony Bucci, hereby depose and state of my own personal knowledge, under pain and penalty of perjury, that:

1) Because the government chose not to allow me to read my own case file discovery Jenks act material until this past week, I was unable to make a knowing, intelligent and voluntary decision as to whether or not I may testify at the trial or trials in the above-entitled matter.

2) The obstruction of my access to DEA reports, grand jury testimony, government witness statements and other discovery materials which was a substantial factor in the decision to file my most recent motions and more pre-trial motions that are being prepared for filing at this time. Only when generalities on the subject matter of trial strategy were discussed with my lawyer in February 2006 did the necessity for filing a motion to sever Court Five and reconsideration of suppression come up.

3) Because the government's late disclosure of most of my case file and discovery was a causative factor in many motions being late filed I am requesting Judge Lindsay not to procedurally bar me.

-1-

4) I am requesting an opportunity at sidebar, or in a hearing in which the prosecutors are not present, to provide a detailed offer of proof (for sealing in the record should an appeal be necessary) as to what my testimony would entail if a separate trial is granted for Count Five. When I testify at the evidentiary hearing on my motion to suppress any and all statements the DEA claim I made on May 20, 2003, I would also be willing to provide such details in an ex parte voir dire.

5) As my lawyer, Attorney Michael Natola, mentioned in the motion to to sever, I have been advised not to testify in a joint trial of all counts and I have strongly expressed my desire to testify as to Count Five in a separate trial and introduce corroborating taped telephone conversations concerning the DEA using excessive force during my May 20, 2004 arrest, my invoking my right to counsel and signing a Miranda form to that effect as well as commenting that I made no statements to any DEA Agents. The Essex County Jail tapes also include repeated reference to my actual innocence and being charged with something I had nothing to do with.

6) If Judge Lindsay wishes to use any other procedure to make a record of the details of my proposed Count Five testimony I am amenable to complying with any reasonable procedure this Court may suggest after consultation with counsel.

March 7, 2006                                    /s/ Anthony Bucci
                                                 _____
                                                 Anthony Bucci

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing affidavit has been served the above date, electronically, upon Assistant U.S. Attorney John T. McNeil.

/s/ Michael F. Natola
_____
MICHAEL F. NATOLA