UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA	) | |
| ) | |
| v.	) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| DAVID JORDAN	) | |
| and	) | |
| ANTHONY BUCCI,	) | |
| Defendants	) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTIONS IN LIMINE
ON OTHER ACT EVIDENCE**

The United States of America by and through Assistant United States Attorneys John T. McNeil and S. Theodore Merritt, respectfully file this opposition to Defendant Bucci's Motion in Limine to Exclude Evidence [Doc.No. 201] and Defendant Jordan's Motion in Limine to Exclude Evidence of Handguns Seized [Doc.No. 211].

The government has outlined in its Trial Memorandum the evidence which it intends to offer against each defendant which is admissible as part of "a chain of events forming the context . . . and set-up of the crime, helping to complete the story of the crime on trial," United States v. Sabetta, 373 F.3d 75, 83 (1st Cir. 2004), and evidence of other acts which are specially relevant to the defendants' intent to join the conspiracy charged in Count I of the Indictment, among other things, and which are admissible under Fed.R.Evid. 404(b). See United States v. Tse, 375 F.3d 148, 155 (1st Cir. 2004); United States v. Rodriguez, 215 F.3d 110 (1st Cir. 2000); Government's Trial Memorandum at 9-15 [Doc. No. 199]. Defendant Bucci moves to exclude all of this evidence. Defendant Jordan moves to exclude evidence of two non-police issued firearms found in the trunk of his police vehicle at the time of his arrest.

The government's Trial Memorandum sets forth the basis for admitting all of the

evidence which the defendants now seek to exclude.  Therefore, the government relies primarily on the arguments set forth in the Trial Memorandum and incorporates those arguments by reference.  Government's Trial Memorandum at 9-15.  However, the government calls the Court's attention to several general points which strongly support the admissibility of the evidence the defendants seek to exclude.

First, the evidence challenged by the defendants is not being offered to establish their characters or to show action in conformity therewith, as prohibited by Rule 404.  Rather, the evidence is being offered primarily to prove their intent to join the conspiracy charged in Count I, their intent to commit the crimes charged in Counts II and III, and to establish motive, opportunity, plan and absence of mistake, as set forth in the Trial Memorandum.[1]  Notably, the First Circuit, and other circuits, have repeatedly held that the prohibition outlined in Rule 404(b) applies when the evidence offered by the government is relevant **only** to the issue of a defendant's character; where the evidence is offered for other purposes, Rule 404(b) permits its admission. See, e.g. United States v. Escobar-De Jesus, 187 F.3d 148, 169 (1st Cir. 1999); United States v. Fosher, 568 F.2d 207, 212 (1st Cir.1978)( "Rule 404(b) is not exclusionary.  Rather, it permits the introduction of prior-crimes evidence unless the **sole purpose** for the offer is to establish the defendant's propensity for crime.")(emphasis added); United States v. Bowie, 232 F.3d 923, 929-930 (D.C. Cir. 2000)("Rule 404(b) is a rule of inclusion rather than exclusion. [A]lthough the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance--for the

---

[1]  The list of purposes set out in Rule 404(b) for which evidence of prior bad acts may be admitted "is not exhaustive." Udemba v. Nicoli, 237 F.3d 8, 15 (1st Cir. 2001) citing United States v. Fields, 871 F.2d 188, 196 (1st Cir. 1989).

purpose of proving that a person's actions conformed to his character.")(quotations and citations omitted); United States v. Carney, 387 F.3d 436, 450 (6th Cir. 2004)("This [Rule 404(b) ] is actually a rule of inclusion rather than exclusion, since only one use is forbidden and several permissible uses of such evidence are identified. The list of permissible uses is not exclusive"). In a factually similar case, the First Circuit has noted:

> Evidence that a defendant on trial for one crime has been involved in another crime or bad act is inadmissible under Fed.R.Evid. 404(b) if it is offered **solely** to prove the criminal character of the defendant or his propensity to commit crimes of the sort for which he is on trial. **Rule 404(b), however, is not exclusionary**. Rather, the rule permits the introduction of uncharged bad act evidence if the evidence is relevant for purposes other than proof of a defendant's bad character or criminal propensity, subject only to the limitations of Rule 403. In a conspiracy case, evidence of other bad acts, subject always to the requirements of Rule 403, can be admitted to explain the background, formation, and development of the illegal relationship and, more specifically, to help the jury understand the basis for the co-conspirators' relationship of mutual trust.

Escobar-de Jesus, 187 F.3d at 169 (citations omitted, emphasis added).

Second, it is clear that the central issue in this case – for both defendants – is whether they intended to join Jon Minotti and Francis Muolo in the conspiracy to rob Ruiz of the cocaine and obtain the profits from the subsequent sale of the cocaine. Since Bucci was observed by officers at and during the scene of the robbery, the government anticipates that Bucci's primary defense will be that he was an innocent bystander and that he did not know that Mr. Minotti planned to rob Ruiz. In fact, in his post-arrest statements to officers, he falsely asserted precisely this defense.[2] Thus, the evidence which the government seeks to offer regarding nature of the

---

[2] In his post-arrest statements, Bucci acknowledged that he was present at the scene, and that he had been asked to participate in the robbery. However, Bucci stated that he declined to participate and recruited someone else to participate instead. Bucci refused to tell officers who allegedly asked him to participate in the theft and whom he recruited to conduct the theft.

relationships between and among Mr. Bucci, Mr. Minotti, and Mr. Muolo, including their history of joint participation in a drug trafficking conspiracy, is not only specially relevant under Rule 404(b), but goes to the core of the issue to be decided by the jury in this case.

Courts have routinely admitted evidence of prior narcotics dealing and evidence of the relationships between and among coconspirators in cases such as this one, where a narcotics conspiracy is charged and the defendant asserts that we was an innocent bystander. See, e.g. United States v. Hadfield, 918 F.2d 987, 994-95 (1st Cir. 1990)("We have often upheld the admission of evidence of prior narcotics involvement in drug trafficking cases to prove knowledge and intent," citing cases); United States. v. Spinosa, 982 F.2d 620, 628 (1st Cir. 1992)(admitting under Rule 404(b) evidence of long history of uncharged drug dealing to establish that defendant not an innocent bystander); United States v. Scelzo, 810 F.2d 2, 4 (1st Cir. 1987) ("in a conspiracy prosecution, evidence of similar past crimes or wrongful acts may be especially appropriate because in a conspiracy case knowing participation and intent is an issue of crucial import")(quotations and citations omitted); see also, United States v. Wood, 924 F.2d 399, 401 (1st Cir. 1991); United States v. Latorre, 922 F.2d 1, 8 (1st Cir. 1990); United States v. Ferrer-Cruz, 899 F.2d 135, 137-39 (1st Cir.1990).

The same is true with Jordan. Jordan was observed by officers at the scene of the robbery as well, and through his own admissions, Jordan detained Ruiz while a man ran through the woods with the cocaine. It is evident that Jordan's defense will be that he was conducting legitimate police work at the time of the robbery and had no intent to join the conspiracy. Thus, evidence establishing his criminal intent is central to the issue to be decided by the jury. In particular, the nature of the relationship between Jordan and Minotti in the months leading up to

the crime is fundamental to the jury understanding how a long-time narcotics officer came to be engaged in the theft of cocaine from a drug dealer. Id.

Jordan's motion to exclude any reference to the two non-police issue firearms discovered in his undercover vehicle must be denied on several grounds. As set forth in the government's Trial Memorandum, the government seeks to admit evidence of these weapons because Jordan did not use his police-issued service weapon in the robbery of Ruiz. Rather, he employed a silver revolver which he was not permitted use in the course of his police work by Malden Police Department policy. The evidence of other non-police issued handguns in his vehicle at the time of his arrest – particularly when those weapons were not traceable to Jordan, and one of them was a stolen weapon – establishes Jordan's access to non-police issued firearms. His access to such weapons is specially relevant to this case. The government expects Jordan to challenge Ruiz's description of Jordan's use of a firearm in the offense, as well as Ruiz's description of that firearm. Because Jordan's service weapon was a semi-automatic rather than a revolver, the government needs to establish that Jordan had access to other firearms which were not issued by the Malden P.D. In addition, the fact that Jordan used a weapon other than his service handgun when detaining Ruiz is further evidence of his intent to participate in the conspiracy. If Jordan were simply out performing his duty that day there would be no reason for him to use an unauthorized weapon. Moreover, the use of a revolver in the course of a crime provides a substantial advantage to a defendant because it does not leaving shell casings behind if the firearm is discharged.[3]

---

[3] In addition, evidence of gun possession by a non-felon is not necessarily a "bad act" covered by Rule 404(b). See United States v. Hahn, 17 F.3d 502, 509 (1st Cir. 1994)("possession of a licensed firearm is neither a bad act nor indicative of bad character"). Thus, to the extent

Finally, the government has requested that the Court instruct the jury that the evidence which is offered under Rule 404(b) may not be used to establish the defendants' bad character. See Government's Proposed Jury Instructions at 27 [Doc.No. 204]. Courts have routinely approved the use of such limiting instructions to eliminate any unfair prejudice associated with evidence admitted under Rule 404(b). See, e.g. United States v. Scott, 270 F.3d 30, 47 (1st Cir. 2001)(approving admission of 404(b) evidence related to "the background, formation, and development of the illegal relationship" to prove conspiracy, and approving use of limiting instruction); Hadfield, 918 F.2d at 995 .

For the foregoing reasons, the government respectfully requests that the defendants' motions in limine be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

March 13, 2006        BY:   *John T. McNeil*

        JOHN T. McNEIL
        S. THEODORE MERRITT
        Assistant U.S. Attorneys

---

that the Court is concerned with the fact that one of the weapons was a stolen weapon, the government could simply offer evidence of the presence of the weapons without reference to the fact that one was stolen. In this manner, Rule 404(b) is not implicated at all. Id.

**CERTIFICATE OF SERVICE**

      I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ John T. McNeil

JOHN T. McNEIL
Assistant U.S. Attorney