UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| DAVID JORDAN ) | |
|   and ) | |
| ANTHONY BUCCI, ) | |
|       Defendants ) | |

**GOVERNMENT'S OPPOSITION TO WITNESS BRYAN RAFTERY'S
MOTION TO QUASH TRIAL SUBPOENA**

Bryan Raftery. a witness who has been served with a subpoena to testify at the trial of the above-captioned case has moved to quash the subpoena on the ground that his attorney has not been furnished his prior grand jury testimony and reports of other statements. His motion is meritless and should be denied.

**FACTS**

**A. ANTICIPATED TESTIMONY**

As laid out in detail in the Government's Opposition to Defendant Jordan's Motion to Sever [Docket # 155 ], Bryan Raftery was a friend and associate of Anthony Bucci, who was initially asked to participate in the drug-rip off, but did not. After the robbery, later in the day, Bucci picked up Raftery and told Raftery about the staged drug rip-off they had pulled off that morning at the Malden hospital and said that it was the cop's fault that it did not go down as smooth as it should have. Bucci enlisted Raftery to call Ruiz, pretending to be Bucci using the alias "Gino," in an effort to convince Ruiz that the cop was legitimate and that there was no rip-off. Raftery made several calls to Ruiz that afternoon, using Bucci's cell phone. As instructed by Bucci, Raftery tried to assure Ruiz that he [Bucci] did not try to set Ruiz up and that the cop even pulled him over a second time

and searched his car.  Bucci gave Raftery $1,000 that day as a Christmas present.

### B. FACTS RELATED TO TRIAL APPEARANCE

After Raftery was served with a trial subpoena, his current counsel sent the letter dated February 27, 2006 attached his motion.  In response the undersigned informed counsel that Mr. Raftery's reluctance to testify against a friend was understandable.  As for counsel's request to be provided his client's grand jury testimony and any other prior statements in order to assess his legal status, the undersigned informed counsel that the government acknowledged that Mr. Raftery would have a valid Fifth Amendment privilege against self-incrimination based on his prior testimony and statements and that the government would be seeking an immunity order under 18 U.S.C. §6002 .[1]  Indeed, the government has now filed such an immunity application.  The undersigned also told counsel that he would not send the witness's grand jury testimony and reports of interview to counsel but would make them available for he and his client to review at the U.S. Attorney's Office.

### ARGUMENT

The motion to quash should be denied for a number of reasons.  First, the initial premise on which it is based no longer exists, if it ever did.  The claim that counsel needs to review Raftery's prior statements to "assess his legal status in regard to his commanded testimony at trial" rings hollow, given that any such testimony would be compelled and protected from self-incrimination by an immunity order.  Because the immunity order would  prohibit the use of Raftery's trial testimony, or any information derived from it, in a prosecution for any past crimes, including perjury before the grand jury, counsel's purported need to review his client's prior testimony to give legal advice is illusory.

Second, the government offered  to make Raftery's materials available for his and his

---

[1] Curiously, counsel's motion and affidavit omit this part of the conversation.

counsel's review at the U.S. Attorney's Office but this offer was apparently rejected.

Third, and most importantly, the law is clearly established in this Circuit that a witness is not generally entitled to a transcript of his grand jury testimony. *In re Special Proceedings*, 373 F.3d 37, 47 (1st Cir. 2004), citing *In re Bianchi*, 542 F.2d 98, 100 (1st Cir. 1976). In *Bianchi*, a witness who had been immunized refused to testify without being provided his prior grand jury transcript and statements. The First Circuit upheld the denial of his request, noting that "appellant's ill-defined fear that a 'slight inconsistency' between past and present testimony might subject him to perjury prosecution was unfounded," because statutory immunity "precludes the use of immunized testimony in a prosecution for past perjury, and appellant is not entitled to any protection for future perjury." *Id*.

Such is the case here. Raftery, an obviously reluctant immunized witness called by the government, has no legitimate need from the standpoint of legal jeopardy to review his prior statements. Any other purposes he may have do not invoke the intervention of this Court.

## **CONCLUSION**

For the foregoing reasons, Bryan Raftery's motion to quash his subpoena should be denied and he should be ordered to appear for trial on March 20, 2006 until released by the Court.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By: /s/ S. Theodore Merritt
    JOHN T. McNEIL
    S. THEODORE MERRITT
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

    I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

/s/ S. Theodore Merritt
S. THEODORE MERRITT
Assistant U.S. Attorney