UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAR -9 P 3:08

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA )
)
) Criminal No. 04-10194-RCL
V. )
)
ANTHONY BUCCI, ET. AL. )
)

### AFFIDAVIT OF BERNARD GROSSBERG, ESQ., IN SUPPORT OF MOTION OF WITNESS BRYAN RAFTERY TO QUASH SUBPOENA

I, Bernard Grossberg, do under oath depose and say that:

(1) I am an attorney duly admitted in the Commonwealth of Massachusetts before this Court.

(2) I represent Bryan Raftery who on February 22, 2006, was served with a Subpoena In A Criminal Case dated February 15, 2006 at his home at 310 Fellsview Terrace, Stoneham, Massachusetts.

(3) The said subpoena commands my client, "…to appear in the United States District Court" on March 20, 2006, "…or any subsequent place, date and time set by the court, to testify in the above-referenced case. This subpoena shall remain in effect until …(the witness is) granted leave to depart by the court or by an officer acting on behalf of the court".

(4) In a letter dated February 27, 2000, to Assistant United States Attorney John McNeil and Assistant United States Attorney S. Theodore Merritt, I stated that, "In order to assess Mr. Raftery's legal status, I would greatly appreciate it and I hereby request that you furnish me with the following:

- Bryan Raftery's testimony before the grand jury on or about June 29, 2004

- Bryan Raftery's statements and/or reports regarding same made by him at the Stoneham Police Department to Stoneham Police Officer Norton, State Police Officer O'Neil, Special DEA Agent Tully and/or any other local, state or federal law enforcement agents or officials on or about December 8, 2004

- Bryan Raftery's statements and/or reports regarding same made by him at his home at 310 Fellsview Terrace, Stoneham, MA to Special DEA Agent Tully and/or any other local, state or federal law enforcement agents or officials on or about February 22, 2006

- Bryan Raftery's statements and/or reports regarding same made by him during the course of a telephone conversation(s) with Special DEA Agent Tully and/or any other local, state or federal law enforcement agents or officials on or about February 23, 2006

(5) During the course of telephone conversations with Assistant United States Attorney S. Theodore Merritt on February 2 and 6, 2006, we discussed my letter, my client's legal status and my request for the said documents. During the course of our conversation on February 6, 2006, Assistant United States Attorney Merritt informed me that the government declined to furnish me with the requested documents; however, my client could review the documents, in particular his grand jury testimony and reports regarding his discussions with government agents, with counsel for the government should he elect to do so.

(6) Without access to the requested documents, I remain unaware of my client's testimony and statements and I am not able to evaluate or otherwise assess my client's legal status in regard to his commanded testimony before this Court at the trial of the above-entitled matter and I cannot advise him accordingly.

(7) To require my client to testify before this Court at the trial of the above-entitled matter without furnishing his counsel with the said requested documents of his prior testimony and statements would serve to violate my client's rights to due process of

law and fundamental fairness, as well as, his right to the effective assistance of counsel guaranteed him by the Fifth and Sixth Amendments to the Constitution of the United States.

      Signed under the pains and penalties of perjury this 8th day of March, 2006.

                                                               Bernard Grossberg