UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Criminal No. 04-10194-RCL |
| V. | ) ) |  |
| ANTHONY BUCCI, ET. AL. | ) ) |  |

### EMERGENCY MOTION OF WITNESS BRYAN RAFTERY TO BE FURNISHED WITH GRAND JURY TESTIMONY AND PRIOR STATEMENTS

The witness Bryan Raftery, moves this Court to order the government to furnish him with a transcript of his testimony before the grand jury, any and all prior statements and in particular, with the following:

- Bryan Raftery's testimony before the grand jury on or about June 29, 2004

- Bryan Raftery's statements and/or reports regarding same made by him at the Stoneham Police Department to Stoneham Police Officer Norton, State Police Officer O'Neil, Special DEA Agent Tully and/or any other local, state or federal law enforcement agents or officials on or about December 8, 2004

- Bryan Raftery's statements and/or reports regarding same made by him at his home at 310 Fellsview Terrace, Stoneham, MA to Special DEA Agent Tully and/or any other local, state or federal law enforcement agents or officials on or about February 22, 2006

- Bryan Raftery's statements and/or reports regarding same made by him during the course of a telephone conversation(s) with Special DEA Agent Tully and/or any other local, state or federal law enforcement agents or officials on or about February 23, 2006

In support of this motion, the witness states the following:

(1) On February 14, 2006, the government issued a Subpoena In A Criminal Case, which was served on the witness on February 22, 2006 at his home at 310 Fellsview Terrace, Stoneham, MA by Drug Enforcement Special Agent Mark G. Tully.

(2) The said subpoena commands the witness, "…to appear in the United States District Court" on March 20, 2006, "…or any subsequent place, date and time set by the court, to testify in the above-referenced case. This subpoena shall remain in effect until …(the witness is) granted leave to depart by the court or by an officer acting on behalf of the court".

(3) In a letter dated February 27, 2006, to Assistant United States Attorney John McNeil and Assistant United States Attorney S. Theodore Merritt, "In order to assess (the witness') legal status," counsel for the witness requested that the government furnish him with the documents described above.

(4) During the course of telephone conversations on February 2 and 6, 2006, counsel for the government informed counsel for the witness that it would not furnish the witness with the said requested documents.

(5) On or about March 8, 2006, a Motion Of Witness Bryan Raftery To Quash Subpoena and an affidavit of counsel in support thereof, were filed with the Court.

(6) On March 14, 2006, this Court, Lindsay, J., in response to the Application Of Michael J. Sullivan, United States Attorney for the District of Massachusetts, for an Order requiring Bryan Raftery to give testimony or provide other information pursuant to the provisions of Title 18, United States Code, Sections 6002 and 6003.

(7) Also, on March 14, 2006, this Court, Lindsay, J., issued an Order denying the Motion Of Witness Bryan Raftery To Quash Subpoena and stated that, "To the extent this motion is based on the government's failure to provide a copy of witness Raftery's grand jury testimony, the motion is without merit because the movant has not shown a

particularized need for such disclosure. See In Re Special Proceedings, 373 F.3d 37, 47 (1st Cir. 2004)".

(8) Counsel for the witness has made requests upon counsel for defendant Jordan and counsel for defendant Bucci to be furnished with the said requested documents; however, his requests were denied given the Court's, Lindsay, J., issuance on or about January 31, 2005 of a Protective Order.

(9) Counsel for the witness has also made a request upon counsel for the government to be furnished with the said requested documents; however, his request was denied given the Court's, Lindsay, J., issuance on or about January 31, 2005 of a Protective Order and on the ground that the government would not furnish the witness with the documents. In a letter dated March 16, 2006 from Assistant United States Attorney S. Theodore Merritt to counsel for the witness, the government stated, inter alia, that if counsel and the witness, "…wish to review his prior testimony and statements before he testifies, please contact me to make arrangements". It is the understanding of counsel for the witness that pursuant to such a procedure, the government would discuss the witness' prior testimony and statements with him in the presence of his counsel; however, it would not furnish the witness or his counsel with copies of the said requested documents.

(10) Without access to the said requested documents, counsel for the witness is not able to evaluate or otherwise assess the witness' legal status in regard to his commanded testimony before this Court at the trial of the above-entitled matter and counsel cannot therefore, advise him accordingly. Moreover, the procedure offered by the government as stated in paragraph 9 above, would not afford counsel for the witness

an opportunity to review and study the said requested documents and to advise the client accordingly in the context of an attorney-client relationship.

(11) Given the fact that the witness does not have a specific or complete memory of the content of the said requested documents, the ability of counsel to present a fact-specific offer of proof as to the witness' particularized need for the documents, is greatly impaired. Counsel for the witness offers the following general facts to support the witness' need for the Court to order that he be furnished with the said requested documents:

   a. At the outset of his appearance before the grand jury on June 29, 2004, the witness invoked his right to counsel and right to remain silent guaranteed him by the Fifth and Sixth Amendments to the Constitution of the United States. Subsequent to his invoking these rights, the proceedings before the grand jury were recessed and agents of the government conferred with the witness. As a result of such conversations, the witness recanted the invocations of his rights and testified before the grand jury. Should such events have occurred during the course of the witness' appearance before the grand jury, the witness would have grounds to pursue a further motion to quash the subpoena served on him by the government. In addition, the witness' subsequent statements would be subject to review or "suppression" by this Court on the grounds of the illegality which occurred during the witness' appearance before the grand jury and/or on the grounds that any such statements were tainted.

   b. Should there be grounds to assert based on the witness' testimony before the grand jury on June 29, 2004, that his invocation of his rights to counsel and to remain silent were violated, the witness may be entitled to pursue a motion to suppress his testimony on the basis that his testimony was involuntary. See LaFrance v. Bohlinger, 499 F.2d 29, 31-36 (1st Cir. 1974), United States v. Finucan, 708 F.2d 838, 843 (1st Cir. 1983).

   c. **The witness may have given materially inconsistent statements during the course of his testimony before the grand jury on or about June 29, 2004 and in his statements at the Stoneham Police Department on December 8, 2004 to state and federal law enforcement officers. Although the Order issued by this Court on March 14, 2006, affords the witness immunity in regard to his testimony at trial, as the Order specifically states, it does not preclude a prosecution for perjury or giving a false statement. Consequently, the witness faces an actual**

        **"perjury trap" should his testimony at trial differ from his grand jury testimony or his subsequent statements. Most crucially, it is beyond refute that his testimony at trial will differ from either his grand jury testimony or subsequent statements as his grand jury testimony and subsequent statements materially differ and are inconsistent with each other. In effect, the witness will be exposed to a charge of perjury despite the immunity order and at the "caprice" of the government. A "perjury trap" is created when the government calls a witness… for the primary purpose of obtaining testimony from him in order to prosecute him later for perjury, <u>United States v. Chen</u>, 933 F.2d 793, 706-797 (9th Cir. 1991); <u>Wheel v. Robinson</u>, 34 F.3d 60, 67 (2nd Cir. 1994).**

d.     Given the witness' materially inconsistent statements during the course of his testimony before the grand jury on or about June 29, 2004 and in his statements at the Stoneham Police Department on December 8, 2004 to state and federal law enforcement officers and the immunity Order issued by this Court, it is essential that the witness receive the advice of counsel prior to testifying at trial. See, <u>United States v. Burke</u>, 425 F.3d 400, 408-410 (7th Cir. 1005) "Against this fundamental need in our judicial system to rely on a person's sworn statement – his or her "word" – this Court now must weigh the defense of a 'perjury trap'. This phrase suggests the deliberate use of judicial proceeding to secure perjured testimony, a concept in itself abhorant". <u>United States v. Simone</u>, 627 F.Supp. 1264, 1268 (D. NJ. 1986).

e.     Counsel for the witness has an ethical duty to advise the witness based on the facts and applicable law. D. Mass. Local Rule 83.6(4)(B) adopting Supreme Judicial Court Rule 3:07, Rules of Professional Conduct 1.4(b)("A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation" and Rule of Professional Conduct 1.1 ("A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation necessary for the representation."), has been and continues to be impeded by the fact that counsel for the witness cannot advise the witness without access to the said requested documents, nor can counsel pursue any other remedies which may available to the witness without access to the said requested documents. Moreover, the witness' perdicament is not subject to any other form of timely relief. <u>United States v. Taylor</u>, 881 F.2d 840, 844 (9th Cir. 1989) ("Assuming that a 'perjury trap' defense is available and Taylor can establish it, the remedy would be dismissed of the indictment" or raising the issue on direct appeal following conviction, not in a pre-trial interlocutory appeal).

(12)  The government will not be prejudiced in any regard by furnishing counsel for the witness with the said requested documents; whereas, the witness will be irrevocably prejudiced by being compelled to testify before this Court without prior access to the said requested documents and consultation with his counsel.  Compelling the witness to testify before this Court in such circumstances violates the witness' rights to due process of law and fundamental fairness, as well as, his right to the effective assistance of counsel guaranteed him by the Fifth and Sixth Amendments to the Constitution of the United States.

WHEREFORE, witness Bryan Raftery prays that this Court order the government to furnish him with a transcript of his testimony before the grand jury and any and all prior statements as described above.

> Respectfully submitted
> By his attorney,
>
> /s/ Bernard Grossberg
> _____
> Bernard Grossberg
> 99 Summer Street
> Suite 1800
> Boston, MA  02110
> (617) 737-8558
> B.B.O. No. 212900

## CERTIFICATE OF CONSULTATION

I, Bernard Grossberg, hereby certify that, as described in paragraphs 4, 8 and 9 above made requests to Thomas Drechsler, Esq., counsel for defendant Jordan, Michael Natola, Esq., counsel for defendant Bucci and to Assistant United States Attorney S. Theodore Merritt to be furnished with the documents sought herein and each attorney declined to furnish me with same in view of the Protective Order issued by this Court or or about January 31, 2005.

/s/ Bernard Grossberg
_____
Bernard Grossberg

## CERTIFICATE OF SERVICE

I, Bernard Grossberg, hereby certify that on this 17th day of March, 2006, I have served a true copy of my **Emergency Motion Of Witness Bryan Raftery To Be Furnished With Grand Jury Testimony And Prior Statements** upon Assistant United States Attorneys S. Theodore Merritt, Esq. and John McNeil, Office of the United States Attorney, One Courthouse Way, Boston, MA  02210; and upon Michael Natola, Esq., 63 Atlantic Avenue, Suite 2B, Boston, MA  02110 and upon Thomas Drechsler, Esq., Finneran, Byrne & Drechsler, 50 Redfield Street, Suite 201, Boston, MA  02122 by delivering same by pre-paid first class mail.

/s/ Bernard Grossberg
_____
Bernard Grossberg