UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.            ) | CRIMINAL NO. 04-10194-RCL |
| ) | |
| DAVID JORDAN        ) | |
|   and           ) | |
| ANTHONY BUCCI,       ) | |
|     Defendants   ) | |

## GOVERNMENT'S OPPOSITION TO WITNESS BRYAN RAFTERY'S EMERGENCY MOTION TO BE FURNISHED WITH GRAND JURY TESTIMONY AND PRIOR STATEMENTS

Bryan Raftery has moved the Court to order the government to provide him with his prior grand jury testimony and statements. None of the reasons he advances supports any particularized need for such materials. Rather, his motion is a thinly veiled attempt of a reluctant witness to mold his trial testimony in a way favorable to the defendant. The Court should summarily deny his motion.

His first purported reason is that his counsel needs to study the statement to be able to adequately advise him about his "legal status regarding his commanded testimony before this Court at trial." This argument should be rejected in the first instance because the government has agreed to make available Raftery's grand jury testimony for review with his counsel in the U.S. Attorney's Office, an offer which has been rejected.

More importantly, his rationales for needing to review prior testimony and statements in order to testify at trial without putting himself in legal jeopardy do not withstand scrutiny. First, his purported concern about facing a "perjury trap" should his testimony at trial differ from his grand jury is not legally tenable. To the extent that a "perjury trap" defense exists at all, it is applicable only where the "government calls a witness . . . for the primary purpose of obtaining testimony from him

in order to prosecute him later for perjury." *United States v. Chen*, 933 F.2d 793, 796 (9th Cir. 1991). *See also United States v. McKenna*, 327 F.3d 830, 837 (9th Cir. 2003)(questioning whether perjury trap could ever be applied to a trial rather than a grand jury).   That narrow scenario is not even suggested here.  The government is calling Raftery because it expects that he will testify truthfully, as he did at grand jury, that Bucci explained to him what happened during the drug rip-off.  It is also expected that he will testify that he called Ruiz at Bucci's request, pretending to be Bucci, to try and persuade Ruiz that he was not victimized by Bucci.  Thus, Raftery's need to review his grand jury testimony would seem less motivated by any fear of falling into a "perjury trap" than trying to fashion his trial testimony to be less damaging to his friend, Bucci.

Second, Raftery's claim that he might subject himself to making inconsistent statements that would subject him to a charge of perjury rings hollow. *See In re Bianchi*, 542 F.2d 98, 100 (1st Cir. 1976)("appellant's ill-defined fear that a 'slight inconsistency' between past and present testimony might subject him to perjury prosecution was unfounded," because statutory immunity "precludes the use of immunized testimony in a prosecution for past perjury, and appellant is not entitled to any protection for future perjury.").

Third, Raftery's claim that he needs the transcript to establish that his Constitutional rights were violated fails on several levels.  Although there is no Constitutional right to an attorney in grand jury proceedings, *United States v. Mandujano*, 425 U.S. 64, 81 (1976),  Mr. Raftery was afforded the opportunity to postpone his appearance for a week  until he secured counsel but declined.  Moreover, Mr. Raftery, was informed of his right against self-incrimination and selectively  invoked the privilege to certain questions.

Counsel's reliance on *LaFrance v. Bohlinger*, 499 F.2d 29 (1st Cir. 1974) to support his purported need for review of the transcript to file a motion to suppress is odd. In that case, the court recognized that to protect a defendant's due process rights, where a witness's claim that a prior statement **used to impeach him** was obtained by police threats and other blatant forms of physical and mental duress, supported by sworn testimony, a court has a duty to conduct an inquiry and exclude the statement if found to have been unconstitutionally coerced." *Id.* at 34. [1] Here, Raftery, as a witness, has no independent basis to seek suppression of his prior grand jury testimony. And the speculation that he might be impeached by his grand jury testimony suggests that he already anticipates that his trial testimony will require such impeachment. This is a disturbing argument that suggests that he is more concerned with the avoidance of testimony than with its truthful content.

Moreover, as later cases have made clear, the holding in *LaFrance* is limited to cases where there is a serious factual dispute whether the witness's prior statement was the result of extreme coercion. *See e.g., United States v. Santiago Soto*, 871 F.2d 200, 202 (1st Cir. 1989)(describing "glaring evidence of police threats and other blatant physical and mental duress required state court judge to inquire"); *United States v. Frederick*, 586 F.2d 470, 481, n.14 (5th Cir. 1978)(describing *LaFrance* as involving "introduction of statements extracted from a nondefendant by extreme coercion and inquisitional tactics"). Raftery has made no such allegation, much less any showing.

---

[1] The court also held that "[u]nless a serious factual dispute can be shown to exist, and one if successful, the defense would be entitled to exclusion, no hearing is at all necessary. . . When a need of such a hearing is established, the government's burden to prove an absence of physical or mental coercion is by a preponderance of the evidence." *Id*. at 36.

For the foregoing reasons, Bryan Raftery's emergency motion to be furnished with all his prior grand jury testimony and statements should be denied.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

Date: March 20, 2006                   By:    /s/ S. Theodore Merritt
                                        JOHN T. McNEIL
                                        S. THEODORE MERRITT
                                        Assistant U.S. Attorneys

## CERTIFICATE OF SERVICE

I, S. Theodore Merritt, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                        /s/ S. Theodore Merritt
                                        S. THEODORE MERRITT
                                        Assistant U.S. Attorney