Marino brought to Massachusetts at the beginning of my trial or put more pressure on having him brought up here last week when Judge Zobel allowed the motion for him to testify for my defense and I request the reasons be placed on the record in open court on Wednesday March 8, 2006.

5) I am renewing the motion I filed on the day of jury empanelment and its included request for a fair opportunity to present a full defense because I observed this Court allow the government an opportunity to call and present testimony from every witness they wanted to call but now that its time for my defense Judge Zobel is unnecessarily rushing and preventing many of my defense witnesses from testifying. The Jury must also feel the tension in the Courtroom with all of the exclusion rulings and the indication that the Court does not want me to present a fair and full defense.

6) My case has included repeated instances of government non-disclosure and most recently on March 7, 2006, for the first time did I become aware of the statements and documents used by AUSA DeNisco in his attempt to impeach my defense witness, Dominca Ortize, which were requested years ago by my former Attorney Janice Bassil. I have been prejudiced by not having an opportunity to confront Steven DeCenso and Thomas Regan with rental vehicle records showing that there was no "green Ford Taurus" used by my gym or the Muffin business, and in fact that on the claimed October 27, 1996 date of the Richard North burglary there were no rental vehicles at all. I request a mistrial based on this prejudicial late disclosure and any and all further restrictions of late disclosures that come to light before the verdict.

-3-

7) I may need another week to fully present my defense, have witnesses interviewed, which Attorney John Salsberg failed to interview, and called and in addition to recalling both Steven DeCenso and Thomas Regan to confront them with rental vehicle records, allowing time for Vincent Marino to be brought to Massachusetts to testify for my defense and interviewing and calling Jon Minotti and other vital witnesses (which may require assignment of substitute counsel due to the Salsberg and Schneider law office conflicts of interest this Court was aware of on the first day of jury empanelment), when this Court considers my request for a mistrial, I am requesting Judge Zobel read the July 22, 2004 conflict hearing transcript which includes, but is not limited to:

> "MR. PAUL A. DeCOLOGERO: **Is there any more ? Where is it ?**
> **Where is the exculpatory evidence, your Honor ? They keep**
> **on holding evidence back.**"
> (page 22)

> "THE COURT: And I am simply asking you whether the Government
> has, you know, **what the level of comfort is on the part of Government**
> **counsel that there isn't something else out there ?**
>
> MR. FEELEY: Well, its as high as it can be, your Honor, without
> having a crystal ball and without knowing for sure. But **the**
> **Government certainly knows of no possibility of reliable**
> **information inconsistent with its theory of the case here.**"
> (page 26)

8) If my request for a mistrial is denied, at least a weeks continuance is necessarily requested for documents and witnesses to be presented on my other suspected perpetrator defenses and theories inconsistent with the governments case because the reliability of information is a question for the jury not the AUSA's

March 8, 2006

Paul A. DeCologero

-4-

**Commonwealth of Massachusetts**
**County of Suffolk**
**The Superior Court**



CIVIL DOCKET# **SUCV2006-00101-F**

RE: **DeCologero v Salsberg et al**

TO: Paul A DeCologero
27 Back Bay Court
Reading, MA 01867

## TRACKING ORDER - A TRACK

You are hereby notified that this case is on the average (A) track as per Superior Court
Standing Order 1-88. The order requires that the various stages of litigation described below
must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 04/10/2006 |
| Response to the complaint filed (also see MRCP 12) | 06/09/2006 |
| All motions under MRCP 12, 19, and 20 filed | 06/09/2006 |
| All motions under MRCP 15 filed | 04/05/2007 |
| All discovery requests and depositions completed | 02/29/2008 |
| All motions under MRCP 56 served and heard | 04/29/2008 |
| Final pre-trial conference held and firm trial date set | 08/27/2008 |
| Case disposed | 01/09/2009 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be
notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline
for filing return of service.**

This case is assigned to session **F** sitting **in CtRm 1006, 3 Pemberton Square, Boston,
Suffolk Superior Court.**

Dated: 01/11/2006

Michael Joseph Donovan
Clerk of the Courts
BY: Martin J. Conley/Timothy Walsh
Assistant Clerk

Location: CtRm 1006, 3 Pemberton Square, Boston
Telephone: 617-788-8131

*Exhibit*

COMMONWELATH OF MASSACHUSETTS

SUFFOLK, SS.                          SUPERIOR COURT DEPARTMENT
                                     No. 2006 –00101F

*USA v Bucci*

*04-cr-10194-Rcl*

```
                                     )
PAUL A. DeCOLOGERO,                  )
                    Plaintiff        )
                                     )
V.                                   )
                                     )
JOHN SALSBERG; RYAN SCHIFF,          )
SUSAN CHURCH, Law Firm Of            )
SALSBERG & SCHNEIDER, et.al.,        )
                    Defendants       )
                                     )
```

## VERIFIED LEGAL MALPRACTICE COMPLAINT

### I.    JURISDICTION AND CAUSES OF ACTION

1) This complaint is filed primarily for a tort claim of negligent legal malpractice and the Court is additionally requested to make a binding declaratory judgment on the primary negligence claim concerning untimely preparation and filing of double jeopardy pleadings as well as the secondary claims concerning the law firm conflict of interests and gross negligence in failing to start to prepare for trial until approximately a year after John Salsberg's law firm was assigned to the case. Because the double jeopardy claim is the legal equivalent of the Massachusetts malpractice element of innocence, there is no separate issue of innocence to litigate and the record of an ongoing trial is expected to document prejudice suffered by plaintiff due to the law firm of Salsberg & Schneider's conflict concerns and delay in pre-trial preparation.

### II.    PARTIES:

2) Plaintiff, Paul A. DeCologero, is a citizen and resident of both the Commonwealth of Massachusetts and the United States.

-1-

3) Defendants, John Salsberg, Ryan Schiff, and Susan Church are also citizens of the Commonwealth and the United States and the law firm defendant, Salsberg & Schneider [which includes Attorney Michael Schneider] is a lawfully formed business partnership at 90 Commercial Wharf,Boston, MA. 02110. These defendants may be referred to as the defense team in United States V. DeCologero, 01-10373-RWZ and are being sued as individuals in their personal capacities for monetary damages.

### III.   VERIFIED FACTS SUPPORTING THE CAUSES OF ACTION:

4) Defendant Ryan Schiff worked in the law office of Attorney Robert Sheketoff during the time period that such office represented Vincent Marino-Portalla. The Salsberg and Schneider defense team did not disclose this fact to the plaintiff during approximately the first year of their representation until the plaintiff's paralegal discovered this fact and plaintiff confronted defendant Schiff with it.

5) Vincent Marino-Portalla was reported in the Boston Herald on November 27, 1996 to be a suspect in the murder of Aislin Silva and at that time he was under DEA, FBI [and upon information and belief also ATF] investigation for cocaine trafficking and other violent crimes, including drug dealer robberies and RICO conspiracy, for which Attorney Sheketoff's office represented him at trial and on appeal through 2002 in two federal prosecutions.

6) Plaintiff is presently being prosecuted on allegations related to the disappearance or murder of Aislin Silva, robberies of drug dealers, RICO conspiracy and cocaine trafficking and has been represented by the Salsberg and Schneider office defense team for approximately the past sixteen months.

-2-

7) Up until plaintiff's repeatedly pressing counsel on the subject in November 2005, defendant Salsberg did not file motions concerning other suspected perpetrator Vincent Marino, did not require his investigator to follow up leads or conduct interviews with named witnesses concerning such other suspect, and continues to show a noticeable reluctance in fully preparing and presenting such defense.

8) Despite being requested to contact Attorney Robert Sheketoff since the summer of 2005, and requested to obtain three boxes of tape transcripts or the actual DEA tapes, FBI, DEA and ATF reports and DEA informant John Mele's notes concerning daily surveillance of Vincent Marino in November 1996, upon information and belief defendant Salsberg has negligently failed to seek and obtain such exculpatory evidence from Attorney Sheketoff and as of January 9, 2006 has not prepared a subpoena to obtain such exculpatory evidence from the government.

9) Defendant Salsberg's law partner, Michael Schneider, filed a motion to withdraw from representing Jon Manotti, stating he believed the potential conflict with another of the law firm's clients would bloom into an actual conflict of interest, at the time he helped Minotti enter into plea cooperation agreement.

10) Jon Minotti is a long term government informant whose alleged crime partner was David Jordan, a police officer, and upon information and belief Minotti has either exculpatory defense witness knowledge, or told Schneider inculpatory facts, arising from Minotti's Medford-Malden cocaine and weapons trafficking in 1996. Minotti's other codefendant, Anthony Bucci, is a defense witness for the plaintiff. Defendant's Salsberg, et. al. did not volunteer any information, and did

-3-

not give plaintiff a copy of Schneider's motion to withdraw, in relation to the potential
or actual conflict of interest.

11) In the context of a conversation in which defendant Church
asked where she could get Anthony Bucci's case records, when she was told the case
file was probably in her partner Michael Schneider's office, she stated affirmatively
that she could not look at it because that would be a conflict of interest.

12) As a result of Michael Schneider's representation of Jon
Minotti, the Salsberg et. al. team did not seek and obtain any documents or interview
Jon Minotti with respect to his potential as a defense witness and did not even interview
defense witness Anthony Bucci yet. Salsberg et. al. have not even attempted to take
advantage of Detective David Jordan being prosecuted by, and therefore having
animosity toward, the federal government and have not sought to interview him prior
to attempting to subpoena him as a defense expert witness on murder investigations
in the area Aislin Silva disappeared in and to testify to his insider knowledge as an
informant control officer in that area in November 1996.

13) Defendant Salsberg did not prepare for plaintiff's federal
trial during a period of approximately ten months after he began his representation of
plaintiff. At times thereafter he assigned work to his associates Ryan Schiff and
Susan Church and due to Salsberg not reading the voluminous record he only met with
the plaintiff to obtain verbal descriptions of facts and the record from the plaintiff. The
plaintiff believes that even as of the first day of scheduled trial, January 9, 2006,
Attorney Salsberg has not personally read all of the discovery materials in the file.

-4-

14) Defendant Salsberg has filed an affidavit in <u>United</u>
States V. DeCologero explaining that he is not prepared to begin the trial on
January 9, 2006 and plaintiff incorporates such affidavit and all of Salsberg's
court arguments herein by reference as admissions of negligence.

14) Defendant's Salsberg, Church and Schiff were simply
too lazy to read vital double jeopardy defense transcripts from a prior RICO and
cocaine trafficking conspiracy trial in which plaintiff was acquitted. Sever volumes
from a first trial transcript were missing and these defendants negligently failed
to obtain them and negligently failed to read forty volumes of s second trial transcript
in the same case.

15) Because of defendant's negligence, plaintiff had his
paralegal read and type excerpts from the first trial transcript, then obtain, read
and provide transcript excerpts from the second trial transcript to defendants
Schiff and Salsberg in late November 2005. Defendant Schiff promised to have
a supplemental double jeopardy memorandum with supporting exhibits prepared
shortly thereafter in early December 2005.

16) Defendant Schiff breached his promise to prepare
and file the supplemental double jeopardy pleadings throughout December 2005
and on December 30, 2005 Honorable Judge Rya Zobel denied plaintiff's double
jeopardy defense motion based on Salsberg, Church and Schiff not filing any
support for it. Subsequently defendant Salsberg late filed a motion for reconsider-
ation on January 4, 2006 which to plaintiff's knowledge has not been ruled on

-5-

as of 9:00 am start of his trial on January 9, 2006 (causing this complaint filing).

17) Defendants Salsberg, Church and Schiff have negligently failed to adequately prepare plaintiff's defense prior to his trial beginning (for which further trial prejudice shall be stated in an amendment to this complaint).

18) Defendants Schiff and Salsberg have caused plaintiff to loose the opportunity to appeal his supplemental double jeopardy claims to the First Circuit Court of Appeals prior to trial beginning in United States V. DeCologero, 01-cr-10373-RWZ on January 9, 2006, thereby causing irreparable prejudice and risk of wrongful conviction as well as loss of liberty for any number of years or for the rest of plaintiff's life.

19) Defendants' Salsberg, Church and Schiff negligently failed to notify trial Judge Rya Zobel of the conflict issues in a timely manner placing plaintiff at risk of her adversely deciding against him, or forcing him to involuntarily proceed without competent prepared counsel, despite Schiff and Salsberg being forwarned on several prior occasions that they should notify Judge Zobel of the conflict issues. The plaintiff shall amend this prejudice aspect in an amended complaint depending on Judge Zobel's decisions on, or following, the January 9, 2006 filing of a motion with a copy of this verified complaint attached thereto.

20) Defendant's negligent malpractice, gross negligence, undisclosed conflict based omissions, and intentional infliction of undue mental and emotional distress were outrageous and have harmed and injured plaintiff as well as prejudiced his ability to adequately defend against federal charges he is innocent of.

-6-

## IV. **WHEREFORE PLAINTIFF PRAYS THAT**:

a) This court waive the filing fee's for this action and allow service of complaint

and summons on defendants by certified return receipt mail;

b) This court allow an opportunity to file a verified amended complaint following

the completion of plaintiff's federal trial and taking of civil discovery in the

form of interrogatories and productions of documents from and taking the depositions

of, defendants Salsberg, Church, Schiff and their law partner Michael Schneider;

c) This Court make a binding declaratory judgment of the parties rights and any

violations thereof;

d) This court allow plaintiff's demand for trial by jury;

e) The jury and/or this Court order defendants, jointly and severally, to pay

plaintiff:

1) nominal damages;
2) compensatory damages of no less than $ 250,000.00 per year of wrongful imprisonment, loss of future earnings and for defendant's intentional infliction of undue emotional and mental distress;
3) punitive damages, where appropriate, of $ 250,000.00 from each defendant found so liable.
4) Plaintiff's prevailing party attorney's fee's and costs.

f) Whatever further and greater relief the jury and court may deem right and just.

January 9, 2006

Paul A. DeCologero pro se
27 Back Bay Court
North Reading, MA. 01867

**VERIFIED: All statements made herein are made under pain and penalty of perjury, are capable of being verified by court records or are made on person knowledge, unless specified upon information and belief.**

-7-

US + V Bucci

AFFIDAVIT 04-cR-10194-RcL

I, Frances L. Robinson, after being first duly sworn, hereby aver to the truth of the following statements:

1. I am an attorney llicensed to practice law in the Commonwealth of Massachusetts. My offices are located at One Faneuil Hall Market Place, Third Floor, South Market Building, Boston, Massachusetts

2. I am also counsel of record for the defendant John P. DeCologero, Sr., in the matter of United States v. DeCologero, et.al. Criminal No.01-CR103373-RWZ which is presently pending in the United States District Court. I have been his attorney since his arrest in the case in October of 2001.

3. Mr. DeCologero has entered into a plea agreement with the United States and has tendered a plea of guilt to one count of the indictment. He has not yet been sentenced.

4. On Monday, September 20, 2004, I was served with a subpoena in the matter of United States v. Derek Capozzi. Mr. Capozzi is a co-defendant in the indictment to which Mr. DeCologero has pleaded guilty. A copy of the subpoena is attached hereto and marked as Exhibit 1.

5. Following receipt of the subpoena, I reviewed the file and segregated documents which could be deemed requested by the subpoena. The documents fall into four categories: a) documents which are handwritten notes that I took when interviewing my client which reflect the substance of those conversations; b) documents which are handwritten notes that I took while speaking on the telephone with prosecutors or other members of the law enforcement relative to Mr. DeCologero's situation; c) copies of research and notes from sentencing guideline calculations as well as letters from individuals procured for sentencing purposes but which I have not yet decided to use; d) copies of documents related to court proceedings which have been impounded by the court.

6. The documents referred to in paragraph 5 above have been placed in a privilege binder and copied. The original as well as the copies can be produced for the Court's in camera review.

Subscribed to under the pains and penalties of perjury this 23rd day of September, 04.

Frances L. Robinson, Esq.

2

AO89 (Rev. 7/95) Subpoena in a Criminal Case

*Exhibit*
*USA v Buc,*

# UNITED STATES DISTRICT COURT

DISTRICT OF
MASSACHUSETTS          *04-cr-10194-Rcl*

UNITED STATES OF AMERICA

v.

DEREK A. CAPOZZI

**SUBPOENA IN A
CRIMINAL CASE**

Case Number:

# 01  10373 RWZ

TO: Francis Robinson, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
Third Floor
South Market Bldg.
Boston MA 02109-1649

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE UNITED STATES DISTRICT COURTHOUSE<br>1 COURTHOUSE WAY<br>BOSTON MA 02210 | COURTROOM 5th Floor<br>JUDGE RYA W. ZOBEL |
|---|---|
| | DATE AND TIME 9/27/04<br>At 8:30 A.M. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
Any and all notes, drafts, proffers, documents, letters or other data concerning any information, proffered testimony, offered statements and/or requested and/or offered, rewards, inducements, promises or things of value leading up to and throughout the plea bargain process which was reached between the U.S. Attorney's Office and your client, JOHN PAUL DECOLOGERO SENIOR. (See U.S. V. SUDIKOFF, 36 F.Supp.2d 1196, C.D.Cal.1999; "Attorney's proffer of proposed testimony of [client] did not violate atty.-client priviledge; client communicated proposed testimony to atty. with understanding it would be transmitted to third persons.", "Information regarding prosess revealing negotiations which led to agreement required to be disclosed."id. S.Ct. Standard 503.)

TONY ANASTAS

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
|---|---|
| *Maribeth A. Paine*<br>(By) Deputy Clerk | 26 2004 |

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:
TERRANCE McCARTHY, ESQ.
354 washington St
Braintree MA 02184          Tel. No. 781-848-9555

*Exhibit*
*USA v Bucci*

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

*04-cA-10194-Rcl*

```
*    *    *    *    *    *    *
```

UNITED STATES OF AMERICA,
                PLAINTIFF, *

       V.                *     CRIMINAL NO.
                                   01-CR103373-RWZ

DEREK A. CAPOZZI, ET AL    *
              DEFENDANTS.

```
*    *    *    *    *    *    *
```

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH SUBPOENA

Now comes Attorney Frances L. Robinson and through the undersigned counsel submits the following Memorandum of Law in Support of her Motion to Quash.

### INTRODUCTION

This is a case in which a court-appointed attorney (hereinafter "Attorney Robinson") for John Paul DeCologero, has been served with a subpoena requesting production of documents at trial of a criminal defendant named Derek A. Capozzi. Counsel for Capozzi has requested, through the subpoena, that Attorney Robinson produce:

> Any and all notes, drafts, proffers, documents, letters or other data concerning any information, proffered testimony, offered statements and/or requested and/or offered (sic), rewards, inducements, promises or things of value leading up to and throughout the plea bargaining process which was reached between the U.S. Attorney's Office and your client, JOHN PAUL DECOLOGERO SENIOR. (sic)

(See Subpoena *duces tecum,* Exhibit 1, annexed hereto).

The documents have been requested to be produced for trial in the Matter of *United States v. Capozzi* on Monday, September 27, 2004. (Exhibit 1).

Attorney Robinson has moved to quash the subpoena on three grounds. Alternatively, she seeks to have the documents reviewed by the Court *in camera* and reach a conclusion as to the appropriateness of compelled production.

## I. THE SUBPOENA'S REQUEST CALLS FOR DOCUMENTS PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE.

Attorney Robinson possesses handwritten notes taken during conversations between her and John Paul DeCologero, as well as written communications concerning the plea agreement. The wording of the subpoena could be interpreted as requiring production of these notes.

Clearly, these documents are all protected by the Attorney-Client Privilege. (See Affidavit of Attorney Robinson, Exhibit 2, annexed hereto. In re Keeper of Records Grand Jury Subpoena addressed to XYZ Corp., 348 F.3d 16 (1st Cir. 2003) stating privilege applies to confidential communications made for the purpose of seeking or receiving legal assistance).

## II. THE SUBPOENA REQUESTS DOCUMENTS PROTECTED BY THE DOCTRINE OF WORK PRODUCT.

Attorney Robinson has also segregated several pieces of communication which may be used in sentencing and have been sent to

her by her client. These communications have not yet been published. Included in the privilege binder with these documents are copies of research of the relevant sentencing guidelines pages and research of those excerpts.

These documents were prepared by Attorney Robinson, or at her direction, for the purpose of advising Mr. DeCologero. To the extent that the documents requested by the subpoena include these items because they "concern any information" leading up to the agreement reached, it is Attorney Robinson's position that the documents are clearly her work product and, therefore, demonstrate the overbreadth of the request. See *State of Maine v. U.S. Department of the Interior, 298 F.3d 60 (1st Cir. 2002)*.

A second category of handwritten notes can be categorized as Attorney Robinson's memorializations of conversations that she had with the government agents or prosecutor, which have not been published to anyone. These notes, she contends, are also work product and should be protected from disclosure.

## III. THE SUBPOENA REQUESTS CALLS FOR DOCUMENTS PREVIOUSLY ORDERED IMPOUNDED.

In addition, communications between Attorney Robinson and the Office of the United States Attorney which relate to the government's agreement in relation to Mr. DeCologero's ultimate sentence, have been impounded by Order of the Court on January 30, 2004. (See *United States v. John DeCologero, 01-CR103373-RWZ)*.

4

Attorney Robinson submits that she cannot lawfully produce these documents prior to the impoundment order being lifted or rescinded.

WHEREFORE, Attorney Robinson respectfully requests that the subpoena be quashed, or in the alternative, she respectfully requests that the Court review the documents *in camera* and issue a ruling on the appropriateness of production.

By Her Attorney,

*Willie J. Davis*

WILLIE J. DAVIS
BBO#: 116460
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Fl.
Boston, MA  02109
(617) 723-7339

## CERTIFICATE OF SERVICE

I, Willie J. Davis, attorney for Frances L. Robinson in the above matter, hereby certify that I have, this 23rd day of September, 2004, served a true copy of the within document upon the parties, *via facsimile* to Terrance McCarthy, Esquire, 354 Washington Street, Braintree, MA 02184 and to Chris Bator, AUSA, United States District Courthouse, One Courthouse Way, Boston, MA  02210.

*Willie J. Davis*

WILLIE J. DAVIS



AO89 (Rev. 7/95) Subpoena in a Criminal Case

# UNITED STATES DISTRICT COURT

### DISTRICT OF MASSACHUSETTS

*USA v Bucci*

UNITED STATES OF AMERICA

V.

DEREK A. CAPOZZI

*04-cr-10194-Rcl*
## SUBPOENA IN A
## CRIMINAL CASE

Case Number:

# 01  10373 RWZ

TO: Francis Robinson, Esq.
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace
Third Floor
South Market Bldg.
Boston MA 02109-1649

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below, or any subsequent place, date and time set by the court, to testify in the above referenced case. This subpoena shall remain in effect until you are granted leave to depart by the court or by an officer acting on behalf of the court.

| PLACE UNITED STATES DISTRICT COURTHOUSE<br>1 COURTHOUSE WAY<br>BOSTON MA 02210 | COURTROOM 5th Floor<br>JUDGE RYA W. ZOBEL |
| --- | --- |
| | DATE AND TIME 9/27/04<br>At 8:30 A.M. |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):
Any and all notes, drafts, proffers, documents, letters or other data concerning any information, proffered testimony, offered statements and/or requested and/or offered, rewards, inducements, promises or things of value leading up to and throughout the plea bargain process which was reached between the U.S. Attorney's Office and your client, JOHN PAUL DECOLOGERO SENIOR. (See U.S. V. SUDIKOFF, 36 F.Supp.2d 1196, C.D.Cal.1999; "Attorney's proffer of proposed testimony of [client] did not violate atty.-client priviledge; client communicated proposed testimony to atty. with understanding it would be transmitted to third persons.", "Information regarding prosess revealing negotiations which led to agreement required to be disclosed."id. S.Ct. Standard 503.)

### TONY ANASTAS

| U.S. MAGISTRATE JUDGE OR CLERK OF COURT | DATE |
| --- | --- |
| *Mauhui a. Paine*<br>(By) Deputy Clerk | 26 2004 |

| ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER:<br>TERRANCE McCARTHY, ESQ.<br>354 washington St<br>Braintree MA 02184 | Tel. No. 781-848-9555 |
| --- | --- |

*Exhibit*

UNITED STATES DISTRICT COURT  *USA v Bucci*

DISTRICT OF MASSACHUSETTS

*04-10194-RcL*

\*     \*     \*     \*     \*     \*     \*

UNITED STATES OF AMERICA,                    \*

                  PLAINTIFF,

        V.                              \*     CRIMINAL NO.

                                01-CR103373-RWZ

                               \*

DEREK A. CAPOZZI,

                DEFENDANTS.     \*

\*     \*     \*     \*     \*     \*     \*

## FRANCES L. ROBINSON'S MOTION
## TO QUASH SUBPOENA

Now comes Frances L. Robinson, Esquire; and, through counsel, moves to quash the subpoena served upon her and annexed hereto as Exhibit 1.

As reason therefor, counsel states as follows:

1. The subpoena requires production of documents

   that are protected by the Attorney-Client

   Privilege;

2. The subpoena requires production of documents

   that are protected from disclosure by the

   doctrine of work product;

3. The subpoena requires production of documents

   that have been ordered impounded by Judge

   Zobel; and,

4. The subpoena requires production of documents

the disclosure of which will jeopardize the

safety of Attorney Robinson's client, John Paul

DeColegero and Mr. DeColegero's family members.

A memorandum in support of this motion is submitted herewith.

By Her Attorney,

*Willi G. Davis*

WILLIE J. DAVIS
BBO#: 116460
Davis, Robinson & White, LLP
One Faneuil Hall Marketplace, 3rd Fl
Boston, MA 02109
(617) 723-7339

## CERTIFICATE OF SERVICE

I, Willie J. Davis, attorney for Frances L. Robinson in the above matter, hereby certify that I have, this 23rd day of September, 2004, served a true copy of the within document upon the parties, *via facsimile* to Terrance McCarthy, Esquire, 354 Washington Street, Braintree, MA 02184 and to Chris Bator, AUSA, United States District Courthouse, One Courthouse Way, Boston, MA 02210.

*Willi G. Davis*
_____
WILLIE J. DAVIS

# DAVIS, ROBINSON & WHITE, L.L.P.
### Attorneys at Law
One Faneuil Hall Marketplace, Third Floor
South Market Building
Boston, Massachusetts 02109
Telephone (617) 723-7339
Fax (617) 723-7731

*Exhibit*

*USA v Bucci*

*04-cr-10194-RCL*

*Denied*

Willie J. Davis
Frances L. Robinson
William M. White, Jr.

_____

Jason M. Ranallo

### *VIA FED EX*

September 23, 2004

Terrance McCarthy, Esquire
354 Washington Street
Braintree, MA  02184

### RE:  UNITED STATES V. DEREK A. CAPOZZI
### CRIMINAL NO. 01-10373 RWZ

Dear Attorney McCarthy:

Enclosed herewith please find a copy of the Motion to Quash Subpoena and Memorandum In Support of the Motion filed on behalf of Attorney Frances L. Robinson today with the Court.

Thank you for your attention to this matter.

Very truly yours,

WILLIE J. DAVIS

WJD:s

Enclosures

*Exhibit*

*USA v Blood*

*04-cR-10199-Rcl*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | **CR. NO. 01-10373-RWZ** |
|  | ) |  |
| **v.** | ) |  |
|  | ) |  |
| **DEREK A. CAPOZZI** | ) |  |
|  | ) |  |

## MOTION TO QUASH SUBPOENA

In his request for any and all documents related to statements made by Stephen Dicenso and promises, inducements, and rewards provided to Mr. Dicenso in exchange for his testimony, counsel for Derek Capozzi cites United States v. Sudikoff for the proposition that "Attorney's proffer of proposed testimony of [client] did not violate atty.-client privilege; client communicated proposed testimony to atty. With understanding it would be transmitted to third persons. 36 F. Supp.2d 1196 (C.D. Ca. 1999)." (Statement of Attorney McCarthy in Subpoena dated Aug. 26, 2004). Counsel goes on to note that "Information regarding process revealing negotiations which led to agreement required to be disclosed."

What counsel does not make clear, or even make mention of, however, is that United States v. Sudikoff dealt with the issue of whether or not the material sought – both by the defendant in Sudikoff and the defendant in this case – had to be produced **by the Government** pursuant to its obligations under Brady v. Maryland, Giglio v. United States, or the Jencks Act. Neither the opinion of the Central District of California court nor the Supreme Court Standard cited by Mr. Capozzi's attorney stand for the proposition that an attorney for a cooperating witness can be compelled, via subpoena, to turn over any and all documents relating to his or her client's agreement with the Government as an "end run" around requesting the information from the Government.

Counsel for Mr. Dicenso also objects to Mr. Capozzi's attempt to subpoena all communications relayed to him by Karen Myers, Mr. Dicenso's mother. It is true that as a general rule, individuals must confide in an attorney personally and not through a third party. An exception to this general rule exists, however, when a client is so impaired as to require a designated representative. See Hendrick v. Avis Rent A Car Sys., Inc., 944 F. Supp. 187, 189 (W.D.N.Y. 1996). In the present case, Stephen Dicenso has a neurological impairment that makes his speech difficult to understand. This is particularly true when speaking to Mr. Dicenso on the telephone. The most effective way for Mr. Dicenso to communicate is through the use of an electronic machine that speaks for him based on letters that he types; however, this is an arduous process given that Mr. Dicenso's limitations extend to his motor skills and ability to use his fingers effectively. As a result of these injuries, it is difficult to communicate with Mr. Dicenso over the telephone; therefore, often times communications are relayed through Ms. Myers, Mr. Dicenso's legal guardian. The attorney-client privilege therefore extends to Ms. Myers.

I certify that a copy of the above document was served upon the attorney of record for each other party by MAIL/HAND on the date stated herein

*Christie M. Charles*

Respectfully submitted,
**STEVEN DICENSO**
By his attorney,

*George F. Gormley*

George F. Gormley
*George F. Gormley, P.C.*
655 Summer Street
Boston, MA 02210
(617) 478-2750
BBO. No. 204140

**Dated:** 9-22-04

*Exhibit*

# GEORGE F. GORMLEY, P.C.

ATTORNEYS AND COUNSELORS AT LAW
655 SUMMER STREET
BOSTON, MASSACHUSETTS 02210

*USA V Bucci*

(617) 478-2750

*04-10194-Rcl*

FAX (617) 478-2755

GEORGE F. GORMLEY
CHRISTIE M. CHARLES

OF COUNSEL
FEDELE AND MURRAY, P.C.

September 22, 2004

Lisa Urso, Deputy Clerk
United States District Court
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

Re:    United States v. Capozzi
       Crim. No. 01-10373-RWZ

Dear Ms. Urso:

Enclosed please find a Motion to Quash Subpoena in the above-captioned case.

Thank you for your attention to this matter.

Very truly yours,

George F. Gormley

George F. Gormley

GFG/an
Enclosure

cc:    Terrance McCarthy, Esq.
       Christopher Bator, AUSA

Exhibit

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

USA V Bucci

UNITED STATES OF AMERICA)

     v.           )

04-10194-RCL

Criminal No. 04-10373-RWZ

DEREK A. CAPOZZI, PRO SE)

### EX PARTE
DEFENDANT'S EMERGENCY MOTION FOR AN ORDER TO HAVE
THE U.S. MARSHAL'S SERVICE RETURN ALL RETURNS OF
SUBPOENAS AND ALL ASSOCIATED PAPERWORK UNDER SEAL

COMES NOW, Derek A. Capozzi, and moves this Court for an
Order that the returns of all subpoenas and all associated
paperwork be maintained under seal.

As grounds wherefore the defendant states that it is only
fair that he not be required to reveal his defense theories, or
other such information, nor accidentally produce evidence against
himself by allowing the subpoenas and associated paperwork to be
made publically available.

This motion is made in emergency form as the subpoenas are to
be delivered to the Marshal immediately for service in this matter.

Respectfully Submitted,

TERRANCE McCARTHY, ESQ.
354 WASHINGTON STREET
BRAINTREE, MA 02184
Tel.#(781)848-9555

xc file,
   client.

Allowed
Rya Zobel.
  9/10/04

1

*Exhibit N*

UNITED STATE DISTRICT COURT
FOR THE    *USA v Bucci*
DISTRICT OF MASSACHUSETTS

*04-cr-10194-Rcl*

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| V | )    No. 01-cr-10373-RWZ |
| | ) |
| PAUL A. DeCOLOGERO | )    **(EMERGENCY MOTION)** |

### DEFENDANT PAUL A. DeCOLOGERO'S SIXTH MOTION FOR JUDGE ZOBEL TO ASSIGN CONFLICT FREE COUNSEL AND OMNIBUS MOTION REQUEST FOR EXTENSION OF TIME TO FILE NEW TRIAL MOTION AMENDED GROUNDS, TO ORDER CLERK TO DOCKET ALL OF THE DEFENDANT'S FILINGS AND ASSIGN AN INVESTIGATOR

Now comes the uncounselled defendant, and for the sixth recent time, moves Honorable Judge Rya Zobel **in an emergency posture** to assign conflict free CJA Attorney Diana K. Lloyd and her law firm of Choate, Hall and Stewart pursuant to 18 USC 3006A, for the post-conviction purpose of exposing the outrageous misconduct, conflicts of interest and unprepared defense team refusal to interview and present necessary witness testimony, because only a large law firm, such as Chaote, Hall and Stewart would have the courage to expose such misconduct and necessary resources.

The defendant's paralegal, Michael DuPont, shall timely prepare his basic new trial motion for filing, but the huge case files are still withheld by conflict burdened Attorney Salsberg, so this Court is requested to grant this motion for a thirty day time extension for filing amended new trial motion grounds after new counsel files her appearance in the case, and assign a new investigator with post-conviction fee's.

RESPECTFULLLY SUBMITTED

March 23, 2006, copy served by mail
on AUSA's Feeley, DiNisco & Bator
cc. John Salsberg and all co-defendants

Paul A DeCologero
PAUL A. DeCologero PROSE
2 G. Long Pond Road
Plymouth, MA. 02360