```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA,        )
        Plaintiff,    )
    v.                         )   Criminal No. 04-10194-RCL
                            )
ANTHONY BUCCI,                   )
a/k/a "Gino"                     )
        Defendant.     )
                            )
                            )

**PRELIMINARY ORDER OF FORFEITURE**

**LINDSAY, D.J.,**

    WHEREAS, on or about July 6, 2004, a federal grand jury sitting in the District of Massachusetts returned an eight-count Indictment charging Defendant Anthony Bucci, a/k/a Gino ("Bucci" or the "Defendant"), with the following violations: Conspiracy to Distribute, and to Possess With Intent to Distribute, Cocaine, in violation of 21 U.S.C. §§ 841 and 846 (Count One); Possession of Cocaine With Intent to Distribute, in violation of 21 U.S.C. § 841, and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Two); Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A), and Aiding and Abetting, in violation of 18 U.S.C. § 2 (Count Three); and Possession of Cocaine With Intent to Distribute, in violation of 21 U.S.C. § 841 (Count Five);

    AND WHEREAS, the Indictment sought the forfeiture, as a result of committing one or more of the offenses alleged in

Counts One, Two, and Five of the Indictment, of any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as a result of the offenses, and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, pursuant to 21 U.S.C. § 853;

AND WHEREAS, the Indictment further provided that, if any property subject to forfeiture, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the forfeitable property, pursuant to 21 U.S.C. § 853(p);

AND WHEREAS, on September 24, 2004, the United States filed a Bill of Particulars for Forfeiture of Assets adding the following assets to the forfeiture allegations of the Indictment:

>    1) One 1997 Mercedes Benz S500, Vehicle Identification Number WDBGA51G1VA349608, and Massachusetts Registration Number 3802YL, seized from Anthony Bucci, on or about May 20, 2004; and
>
>    2) $6,563 in U.S. Currency, seized from Anthony Bucci, on or about May 20, 2004,

(collectively, the "Properties");

AND WHEREAS, on April 12, 2006, the Defendant was convicted by a jury of Counts One, Two, Three, and Five of the Indictment;

AND WHEREAS, as a result of the jury's guilty verdicts, and pursuant to 21 U.S.C. § 853(a) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties, or substitute assets, in a value up to the value of the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.  The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the evidence presented at trial, that the government has established the requisite nexus between the Properties and the offenses of which the jury convicted the Defendant.  Accordingly, all of the Defendant's interest in the Properties is hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p).

2.  If the Properties, as a result of any act or omission by Bucci, (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be

divided without difficulty, the United States is entitled to seek forfeiture of any other property of Bucci, up to the value of the Properties, pursuant to 21 U.S.C. § 853(p).

3. The United States Marshals Service shall hold the Defendant Properties in its secure custody and control.

4. Upon the issuance of a Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Properties in such a manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Properties must file a petition with the Court within thirty (30) days of the final publication of the notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of petitioner's alleged interest in the Properties, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in

the Properties that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

                                                                                                          _____
                                                                                                          REGINALD C. LINDSAY
                                                                                                          United States District Judge

Dated: _____