UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10194-RCL |
| | ) | |
| **ANTHONY BUCCI** | ) | |
| | ) | |
| **Defendant** | ) | |

**GOVERNMENT'S PARTIAL OPPOSITION TO DEFENDANT BUCCI'S
MOTION FOR FURTHER EXTENSION OF TIME AND TO CONTINUE
SENTENCING**

The United States of America by and through Assistant United States Attorney John T. McNeil, respectfully files this partial opposition to Defendant Bucci's Motion for Further Extension of Time in Which to Substitute Pleading and to Continue the Sentencing Date (Doc. No. 315). In his consolidated motion, Bucci seeks to continue the sentencing hearing currently scheduled for September 18, 2006, and also seeks additional time in which to file a new trial motion. Bucci seeks to continue the sentencing hearing in order to review the trial transcripts. He also claims that he needs to obtain the complete transcripts of the trial in order to determine if "anything should be raised" in his earlier new trial motion.

**Sentencing**

The government has no objection to a short continuance of the sentencing hearing in order for counsel to review the trial transcripts. The government understands from Bucci's counsel that the remaining trial transcripts have recently been completed. The core trial transcripts – including the testimony of Minotti, Ruiz and defendant Jordan – have been available for some months. While the government does not believe that a review of the entire trial transcript is necessary for purposes of this sentencing because Bucci's sentence will be

largely driven by the counts of conviction and the testimony of Minotti and Ruiz, now that the complete transcripts are available, the government has no objection to a short continuance to accommodate defense counsel.

### New Trial Motion

The government opposes Bucci's request for a further extension on his new trial motion on several grounds. First, Fed.R.Crim.Pro. 45(b)(2) specifically prohibits the Court from extending the time to file a Rule 33 motion when that motion for an extension is made more than seven days after the verdict. Rule 45(b)(2) is an "admittedly inflexible" rule with an "insistent demand for a definite end to proceedings," Eberhart v. United States, 126 S.Ct. 403, 407 (2005). Bucci's continued requests for additional time to file a proper new trial motion directly conflict with this underlying purpose of Rule 45(b)(2). While the Court is permitted under Rule 33 and Rule 45(b)(2) to extend the time period if so requested within the first seven days, no timely request was made in this case. Rather, Bucci's objection to this Court's rejection of his motion was not made until sixteen days after the jury's verdict. See Doc. No. 270. At that point, Rule 45(b)(2) prohibited any extension. His instant request – to file a revised motion five months after the jury verdict – must be rejected as untimely. See United States v. Holt, 170 F.3d 698, 703 (7th Cir. 1999).

Second, Bucci's motion appears to reflect a desire to assert claims which were not raised in his original new trial motion. Rule 33, governing new trials, provides that "any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." Fed. R. Crim. P. 33. The seven-day bar is an inflexible one leaving the district court "without discretion to grant a motion for new trial that is

not timely filed." United States v. Lema, 909 F.2d 561, 565 (1st Cir. 1990); see also United States v. Glenn, 389 F.3d 283, 287 (1st Cir. 2004); United States v. Diaz, 300 F.3d 66, 78 (1st Cir. 2002). Permitting a defendant to amend a timely Rule 33 motion after the expiration of the seven day period in order to raise new theories and issues would violate "both the letter and the spirit" of the rule and allow for untimely challenges to verdicts. United States v. Nelson-Rodriguez, 319 F.3d 12, 41 (1st Cir. 2003) (affirming denial of defendant's "supplemental" motion for new trial which raised a different set of issues than those raised in the original motion); Holt, 170 F.3d at 703 (rejecting defendant's argument that an amended or supplemental motion should be deemed to "relate back" to the date of the original motion on the grounds that this would defeat the express language of Rule 33). Thus, even if this Court concludes that Bucci may still press a new trial motion, he may not amend that motion to raise issues or theories beyond those set forth in his original motion. Id.

Third, even if Bucci is successful in overcoming the procedural hurdle or Rule 45(b)(2), this Court should reject his motion for an extension of time. Bucci's motion rests largely on an ineffective assistance of counsel claim. Such claims are better addressed after sentencing and direct appeal have been completed. The First Circuit has repeatedly concluded that ineffective assistance of counsel claims should ordinarily be raised in petitions pursuant to 28 U.S.C. §2255. See, e.g. United States v. Rodriguez, 457 F.3d 109, 117-118 (1st Cir. Aug. 02, 2006); United States v. Hansen, 434 F.3d 92, 103 (1st Cir. 2006); United States v. Sanchez, 917 F.2d 607, 613 (1st Cir. 1990) (stating that ineffective assistance of counsel claims are "better left to collateral review under 28 U.S.C. § 2255"). While there is no absolute bar to raising such claims in new trial motions, a more complete record – including an appellate court's ruling on substantive

3

issues raised by counsel – is often helpful to fully evaluate whether the defendant was prejudiced by the claimed ineffective assistance.[1]

Bucci's repeated requests for extensions of time to re-cast his new trial motion threaten to delay the completion of this case, and may result in piecemeal appeals. Moreover, no evident injustice will result from denying Bucci's latest motion for an extension of time. Given Bucci's former counsels' extensive efforts on his behalf in pretrial motions and at trial, it is highly unlikely that Bucci will be able to successfully establish on the merits that Mr. Natola and Mr. Rossi were "not functioning as the 'counsel' guaranteed the defendant by the Sixth

---

[1] In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court articulated a two-part test to determine whether, in a particular case, an attorney's performance fell below the constitutionally required minimum. First, the performance must be shown to have been deficient, and second, the deficient performance must be shown to have prejudiced the defense. Id. at 686-87. With respect to prejudice, Bucci must establish, "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Phoenix v. Matesanz, 233 F.3d 77, 81 (1st Cir. 2000) (citations and quotations omitted). The defendant bears the burden of proof, by a preponderance of the evidence, on both parts of this test. See Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002); Scarpa v. DuBois, 38 F.3d 1, 8 (1st Cir. 1994). The test has been characterized as "highly demanding." See Kimmelman v. Morrison, 477 U.S. 365, 383 (1986); see also Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) ("A defendant bears a very heavy burden on an ineffective assistance claim."). A reviewing court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 100-01 (1955)); Lopez-Nieves v. United States, 917 F.2d 645, 649 (1st Cir. 1990). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Moreover, in applying the test a court should bear in mind that the Sixth Amendment "does not guarantee a defendant a letter-perfect defense or a successful defense," United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1991), but only "a fair trial and a competent attorney," Engle v. Isaac, 456 U.S. 107, 134 (1982). Simply put, "in itself, dreary lawyering does not offend the Constitution." Scarpa, 38 F.3d at 8.

Amendment." Phoenix, 233 F.3d at 81.[2]

Bucci also raised in his original new trial motion two claimed instructional errors. Neither of these alleged errors were raised at trial. As a result, at best, this Court's review would be for plain error. See United States v. Paniagua-Ramos, 135 F.3d 193, 197 (1st Cir. 1998); United States v. Bank of New England, 821 F.2d 844, 852 (1st Cir. 1987).[3] Given that the defendant faces the same standard of review on appeal as he does in a new trial motion before this Court, there is no pressing need for this Court to consider those arguments at this time, given his failure to comply with Rule 45(b)(2).

Thus, the government requests that the Court deny Bucci's motion for an additional extension to file his new trial motion. No injustice will result from such an order as he will still have an opportunity to raise ineffective assistance of counsel claims at the conclusion of his appeal in the context of a petition under 28 U.S.C. §2255.

---

[2] Mr. Natola's and Mr. Rossi's efforts on Bucci's behalf were substantial. They not only pressed motions to suppress and sever, but successfully obtained the exclusion of critical evidence though a pretrial motion under Fed.R.Evid. 404(b). Counsel also successfully prevented the government from using the tape recording made by Mr. Minotti of David Jordan against Bucci at trial. Moreover, Mr. Natola and Mr. Rossi were retained by Mr. Bucci, rather than appointed, and remained counsel throughout the pretrial proceedings and trial. This evidences Bucci's satisfaction with his representation until the jury returned a guilty verdict.

[3] The government has yet to receive the transcript of defense counsels' statements at sidebar with respect to the jury instructions. If counsel affirmatively indicated that they were satisfied with the instructions as given, then they waived any ability to directly appeal alleged instructional error.

At that time, the record will be more complete. In addition, any instructional errors, if not already waived, can be addressed by the Court of Appeals.

                                                Respectfully submitted,

                                                MICHAEL J. SULLIVAN
                                                United States Attorney

September 11, 2006                     BY: /s/ John T. McNeil
                                                JOHN T. McNEIL
                                                Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

     I, John T. McNeil, Assistant United States Attorney, do hereby certify that this document, filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

                                                /s/ John T. McNeil
                                                JOHN T. McNEIL
                                                Assistant U.S. Attorney