UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,
               Plaintiff,

V.                         Criminal Action No. 04-10194-RCL

DAVID JORDAN and
ANTHONY BUCCI,             April 12, 2006, 9:15 a.m.
            Defendants.   Boston, Massachusetts


PARTIAL TRANSCRIPT OF JURY TRIAL DAY 18

JURY DELIBERATIONS AND VERDICT

BEFORE THE HONORABLE PATTI B. SARIS

UNITED STATES DISTRICT COURT

JOHN J. MOAKLEY U.S. COURTHOUSE

ONE COURTHOUSE WAY

BOSTON, MA  02210


DEBRA M. JOYCE, RMR, CRR
Official Court Reporter
John J. Moakley U.S. Courthouse
1 Courthouse Way, Room 5204
Boston, MA  02210
617-737-4410

```
 1   APPEARANCES:
 2   FOR THE GOVERNMENT:
 3   JOHN T. McNEIL, ESQ.
     S. THEODORE MERRITT, ESQ.
 4   Assistant United States Attorney
     Office of the United States Attorney
 5   John J. Moakley U.S. Courthouse
     1 Courthouse Way, Suite 9200
 6   Boston, MA  02210
     617-748-3100
 7
 8   FOR THE DEFENDANT DAVID JORDAN:
 9   THOMAS DRECHSLER, ESQ.
     Finneran, Byrne & Drechsler
10   Suite 201
     50 Redfield Street
11   Boston, MA  02122
     617-265-3900
12
     MARIA A. LUISE, ESQ.
13   Balliro & Mondano
     99 Summer Street
14   Suite 1800
     Boston, MA  02110
15   781-737-8442
16
     FOR THE DEFENDANT ANTHONY BUCCI:
17
     MICHAEL F. NATOLA, ESQ.
18   63 Atlantic Avenue
     Suite 2B
19   Boston, MA  02110
     617-367-1199
20
     ANTHONY J. ROSSI, ESQ.
21   ROSSI & BLAISDELL, P.A.
     516 Broadway
22   Everett, MA  02149
     617-387-5502
23
24
25
```

```
 1                    P R O C E E D I N G S

 2              (The following proceedings were held in open court

 3    before the Honorable Patti B. Saris, United States District

 4    Judge, United States District Court, District of Massachusetts,

 5    at the John J. Moakley United States Courthouse, 1 Courthouse

 6    Way, Boston, Massachusetts, on April 12, 2006.

 7              The defendants, David Jordan and Anthony Bucci, are

 8    present with counsel.  The Assistant United States Attorneys

 9    are present.)

10              THE CLERK:  Please be seated.

11              THE COURT:  Good morning.

12              ALL:  Good morning.

13              THE COURT:  Do you want the good news or the bad

14    news?

15              The good news is that the juror is not sick anymore

16    and has come in.  And the alternate is downstairs.  That's the

17    good news.

18              The bad news is that someone from the press

19    approached one of the jurors as he walked in the building.  He

20    reported it to the security guard, and at least the way it was

21    reported to me, a member of the press asked him something about

22    his opinion on the case.

23              I'm getting it triple-hand telephone.  I thought we

24    should talk to the juror.  And I also instructed our jury clerk

25    to go down there with a security guard to make sure he wasn't
```

1   approaching other people.  But I can't be sure, right?

2          So what I need to do is talk to the juror, see if

3   there was any taint at all, and then I'd like to work through

4   with all of you what I should do, if anything, about the rest

5   of the members of the jury.  I have no knowledge that any of

6   the other ones were approached.  On the other hand, what if

7   someone was?  I just don't want to let it drop, you know what I

8   mean?

9          I think I would just ask one by one did anybody

10  talk to you, and just leave it that, vaguely.  Does that seem

11  like an acceptable approach?

12         MR. NATOLA:  The only question, your Honor, I would

13  prefer that it be done in a confidential setting, in other

14  words, not in open court.  On the record, however.  I think

15  that you're more likely to get a candid response from the juror

16  if it's done with the lawyers, you know, in a semi-confidential

17  way.

18         THE COURT:  I think I can do it up here at sidebar

19  confidentially rather than back in --

20         MR. NATOLA:  Sure.

21         THE COURT:  Let me just start with if you could

22  all -- where does Judge Lindsay do sidebar in here?

23         Okay.  If we started right now with Mr. -- I also

24  have the alternate downstairs -- I'm not letting him go until

25  we find out what the deal is with Mr. -- with the one juror.

1    So --

2              MR. NATOLA:  Do we know who it was from the press

3    who made the inquiry?

4              MR. McNEIL:  I just wanted to say one thing, your

5    Honor.  I'd like you to ask in the conference with this juror

6    to have a description of the person who approached him.  There

7    have been some shenanigans in this case having to do with

8    subpoenas.  The government for the attorneys in this case were

9    subpoenaed, as well as all the lawyers for some of the

10   witnesses.  It would be helpful to know if this was connected

11   with those earlier shenanigans or if this is completely

12   independent.

13             On the inquiry -- this may not have been a person

14   from the press at all, it may have been somebody else posing

15   that way.

16             THE COURT:  I can't answer that.  I can't answer

17   that.

18             Let me just say, if there is anyone from the press

19   here -- I don't know if there is or there isn't -- no one

20   should be approaching jurors.  That's a direct order.  I don't

21   know for a fact, for the reasons the government said, it was

22   someone from the press, but it's a direct order.  No one should

23   be approaching jurors in this case.  And, also, no juror names

24   should be disclosed.

25             MR. McNEIL:  With respect to the other jurors, I

1   think you can just do the usual question, have you spoken to

2   anyone about this case?  I think that would suffice.

3                THE COURT:  I'm going to do it one by one.

4                MR. NATOLA:  I think that's the better way to it.

5                THE COURT:  I just do a generic one, almost more to

6   remind them, and I think it works.  But let's just get this

7   juror out here.

8                MR. DRECHSLER:  Judge, before -- I would ask with

9   regard to the other 11 jurors, first of all, that if -- I would

10  ask the Court to simply ask them whether or not anyone

11  attempted to speak with them or communicate with them without

12  mentioning the press.

13               THE COURT:  I totally agree.

14               MR. DRECHSLER:  The second thing is, with regard to

15  this juror, I just -- obviously the inquiry is different

16  because the communication was reported.  I assume you're going

17  to ask whether or not the communication was in any way

18  discussed with any of the other jurors.

19               THE COURT:  You're going to be up there with me.

20  If I forget, you'll remind me.

21               I was also going to -- there's some members of the

22  press -- have the guy look out there and see if he sees the

23  person.

24               (Discussion off the record.)

25               (Juror entered the courtroom.

512de74f-21e5-4c52-9d03-72dbf6314723

1           THE COURT:  Mr. [Redacted], come on up.

2           I want to seal all the records of these sidebars.

3           (Sidebar discussion held on the record and has been

4      sealed.)

5           (End of discussion at sidebar.)

6           THE COURT:  Okay.  You may be seated.  Thank you.

7           Good morning.  I'm glad to see you're all healthy.

8      You can resume deliberations.  One again, we'll come by about

9      4:30 or so if you're not done to let -- that's not true,

10     probably around 4:00, because I need to leave a little bit

11     earlier today, probably around 4:00.  So if you want to

12     leave -- I need to leave by about 4:00.  So if you want to stay

13     and deliberate, I would let you do that, but probably I'll

14     dismiss you around 4:00, and you'll come back the next day if

15     you're not done.

16          We'll provide you lunch and we'll hear from you

17     when you want us to.

18          THE CLERK:  All rise for the jury.

19          (Jury left the courtroom at 9:32 a.m.)

20          THE COURT:  I am now just going to state publicly

21     for the record, in case any members of the press got the name,

22     please not publish the name of that juror.  His name I think I

23     spoke out publicly in the public record.

24          One other thing is I want to -- I'm bringing up the

25     alternate to say thank you.  Do you all want to be here for

1    that?

2                    MR. DRECHSLER:  No.

3                    THE COURT:  I'm just going to say it was probably

4    inconvenient for him to sort of put his morning aside.  I'll

5    bring him up and say thanks.

6                    I did want to ask one question again at sidebar

7    here.

8                    (At side bar on the record.)

9                    THE COURT:  Katie may know the answer to this, but

10   I notice something that was very interesting when I was talking

11   to those jurors is they all only listed their first names until

12   I asked.  Maybe a couple of guys said their last names.  I want

13   to make sure, were all the jury questionnaires --

14                   COURT REPORTER:  Not the lists.

15                   THE COURT:  We should probably get those back.  So

16   unless -- so I want all the juror lists back.

17                   MR. DRECHSLER:  I don't have mine with me.

18                   THE COURT:  I just notice that it was --

19                   MR. NATOLA:  I don't have mine either, your Honor,

20   but I can tell you, and this is for the record, and I think

21   it's important, that that has not left my possession.  I have

22   not disclosed any information from the juror lists to anybody,

23   including, but not limited to, my client.  So --

24                   MR. DRECHSLER:  I'm in the same position.

25                   MS. LUISE:  Same here, your Honor.

1    MR. DRECHSLER:  I don't have it physically with me.

2    THE COURT:  Why don't you physically return that to

3    the court.  I can guarantee the jury that.  That is a question

4    they will ask.  I can ask that.  I'm going to order a CSO when

5    they leave today to walk them out of the building.  I don't

6    know who that person was.  It's weird.

7    MR. NATOLA:  Very weird.

8    THE COURT:  I don't think it's the press.

9    MR. McNEIL:  I don't know what to suggest.  I do

10   know the local Malden press was covering this thing, and it may

11   have just been an inexperienced reporter.

12   MR. MERRITT:  That gentleman is here in the back,

13   he's been here throughout the trial.

14   THE COURT:  And he didn't get identified.

15   MR. DRECHSLER:  For the record, he was sitting back

16   there not only during the entire trial, but he was here I

17   think -- his name is in the back.

18   THE COURT:  And the juror looked around for 30

19   seconds.

20   MR. DRECHSLER:  Yes, he did.

21   THE COURT:  I'm not here to cast any blame on

22   anyone, but that's unusual.

23   MR. DRECHSLER:  Yes, it is.

24   THE COURT:  And so I think we collect all those

25   lists, and I can guarantee -- I'll guarantee the jury we've

1    done that.  It didn't really hit home to me until they just

2    gave me their first names.

3                MR. DRECHSLER:  Your Honor, you don't do that until

4    after the deliberations are over.

5                THE COURT:  No, I thought I was going to do it

6    right now.

7                MR. NATOLA:  Please.  I just want the record --

8                MR. McNEIL:  The record should reflect that the

9    Court was jesting.

10               THE COURT:  The court was jesting.

11               Bring up the alternate.  I'm not going to do it on

12   the record.

13               (Recess taken from 9:36 to 11:25 a.m.)

14               THE COURT:  Good morning.  I understand that there

15   is a verdict, and we're lining the jury up.  I'm going to

16   have -- I want to make sure that if anyone thinks there's a

17   question that's not answered that should be, or other way

18   around, as you know, I'm not as close to this case as I usually

19   am.  Just say I need to see you at sidebar before we dismiss

20   the jury.

21               THE CLERK:  All rise for the jury.

22               (Jury entered the courtroom.)

23               THE CLERK:  Members of the jury, please remain

24   standing.  Defendant Bucci, Defendant Jordan, you may remain

25   standing.  Everyone else may be seated.

1          THE COURT:  You may inquire.

2          THE CLERK:  Mr. Foreman, has the jury reached a

3     unanimous verdict?

4          JURY FOREPERSON:  Yes.

5          THE CLERK:  Would you please return your verdict to

6     the Court?

7          THE COURT:  All right.

8          THE CLERK:  Mr. Foreman, question 1.  As to count

9     one charging conspiracy to distribute and possession with

10    intent to distribute cocaine, is the defendant, David Jordan,

11    guilty or not guilty?

12         JURY FOREPERSON:  Guilty.

13         THE COURT:  Is the defendant, Anthony Bucci, guilty

14    or not guilty?

15         JURY FOREPERSON:  Guilty.

16         THE COURT:  As to question 1 A, do you find the

17    conspiracy involved 500 grams or more of a mixture or substance

18    containing a detectable amount of cocaine?

19         JURY FOREPERSON:  Yes.

20         THE COURT:  Question 2.  As to count two charging

21    possession with intent to distribute cocaine, aiding and

22    abetting, is the defendant, David Jordan, guilty or not guilty?

23         JURY FOREPERSON:  Guilty.

24         THE COURT:  Is the defendant, Anthony Bucci, guilty

25    or not guilty?

1            JURY FOREPERSON:  Guilty.

2            THE COURT:  Question 2 A.  Do you find as to David

3    Jordan the amount possessed with intent to be distributed was

4    500 grams or more of a mixture or substance containing a

5    detectable amount of cocaine?

6            JURY FOREPERSON:  Yes.

7            THE COURT:  Question 2 B.  Do you find as to

8    Anthony Bucci that the amount possessed with intent to be

9    distributed was 500 grams or more of a mixture or substance

10   containing a detectable amount of cocaine?

11           JURY FOREPERSON:  Yes.

12           THE COURT:  Question 3.  As to count three charging

13   using or carrying a firearm during and in relation to a drug

14   trafficking crime, possession of a firearm in furtherance of a

15   drug trafficking crime, do you find the defendant, David

16   Jordan, guilty or not guilty?

17           JURY FOREPERSON:  Guilty.

18           THE COURT:  Do you find the defendant, Anthony

19   Bucci, guilty or not guilty?

20           JURY FOREPERSON:  Guilty.

21           THE COURT:  Question 4.  As to count four charging

22   attempted witness tampering, do you find the defendant, David

23   Jordan, guilty or not guilty?

24           JURY FOREPERSON:  Guilty.

25           THE COURT:  Question five.  As to count five

1    charging possession with intent to distribute cocaine, do you

2    find the defendant, Anthony Bucci, guilty or not guilty?

3         JURY FOREPERSON:  Guilty.

4         THE CLERK:  Question 5 A.  As to the charge of

5    simple possession of cocaine, you have no answer?

6         JURY FOREPERSON:  Guilty.

7         THE CLERK:  5 A?

8         THE JURY:  No answer.

9         JURY FOREPERSON:  No answer, that's correct.

10        THE CLERK:  As to question 6.  As to count six

11   charging a false statement, as to defendant David Jordan,

12   guilty or not guilty?

13        JURY FOREPERSON:  Guilty.

14        THE CLERK:  Question 7.  As to count seven charging

15   a false statement, is the defendant, David Jordan, guilty or

16   not guilty?

17        JURY FOREPERSON:  Guilty.

18        THE CLERK:  Number eight.  As to count eight

19   charging a false statement, is the defendant, David Jordan,

20   guilty or not guilty?

21        JURY FOREPERSON:  Guilty.

22        THE CLERK:  So say you in your verdict,

23   Mr. Foreman, so say you, all members of the jury?

24        THE JURY:  Yes.

25        THE CLERK:  Thank you.

1          THE COURT:  Thank you.  You may be seated.

2          I want to thank you for your service on this jury,

3    and I know that Judge Lindsay would want me to say that, too.

4    I know it's been a long trial and you've been here for a while

5    and I do want to add a few things.  The first is, that you can

6    now talk about this case with whomever you want to talk about

7    it with.  You can talk about it with the press, but you don't

8    have to.  You can talk about it with members of your family or

9    your friends.

10         I would say two things:  Nobody from this case

11   should be in touch with you about this case.  So you should not

12   talk to anybody involved with this case about the case unless

13   you do so under the orders of Judge Lindsay.

14         Second thing is, going into these deliberations,

15   many people say confidential things, it's part of the

16   deliberative process, and I would ask you to respect the

17   confidentiality of the communications of your brother and

18   sister jurors.

19         I make it a practice when I've been presiding over

20   a case to come back and say thank you.  I will do that in a few

21   minutes on behalf of Judge Lindsay.  For those of you who have

22   had enough of federal court, I certainly won't be insulted if

23   you decide to leave.

24         At this point what I'm going to do is I'm going to

25   recess, and then I am going to set a sentencing date.

1          So why don't we stand in recess at this point.

2          THE CLERK:  All rise for the jury.

3          (Jury left the courtroom.)

4          THE CLERK:  Please be seated.

5          THE COURT:  I've got sentencing dates for

6    Mr. Bucci -- I have them at two separate times that I've

7    received from Judge Lindsay's session.  September 18 at 2:00

8    for Mr. Bucci, September 19th at 2:30 for Mr. Jordan.

9          MR. NATOLA:  September 18th at 2:00, your Honor?

10         THE COURT:  Yes, and September 19th at 2:30.

11         MR. DRECHSLER:  2:30.

12         Two other things.  I am now revoking bail, so I'm

13   placing both Mr. Bucci and Mr. Jordan in custody.  And the

14   second thing is that I know this has been a very emotional

15   trial for a lot of the members of the family, but I also want

16   to remind you all to have no contact whatsoever with any of the

17   jurors in this case or any other witnesses or participants.

18         So at this point what we're going to do is, unless

19   there's anything else, we're going to stand in recess.

20         MR. McNEIL:  Just one matter, your Honor, I'd like

21   to take up at sidebar?

22         THE COURT:  Do we need -- all right.

23         (At sidebar on the record.)

24         Your Honor, the government would like to interview

25   Mr. [Redacted] today, not about the verdict, not about their

1    deliberations, but about the approach that this person made to

2    him.  I think it's important.  His memory is freshest today as

3    it has been in the past.

4              THE COURT:  Does anyone have an objection to that?

5              MR. DRECHSLER:  Not as long as they don't get into

6    any deliberations or anything like that.  Because if they do,

7    then I want to receive a copy of whatever it is.

8              In any case, I guess I'd like to a copy of whatever

9    report.

10             THE COURT:  Of any notes.

11             Okay.  I will ask him.  It's up to him to decide

12   whether he wants to or not.

13             MR. McNEIL:  Okay.

14             THE COURT:  I will do that.

15             MR. NATOLA:  I join in Mr. Drechsler's request,

16   your Honor.

17             THE COURT:  And I want those jury lists back for

18   everyone's protection.  I want them back.

19             MR. DRECHSLER:  Should I mail it to the Court?

20             THE COURT:  I forget where your office is.

21             Mailing is fine or --

22             MR. DRECHSLER:  It's in my office.

23             THE COURT:  I would have somebody messenger it

24   over.  I don't know what happened this morning.

25             THE CLERK:  You may want to have somebody bring it

1    to Lisa Hourihan.

2                    THE COURT:  Give them to Mr. Alba.

3                    MS. LUISE:  Your Honor, I've provided mine already.

4                    THE COURT:  And I want them from the government,

5    too.

6                    MR. McNEIL:  Okay.

7                    THE COURT:  Let's stand in recess.

8                    (Court adjourned at 11:33 a.m.)

9                            i  i  i  i  i  i

10                      CERTIFICATION

11          I certify that the foregoing is a correct

12   transcript of the record of proceedings in the above¡entitled

13   matter to the best of my skill and ability.

14

15

16

17   _____        _____

18   Debra M. Joyce                     Date

19   Official Court Reporter

20

21

22

23

24

25