IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSSETTS, BOSTON DIVISION

FILED
IN CLERKS OFFICE

| | |
|---|---|
| United States of America | § |
| | § Criminal Case No. 04-cr-10194-RCL |
| v. | § |
| | § Judge, Lindsay |
| Anthony Bucci | § Defendants Motion for Transcript |

U.S. DISTRICT COURT
DISTRICT OF MASS.

## DEFENDANTS MOTION FOR TRANSCRIPT OF SEALED PROCEEDINGS

On November 15th 2006, a "Discussion" between the Judge and counsels for the Government and Defense was had in the "robing room". The contents of this discussion was "removed from [the] transcript" and placed under seal. (See page 47, Lines 19-20 of the transcript of the Sentencing from November 15th 2006)

  Defendant, Anthony Bucci, has only recently discovered "New Evidence" that he is incorporating into a motion for new trial. This New Evidence is particularly on point to the matter at issue when the court retired to the robing room and had what it called a "very useful conversation with counsel in my conference room". Moreover, the court noted that "some of my concerns about --- some of them but not all of them" had been resolved in this private consultation with counsel.

  Defendant asserts that the dialogue of the parties, to which he was not privy, may bear directly on the degree of complicity the Government may bear in failing to disclose the New Evidence, which the Defendant now understands was in the possession of the Government at the time of the proceedings in question. The particular piece of New Evidence in question is an affidavit filed by Attorney Michael Liston on behalf of his client, Jon Minotti. (Criminal case no. 04-10325-GAO, filed Jul 11 2006, and mistakenly placed under seal by the clerk of court; but copied to and delivered to the attorney's for the Government.)

  The discussion between the Court and the party counsels, seems to resolve matters clearly at issue in this affidavit. Such issues were resolved to the detriment of Defendant. Therefore,

the Defendant requests that the court consider this motion sufficent to cause the unsealing of the "conversation" that occured in the robing room. The Defendant believes that this conversation will be instrumental in demonstrating a "but-for" declaration in his anticipated Motion for New Trial.

Anticipating the courts concern about potentially disclosing information that it believes should be sealed; the Defendant agrees to have the Government redact those names it believes would be so appropriate to redact from the transcript prior to its delivery to the Defendant. Should such disclosure become necessary after the review of the "Conversation" the Defendant will request the Court to address that issue if it providentially should occur.

The defendant requests the Court to issue an order that substantially orders production of the transcript as requested herein. Alternatively, the defendant requests that the Court provide a statement of reasons for denying this request for unsealing the proceedings for the purposes of appeal.

Submitted, Pro-Se Inmate

Dated: 12/3 ,2007

_Anthony B_____
Anthony Bucci

**CERTIFICATE OF SERVICE:**

Defendant certifies that he has served a copy of this motion upon counsel for the Government, AUSA McNeil by depositing same in U.S. Mail sufficient postage affixed, addressed to:

   AUSA McNeil
   Office of the U.S. Attorney
   One Courthouse Way,
   Boston, Ma. 02210

Attested to:

Dated: 12/3 ,2007

_Anthony B_____
Anthony Bucci, Defendant

```
 1   that, I won't go through the presentence -- the sentence
 2   memorandum we filed, do anything more.  But if you're
 3   considering more than that, then I'd like to be heard.
 4            THE COURT:  So this is a variance from the
 5   guideline; is that right?  It's a --
 6            MR. SHEKETOFF:  It would be a slight variance from
 7   the guideline, your Honor.
 8            THE COURT:  You want to talk to me at the sidebar?
 9            MR. McNEIL:  I do, your Honor.
10            MR. SHEKETOFF:  Well, I'd say this:  If he's going
11   to make some representation about proffers from Mr. Ruiz, I'd
12   like to see them myself.
13            MR. MERRITT:  You have them.
14            MR. SHEKETOFF:  I don't have them.
15            (At sidebar on the record.)
16            THE COURT:  I'll tell you what we're going to do.
17   I'm going to go in the back.  We'll take a recess; you'll see
18   me back there.
19            (Discussion in robing room on the record has been
20   sealed and has been removed from this transcript.)
21            (In open court.)
22            THE COURT:  All right.  Counsel, now that we're
23   back on the public record, let me just say that I had a very
24   useful conversation with counsel in my conference room, and
25   some of my concerns about -- some of them but not all of
```