JUDICIAL COUNCIL
OF THE FIRST CIRCUIT

IN RE
COMPLAINT NO. 429

BEFORE
Boudin, Chief Circuit Judge

ORDER
ENTERED: JUNE 12, 2006

On April 6, 2006, complainant, a former litigant, filed a complaint of judicial misconduct under 28 U.S.C. § 351(a) against a district judge in the First Circuit.[1] The complainant alleges that the judge charged in the present matter has engaged in a "[p]attern of unconstitutional courtroom closure . . ., [a] [p]attern of secret prejudicial behind the scenes manipulations, [and] Criminal Obstruction of Justice And Concealment (sic)." Court records indicate that the complainant has filed at least 14 cases in the district since 1984, but none of these serve as the basis for the present

---

[1] This complaint is the fourth that the complainant has filed. On August 15, 1996, the complainant filed Complaint No. 225, against a different district judge than the judge charged in the present matter, alleging impropriety in connection with a habeas proceeding. By order, dated October 2, 1996, then Chief Judge Torruella dismissed Complaint No. 225 pursuant to 28 U.S.C. §§ 372 (c)(3)(A)(ii), and (iii). On January 27, 1997, the complainant filed Complaint No. 235, against the same district judge charged in Complaint No. 225, and against three circuit judges. By order, dated March 17, 1997, then Chief Judge Torruella dismissed Complaint No. 235. See 28 U.S.C. §§ 372 (c)(3)(A)(ii), and (iii). On February 3, 2005, the complainant filed Complaint No. 404, against another district judge, alleging judicial misconduct in connection with another habeas proceeding. By order, dated April 12, 2005, I dismissed Complaint No. 404 pursuant to 28 U.S.C. §§ 352(b)(1)(A)(ii), and (iii).

complaint. The complainant's allegations apparently stem from his presence at the courthouse in the purported capacity of a "paralegal" assisting a number of criminal defendants.

In support of the complainant's initial charge--that the judge has engaged in a pattern of "unconstitutional courtroom closure"--the complainant states that, on March 20, 2006, he was wrongfully denied admission to the courtroom during jury impanelment in one of the judge's criminal cases. The complainant continues that the judge regularly sits in a small courtroom that lacks sufficient seating and that, on the day in question, the judge had the U.S. Marshal untruthfully say that there was no available seating. When the complainant allegedly stated to the clerk that he was a paralegal, she reportedly checked with the judge who then authorized the admittance of certain of the defendant's family members. The complainant asserts that this objectionable practice continued later in the month, on March 31, 2006, when the judge "closed and locked his courtroom . . . [without any] legitimate reason for closure . . . ."

As to the complainant's second charge--that the judge has engaged in a "[p]attern of secret prejudicial behind the scenes (sic) manipulations"--the complainant describes several alleged conversations between the judge, a U.S. Marshal and one or more attorney(s) in which the judge was reportedly inquiring about the complainant's behavior. The complainant contends that, during one such recent "secret lobby conference", the judge said "something about [the complainant] making death threats.'" (The complainant states that this conversation was reported to him by an "unreliable" and "incompetent" source.) The complainant continues by saying that, due to the judge's "manipulative personality," he was also responsible for "an ex parte message" allegedly transmitted in 2000 to a state court judge indicating that "federal judges" were concerned about the complainant's release from prison.

Lastly, the complainant alleges that the judge concealed evidence and obstructed justice when, in collusion with federal prosecutors, he neglected to release information held confidential in the cited criminal case. The complainant references a motion filed in the charged judge's case, apparently with the complainant's assistance, on March 30, 2006, by the defendant in a different case (before a different judge), requesting the release of a witness' statements and other "exculpatory evidence." The complainant concludes that, in not allowing this motion, the judge has wrongfully delayed in releasing the documents needed by the defendant in the other case to obtain the new trial to which he is entitled.

The complaint against the judge is without merit.[2] As to the first charge--that the judge exhibited a pattern of "unconstitutional courtroom closure"--the judge has explained that, on March 20, 2006, the day of jury impanelment in the case, there was insufficient seating to accommodate the approximately 80 prospective jurors and maintain the physical distance between the defendants and others required by the U.S. Marshals. The judge therefore asked family members to wait outside during the impanelment. When the judge was notified that someone had complained about being excluded, the judge rearranged the courtroom, moved the defendants forward to the counsel table and told his clerk to admit some family members. (The judge states that he had not been informed who had complained about the access issue.)

The judge further explained that, on March 31, 2006, the tenth day of trial, due to the anticipated nature of the witness' testimony, he needed to converse with the witness in the absence

---

[2] The complainant presents numerous allegations of wrongdoing by federal prosecutors, defense counsel, and court staff, none of which are cognizable under the judicial misconduct statute. See 28 U.S.C. § 351(a), Rules of the Judicial Council of the First Circuit Governing Complaints of Judicial Misconduct or Disability (Rules of Judicial Misconduct), Rule 1(c).

of the public. Accordingly, he closed the courtroom to the public and to family members for approximately 15 minutes. The defendants and their counsel remained. No factual information in the complaint, docket, or reviewed case materials contradicts the judges' description of the events on March 20 and 31, 2006.

A judge must exercise reasonable discretion over his or her courtroom environment. It is within the judge's authority a judge to limit the number of people in the courtroom for space or security reasons and temporarily to limit public access to the courtroom in order to converse with a witness on confidential matters. Nothing suggests that in this case the judge acted for any inappropriate reason or improperly exercised his judgment, and nothing even arguably indicates any judicial misconduct occurred. The charge is dismissed as lacking factual foundation and failing to identify any conduct that falls within the proscription of the statute. See 28 U.S.C. §§ 352(b)(1)(B); 352(b)(1)(A)(i).

The complainant's second specific claim--that the judge has engaged in a "[p]attern of secret prejudicial behind the scenes (sic) manipulations"--is equally without merit. The alleged conversation in April 2006, as well as the purported communication to the state court in 2000--assuming for the sake of argument that these conversations in fact transpired--are not improper ex parte communications concerning the merits of a pending case. See Code of Conduct for United States Judges, Canon 3(A)(4).[3] There is no general prohibition against a judge discussing an individual (especially with regard to security issues) with either a U.S. Marshal, an attorney, or

---

[3] While the Code of Conduct for United States Judges may provide standards for consideration in judicial misconduct proceedings, see Code of Conduct for United States Judges, *Commentary on Canon 1*, a violation of the Code of Conduct for United States Judges does not, ipso facto, violate the statutory standard of misconduct. See Boudin, C.J., *In re Judicial Misconduct Complaint No. 329*, August 15, 2002.

4

another judge. Accordingly, the allegation arising from these alleged communications is also dismissed pursuant to 28 U.S.C. § 352(b)(1)(A)(i).

Finally, as to the complainant's remaining claim, that the judge obstructed justice by not releasing the information requested in the motion filed on March 30, 2006, the docket does not indicate that the judge has thus far ruled on the motion. Whether or not the motion is properly before the court (it was not filed by a party to the case) is unclear; but even if it is properly before the court, a limited delay in ruling on a single motion does not remotely approach the type of egregious or repetitive delay that might indicate judicial misconduct. See Rules of Judicial Misconduct, Commentary on Rule 1. See 28 U.S.C. § 352(b)(1)(A)(i).

For the reasons stated, Judicial Misconduct Complaint No. 429 is dismissed pursuant to 28 U.S.C. §§ 352(b)(1)(A)(i), and (B).

*[signature]*

Chief Judge Boudin