UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) ) ) | |
| v. | ) ) | No. 1:04-cr-10194 (WGY) |
| ANTHONY BUCCI | ) ) ) | |

### SUPPLEMENT TO DEFENDANT'S
### MOTION FOR RELEASE UNDER 18 U.S.C. §3582(c)(1)(A)(i)

Counsel neglected to attach the Warden's July 30, 2019 denial of Bucci's request for compassionate release to her original filing. She attaches it here.

Counsel also wishes to bring to the attention of this Court that on August 12, 2019 the Bureau of Prisons issued new guidelines for compassionate release (Program Statement 5050.49). These new guidelines expand the scope of family-care concerns the BOP considers eligible circumstances for compassionate release.

Prior to August 12, 2019, the BOP considered the need to care for a child due to the death or incapacitation of the child's primary caretaker as the only non-medical reason for compassionate release. The BOP has expanded this category, now allowing for release when an inmate's spouse or registered partner becomes incapacitated and the inmate is the only available caregiver.

As detailed in Counsel's original filing, courts are no longer limited by the BOP criteria for compassionate release. But the BOP expansion of its guidelines from caregiver for children only to caregiver for a spouse recognizes the reality that close family members who are disabled can very often turn to no one for care except their inmate relative. That is the case with Bucci.

As detailed in Counsel's original filing, Bucci is the only immediate relative capable of taking care of his disabled 85-year old mother.  Bucci's mother needs 24-hour care since suffering a debilitating stroke in 2016.  The existing rotation of paid caretakes is not sustainable.  Bucci's role as primary caretaker will assure that she is able to remain in her own home for the time she has left.  Surely, a disabled parent for whom the inmate is the only available relative to act as caretaker is no less worthy than a disabled spouse.

Bucci's time acting as caretaker to disabled and dying fellow inmates, as outlined in the original filing, will serve him and his mother well.  Bucci is fully capable of providing not only for the physical demands of her care, but will also give her a high level of emotional support that outside caretakers simply cannot do.  For all of the reasons presented here as well as in Counsel's original filing, we ask this Court to grant the motion.

As an alternative to immediate release or immediate release with an extension of the term of supervised release, this Court could modify the remaining committed portion of Bucci's sentence to home confinement.

Bucci has demonstrated his ability to comply with the terms and realities of home confinement.  He successfully completed approximately twenty months of home confinement while awaiting trial (from August 26, 2004 to April 12, 2006).  In approximately one year, the BOP will likely transfer Bucci for the last year of his sentence: first to a halfway house re-entry program for six months followed by six months home confinement.  The reality then, if this Court allows Bucci to serve the remaining two years of his sentence under home confinement, Bucci will serve just one year less at the prison camp than he otherwise would have had to serve.

Respectfully submitted,
Allison Koury

/s/ Allison Koury

_____
Allison Koury, Esq.
BBO No. 553132
260 Boston Post Road Suite 9
Wayland, MA 01778
Tel: 508.358.0030

August 26, 2019

CERTIFICATE OF SERVICE

    I hereby certify that on this day I filed the foregoing Motion using the CM/ECF system, and I understand that the CM/ECF system will send electronic notification to counsel for all parties in this case.

August 26, 2019                    Allison Koury

/s/ Allison Koury

_____
Allison Koury

BUCCI, Anthony
21416-038
Unit G

---

### Inmate Request to Staff Member Response

This is in response to your Inmate Request regarding a Compassionate Release/Reduction in Sentence (RIS), in which you request consideration based on extraordinary and compelling circumstances which could not reasonably have been foreseen by the court at the time of sentencing. Specifically, your request contains statements regarding the fairness of your sentence and the health of your mother.

After a review of your case, we will not be pursuing a request for compassionate release on your behalf. According to Program Statement 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582 AND 4205(g), a criteria for a RIS may include "death or incapacitation of the family member caregiver of an inmate's child." There is no provision under current policy which supports an early release to care for an aging adult. While I empathize with your hardship, it does not constitute a death or incapacitation of a caregiver.

Secondly, an institutional request for Compassionate Release/Reduction in Sentence is not the avenue to contest the legality or fairness of your sentence. If you believe your sentence is in error, you should use the appropriate appeal process through the court.

Accordingly, your request is denied at this time. If you are dissatisfied with this response, you may file an appeal pursuant to Program Statement 1330.17, Administrative Remedy Program, within 20 calendar days of the date of this response.

I trust this addresses your concerns.

7/30/19
Date

For C. Stre
Robert Hazlewood, Warden