UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>　　　　　　　　　　　　　　 )<br>　　　v.　　　　　　　　　　　 )<br>　　　　　　　　　　　　　　 )　CRIMINAL ACTION<br>ANTHONY BUCCI,　　　　　　　 )　No. 04-10194-WGY<br>　　　　　　　　　　　　　　 )<br>　　　　　Defendant.　　　　　 )<br>　　　　　　　　　　　　　　 ) | |

YOUNG, D.J.　　　　　　　　　　　　　　　　　September 16, 2019

**ORDER**

This Court may grant an inmate's motion for a reduction of his term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not specified the circumstances that qualify as "extraordinary and compelling reasons" except to state that a reduction pursuant to this provision must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A).

In commentary to guidance it issued prior to Congress's passage of the First Step Act, the Sentencing Commission defined four circumstances in which "extraordinary and compelling reasons" for a sentence reduction exist. U.S.S.G. § 1B1.13 n.1. For one, the Sentencing Commission specified that "[t]he death or incapacitation of the caregiver of the defendant's minor

child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner" is an "extraordinary and compelling reason[]." Id. § 1B1.13 n.1(C). The Sentencing Commission further provided that a defendant may be entitled to a sentence reduction if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in connection with, the reasons described in subdivisions (A) through (C)" of that application note. Id. § 1B1.13 n.1(D).

There has been some dispute about how courts ought interpret this guidance now that the First Step Act modified the role of the Bureau of Prisons in the compassionate release process. Compare United States v. Cantu, No. 1:05-CR-458-1, 2019 U.S. Dist. LEXIS 100923, at *6-12 (S.D. Tex. June 17, 2019) (holding that requiring the Bureau of Prisons to determine when additional extraordinary or compelling reasons exist after the passage of the First Step Act "would contravene the explicit purpose of the new amendments"), with United States v. Lynn, No. 89-0072-WS, 2019 U.S. Dist. LEXIS 135987, at *7-11 (S.D. Ala. Aug. 12, 2019) (holding that Sentencing Commission's pre-First Step Act guidance binds courts unless and until the Commission chooses to amend it to decide that the Bureau of Prisons should

no longer "be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release").

This Court agrees with Judge Hornby of the District of Maine that interpreting the Sentencing Commission's guidance on compassionate release today begins with the premise that "[t]he First Step Act did not change the statutory criteria for compassionate release, but it did change the procedures, so that the Bureau of Prisons is no longer an obstacle to a court's consideration of whether compassionate release is appropriate." United States v. Fox, No. 2:14-CR-03-DBH, 2019 U.S. Dist. LEXIS 115388, at *5 (D. Me. July 11, 2019). Therefore, the most sensible interpretation of the Sentencing Commission's guidance in light of Congress's recent statutory amendments is that "the Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive." Id.; see also United States v. Beck, No. 1:13-CR-186-6, 2019 U.S. Dist. LEXIS 108542, at *14-16, 22-25 (M.D.N.C. June 28, 2019) ("Read in light of the First Step Act, it is consistent with the old policy statement and with the Commission guidance more generally for courts to exercise similar discretion as that previously reserved to the [Bureau of Prisons] Director in evaluating motions by defendants for compassionate release.").

Mr. Bucci's circumstances are similar to those that the Sentencing Commission specifically articulated as examples of "extraordinary and compelling reasons" in its policy guidance. See U.S.S.G. § 1B1.13 n.1. Mr. Bucci is the "only available caregiver," id. § 1B1.13 n.1(C)(ii), for an ailing, close member of his family: his mother. See Mot. Release 18 U.S.C. § 3582(c)(1)(A)(i) ("Mot. Release") 7-8, ECF No. 656 & Ex. 1, Supp. Documentation 14-17, ECF No. 656-1; Letter Rosemarie Keefe, ECF No. 657. This Court sees no reason to discount this unique role simply because the incapacitated family member is a parent and not a spouse.

While surely many inmates share the plight of having an incapacitated spouse or partner at home, the Sentencing Commission has made clear that courts ought consider that circumstance an "extraordinary and compelling reason" for compassionate release only when the defendant is the "only available caregiver" for him or her. U.S.S.G. § 1B1.13 n.1(C)(ii). When a defendant is the "only available caregiver" for an incapacitated parent (perhaps a more unique occurrence given that inmates may have siblings or other family members able to care for their parents), then, it is likewise an "extraordinary and compelling" reason warranting compassionate release. But see United States v. Ingram, No. 2:14-cr-40, 2019 U.S. Dist. LEXIS 118304, at *4-5 (S.D. Ohio July 16, 2019)

(denying compassionate release to defendant to care for ill mother because "[m]any, if not all inmates, have aging and sick parents").

This Court rules that Mr. Bucci's role as the only potential caregiver for his ailing mother is an "extraordinary and compelling reason" for compassionate release. See U.S.S.G. § 1B1.13(1)(A). Further, the documents submitted to the Court show that he has demonstrated rehabilitation through his substantial time in prison, including by devoting much of his time to care for terminally ill inmates. See Mot. Release 10-11; Supp. Documentation 18, 25-26; Anthony Bucci Compassionate Release Pet. Letter Recommendation, ECF No. 658. Thus, this Court GRANTS Mr. Bucci's motion to reduce his sentence pursuant to section 3582(c)(1)(A)(i) of title 19 of the United States Code, ECF No. 656. The Clerk shall promptly set a hearing for Mr. Bucci's resentencing in accordance with this order.

**SO ORDERED.**

*William G. Young* (signature)
WILLIAM G. YOUNG
DISTRICT JUDGE